UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
**- TAMPA DIVISION -**

| | |
|---|---|
| CAPITAL TRANS INTERNATIONAL, LLC, a Florida limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>INTERNATIONAL PETROLEUM INVESTMENT COMPANY, a foreign governmental instrumentality, AABAR INVESTMENTS PJSC, a foreign governmental instrumentality and TASAMEEM REAL ESTATE CO., LLC, a foreign company,<br><br>   Defendants. | CASE NO.: 8:10 CV 529-JSM-TGW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY**

Plaintiff, CAPITAL TRANS INTERNATIONAL, LLC ("CTI"), respectfully submits its memorandum in opposition to Defendants' Renewed Motion for Stay of Discovery, dated June 15, 2010 ("Renewed Motion"). [DE 22].

Defendants' Renewed Motion simply retreads their initial motion to stay [DE 17] and is unnecessary as that motion is still pending.[1]  Defendants ask for a total discovery blackout until some future indeterminate time for determination of Defendants' second, yet unfiled, motion to dismiss. This court should deny the Renewed Motion and order the Defendants' to cooperate

---

[1] The Renewed Motion was apparently filed in response to this Court's Endorsed Order of June 11, 2010 denying Defendants' Motion to Dismiss as Moot [DE 21].

with all discovery obligations, most pressingly, immediately making their mandatory initial Rule 26(a)(1)(A) disclosures that Defendants have unilaterally and unjustifiably withheld.[2]

## I. The Court Should Deny Defendants' Renewed Request for Stay

Defendants' Renewed Motion relies on arguments that Defendants "intend to bring" in either a motion to strike Plaintiff's Amended Complaint or a Motion to Dismiss the Amended Complaint for lack of jurisdiction and failure to state a claim. [DE 22 - Renewed Motion at ¶5]. Defendants have not filed either motion and their arguments are inaccurate in light of their own previous filings. They are also woefully insufficient to support a stay.

The Federal Rules do not provide for a stay while a motion to dismiss is pending, and certainly do not provide for a stay in this instance where Defendant only intends to file a motion. Instead, the party seeking a discovery stay "bears the burden of showing good cause and reasonableness." *Koock v. Felsenthal*, 2009 WL 2579307 (M.D. Fla. 2009); (denying motion for stay of discovery pending ruling on a motion to dismiss). The burden on defendant seeking to blockade all discovery is a heavy one:

> Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Federal Courts have also consistently rejected the pendency of a motion to dismiss as a basis for the grant of a blanket discovery stay. *See, e.g. People with AIDS Health Group v. Burroughs Welcome Co.,* 1991 WL 221179 (D.D.C. 1991) (assertion that motion to dismiss will be granted is not a sufficient basis to stay discovery); *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (observing that a pending motion to dismiss is

---

[2] Plaintiff, despite Defendants' un-reciprocating postures, timely made its Rule 26 disclosure, 4 weeks ago on June 2, 2010.

not ordinarily a situation in and of itself would warrant a stay of discovery); *Turner Broadcasting Sys.,* 175 F.R.D. at 556; *Moran v. Flaherty*, 1992 WL 276913 (S.D.N.Y. 1992) (Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.)  Since Defendants do not have a motion to dismiss pending, they do not even reach the most basic requirement of the *Feldman* test; such speculative arguments are not "clearly meritorious" or "case dispositive".

In addition, Plaintiff continues to be prejudiced by Defendants' presumptuous refusal to participate in discovery.  Case management problems manifest this case already.  On March 1, 2010 the clerk, per Middle District Rule 3.05 designated this action as a "track two" case. [DE 3].  Thereafter the parties met and filed their Joint Case Management report on May 26, 2010.  In the report, the parties agreed to a discovery cutoff of November 10, 2010 and the disclosure of expert witness testimony by September 10, 2010.  Those dates rapidly approach as the calendar turns through summer.  Defendants now ask for a stay pending determination of a motion that has not even been filed.  Defendants have until July 9, 2010 to file a response to the Amended Complaint.[3]  [DE 24].  Briefing on Defendant's intended motion to dismiss and/or motion to strike will likely take through the end of July, and a stay will scuttle the agreed discovery deadlines resulting in severe prejudice to Plaintiff.  Plaintiff is entitled to discovery under the Federal Rules to identify exhibits, witnesses, and experts and significantly, to prepare for the Defendants' forecast pretrial motion on jurisdiction and trial itself.  The prejudice incurred by Defendants' refusal to provide even the mandatory initial disclosures is ongoing.

---

[3] Despite Defendants' refusal to participate in discovery, Plaintiff's counsel consented to Defendants' 16 day extension request to respond to the Amended Complaint out of professional courtesy.

**II.     Defendants' Intended Motion to Strike is a Delay Tactic and Should Not Be Considered by the Court.**

Defendants argue that the Amended Complaint was filed in violation of Rule 15(a)(1)(B) which states that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b) and therefore any amendment was due on June 1, 2010. Defendants however, ignore that they agreed to an extension until June 23, 2010 to respond to the motion to dismiss. [DE 14]. The Court granted said extension on May 26, 2010. [DE 15]. On June 9, 2010, Plaintiff filed the Amended Complaint fourteen (14) days before the agreed and Court ordered due date.[4]  The Court on June 11, 2010 indicated its acceptance of Plaintiff's Amended Complaint by entering its Order mooting Defendants' motion to dismiss. [DE 21]. Furthermore, the Amended Complaint obviated the need for further briefing and/or a possible hearing on the now moot motion to dismiss.

**III.    Jurisdiction is Proper Over all Defendants**

> *a. Jurisdiction is Proper over Aabar under the Foreign Sovereign Immunities Act ("FSIA")*

Defendant, without citing to any authority or reviewing the Amended Complaint makes the conclusory argument that Plaintiff fails to make a case of jurisdiction and would fain that discovery is not needed on jurisdiction.  Defendants' sole basis for their claim is their Declaration of David Forbes "Declaration"), imbedded in all three Defendants: Director at IPIC, former member of Aabar, and "an external advisor" to Tasameem. Misleadingly, Defendants fail to recite truthfully their own officer's Declaration, asserting that the Declaration "clearly establishes that Defendants do not have and have never had any presence in Florida <u>or the United States in connection with this action</u>." [DE 22 – Renewed Motion at p. 4]. This claim is truthless

---

[4] Plaintiff also filed its memorandum in response to Defendants' first motion to stay discovery on June 9, 2010. [DE 20]

- the Declaration of Mr. Forbes does <u>not</u> reference <u>at all</u> Defendants' contacts and activities in the other 49 states of the United States. Forbes' declaration is entirely limited to statements regarding only the state of Florida. Furthermore, Defendants' overbuilt arguments are belied by Aabar's own corporate filings relevant to jurisdiction under the FSIA. The long-arm provision of the FSIA, 28 U.S.C. §1605 looks to any conduct or activity anywhere in the United States or to commercial activity outside of the United States that has a "direct effect" on the United States.

As set forth in ¶10(a-b) of the Amended Complaint, Aabar, a multibillion (USD) entity, is amenable to suit under the FSIA, because it has engaged, both in this case and otherwise, in prodigious commercial activity within the United States, has performed acts within the United States in connection with commercial activities elsewhere, and has engaged in commercial activity outside the United States that had caused a direct effect in the United States including engaging CTI, a United States citizen (corporation) for jurisdiction purposes, to conduct substantial and admittedly precious negotiations and acquisition support services for Defendants.

Conceding Defendant's United States activity, Aabar's Board of Directors' Report and Consolidated Financial Statements, dated 31 December 2009, establishes grandiose commercial and regulatory activity in the United States as well as commercial activity that has a direct effect on the United States. **Composite Ex. A – Selected Pages from Aabar's 2009 Financial Statement.** According to Aabar's own financial statements and pre-discovery research performed by Plaintiff, and in direct contradiction to representations made in the Renewed Motion, Aabar has participated in at least the following commercial activities in the United States:

> i. Financing a $1.3 Billion USD leviathan skyscraper on 57th Street in Manhattan, New York, developed by Extell Development. **Ex. B.**

    ii. A $23,495,752.82 investment in Tesla Motors, Inc., a Delaware corporation, as described on page 34 ¶19 of **Ex. A.**

    iii. Advance on an unnamed real estate project in the United States as described on page 34 ¶20 of **Ex. A.**

    iv. Investment in American depositary shares including as described on page 35 ¶22(iii) of **Ex. A.**

    v. Investment and/or an agreement to invest in Virgin Galactic, LLC involving Aabar's application to the United States Government for approval or license of said investment as described on page 41 ¶33 of **Ex. A.**

    vi. Investment or proposed investment in the U.S. aviation company, XOJET. **Ex. C.**

    vii. Investment in Mercedes GP, LTD as detailed on page 33 ¶17 of **Ex. A.**

Defendants' renewed motion is thus contradicted by Defendant's own Financial Statement, when it falsely claims that such United States commercial activity does not exist. Defendants err as they argue that discovery is not required or proper to determine jurisdiction. As held by the Middle District in *Koock*, one of the purposes of the mandatory initial disclosures is to provide evidence or information relevant to jurisdiction. *Koock,* 2009 WL 2579307 at *\*3* (discovery stay denied where Defendant did not make mandatory initial disclosures, and discovery may lead to identity of individual with knowledge of Defendants' contacts with forum). Defendants continue their hypocritical delay tactics by disputing jurisdiction while at the same time refusing to provide evidence concerning jurisdiction. The Renewed Motion goes one step further by misstating Defendants' own declaration.

To get at the truth of Defendants' U.S. activities, Plaintiff is fully entitled to probe every one of the above leads, including if necessary: (i) to obtain Defendants own documents concerning their U.S. ventures, (ii) to depose Defendants, (iii) to depose Defendants' U.S. counterparties such as the Midtown skyscraper developer, Tesla officers, and government applications personnel to whom Defendants have applied for U.S. regulatory approvals.

    b. *Jurisdiction is proper over IPIC under the FSIA*

According to its Rule 7.1 Corporate Disclosure Statement, IPIC is wholly owned by the government of Abu Dhabi, admits to being a foreign instrumentality and is thus treated as a foreign state under the FSIA.

The Amended Complaint clearly shows that Defendant IPIC purposefully directed Plaintiff to perform substantial activities on its behalf throughout the U.S. directly related to this case, including in the states of Florida, Louisiana, Texas and Utah.  Those activities are described in detail in the Amended Complaint and Plaintiff has provided initial disclosures listing multiple witnesses and over 200 documents which support its allegations.  Jurisdiction is probable over IPIC and Plaintiff is entitled to nail down that jurisdiction and overcome Defendants' arguments with discovery.

    c. *Jurisdiction over Tasameem is proper under either 28 USC §1332(a)(2) or in the alternative 28 USC §1367.*

In addition to alleging prima facie diversity jurisdiction under 28 USC §1332(a)(2), Plaintiffs alternatively allege supplemental jurisdiction under 28 U.S.C. §1367.  Plaintiff's Amended Complaint at ¶16 alleged in detail that the claims against Tasameem arise out of the same nucleus of operative facts as the claims against IPIC and Aabar, and thereby are so related to those claims that they form part of the same case or controversy.

IPIC, Aabar and Tasameem all contracted with CTI for CTI to provide acquisition consulting services. IPIC, Aabar and Tasameem coextensively shared management and direction including when it came to Plaintiff, especially via Mr. Khadem Al Qubaisi ("Mr. Al Qubaisi"), the simultaneous Director of IPIC, Chairman of Aabar, and Chairman and CEO of Tasameem. Plaintiff often was not informed by Mr. Al Qubaisi which on the three Defendant's behalf he was acting at various times. In like vein, the Declaration of David Forbes, filed by Defendants here, is founded on his positions with all three Defendants. All three entities are also directly related to and reportedly controlled by the government of Abu Dhabi and its Emir or other leaders.

Mr. Al Qubaisi gave instructions and directions to CTI for all three Defendants, and on numerous occasions, CTI was not informed, until after work had begun, which of the Defendants was eventually to be the acquiring party for the acquisition CTI was directed to initiate. As fully set forth in ¶¶18-86 of the Amended Complaint, Mr. Al Qubaisi embarked on an ambitious expansion plan to extend the reach of Defendants, particularly through acquisitions of American companies, holdings and assets. As such, jurisdiction over Tasameem is proper under §1367.

### d. *Plaintiff is entitled to jurisdictional discovery as to all Defendants*

When the motion to dismiss challenges jurisdiction, factual discovery is necessary before a meaningful ruling on the motion can be made. *See also Eaton v. Dorchester*, 692 F.2d 727 (11th Cir. 1982) (Dismissal for lack of subject matter jurisdiction was premature when Plaintiffs were not given opportunity to elicit material through discovery of all facts sufficient to support a determination on issue of jurisdiction); *Bernardele v. Bonorino* 608 F.Supp.2d 1313 (S.D. Fla. 2009) (Conflicts in jurisdictional facts regarding the business activities of defendant and certain directors warrant jurisdictional discovery to ascertain the nature and degree of such activity).

Jurisdictional discovery is warranted as to Defendant Tasameem for the additional reason that recent research reports that Tasameem is also controlled by the Government of Abu Dhabi. According to a New York Times article dated May 25, 2010, Tasameem is "controlled by the government" of Abu Dhabi, and recently "bought a stake" in a $1.3 Billion USD skyscraper on 57th street in New York City. **Ex. C**. The Times also reported Aabar as a related company (to Tasameem) which agreed to provide financing. **Ex. C**. Based on this article and other pre discovery research, jurisdictional discovery is reasonably calculated to lead to evidence that Tasameem is a governmental instrumentality under the FSIA and holds property in the U.S. With Defendants asserting such stonewalling in total denial, Plaintiff is entitled to get to the bottom of this case turning report, by obtaining records and questioning those involved.

> e. *Plaintiff's discovery requests are valid, narrowly tailored, and reasonably calculated to lead to relevant evidence*

Concurrent with filing the initial complaint, Plaintiff sent but did not serve courtesy copies of document requests, so that Defendants were afforded months of extra time to search and gather responsive documents. Defendants incorrectly state that the Amended Complaint "does not allege that Defendants' entered into any business transactions or owned any assets, investments or opportunities in the United States." As discussed *supra*, Plaintiff alleged a prima facie basis for jurisdiction over all three defendants in ¶¶5-17 of the Amended Complaint. Furthermore, Plaintiff has conducted independent research that has since uncovered more contacts with the United States relevant to jurisdiction, and is entitled to elicit additional evidence through discovery.

In pursuit of this right, on June 24, 2010, Plaintiff, following up on the Rule 26 Case Management Conference, actually served revised document requests to Defendant attached

hereto as **Exhibits D, E and F**.[5]  Requests 1 through approximately 30, are targeted to elicit documents reasonably calculated to lead to admissible evidence regarding jurisdiction.  Those requests are followed by narrowly tailored, project specific requests to each individual Defendant.  Some requests naturally overlap among Defendants because Mr. Al Qubaisi commonly gave little attention to corporate formalities, directing CTI's work on acquisition projects, and often did so without specifying for which Defendant Plaintiff's work would be garnered.  Even when a Defendant was specified, CTI often received directions and emails from employees of other Defendants for the project.  Like Mr. Al Qubaisi, Mr. Forbes stated in his Declaration that he held overlapping positions for all three Defendants.   Defendants and their professionals are in the unique position of controlling documents relating to their contacts with the United States, and in the case of Tasameem, documents relating to its control by Abu Dhabi.

## IV. Plaintiff's Amended Complaint States a Cause of Action

Defendants also argue, without citing to anything specific in the record, that the Amended Complaint does not state a cause of action.  When it comes to the Amended Complaint, the unsupported assertion is not a sufficient cause for a total discovery embargo.

Plaintiff's Amended Complaint is based upon work CTI performed for Defendants in locating assets throughout the United States and elsewhere.  CTI, at Defendants' insistence, dedicated over nine months of work exclusively for Defendants on six different categories of projects including research, locating and conducting negotiations regarding: the St. James Oil Refinery (U.S.) project, U.S. Oil and Gas Leases, Caterpillar Stock Purchase, Bank Purchase, Loan and Bank Guarantees (two separate transactions) and the Four Seasons Hotel chain; a major shareholder – seller of which was Cascade Investments, a Washington limited liability

---

[5] For the Court's convenience, Plaintiff attaches the cover pages and the specific requests to each Defendant.  For brevity, procedural and definitional passages have been omitted.

company headed by America's own Bill Gates.  CTI's Amended Complaint properly alleges causes of action regarding the breach of agreements on these projects made by Khadem Al Qubaisi who is Director of IPIC, Chairman of Aabar and Chairman and CEO of Tasameem. Plaintiff has also brought alternative causes of action in quantum meruit and unjust enrichment to recover the reasonable value of the services performed by CTI and its out of pocket expenses. Since Defendants' intended motion to dismiss has not been filed, and since Defendants' neglected to advance any theory beyond the idea that they wish to avoid discovery, the arguments are clearly not case dispositive under the *Feldman* test.

**V.    Defendants' Reliance on Chudasama is Out of Context and Misplaced**

Defendants again rely on *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1343 (11th Cir. 1997) for their proposition that a discovery stay should issue until a ruling is made on their contemplated motion to dismiss.  Their reliance is misplaced.  The holding in Chudasama far from establishes a general or ironclad rule that discovery should not proceed while a motion to dismiss is pending.  *Koock*, 2009 WL 2579307 at *2.*  Florida courts have repeatedly distinguished *Chudasama* as a narrow proposition to be applied under its unique circumstances. *Koock at *2*; *Gannon v. Flood* 2008 WL 793682 (S.D. Fla. 2008).  The Chudasama opinion is likewise inapposite here.

*First,* unlike *Chudasama*, Plaintiff's claims, as set out in the Amended Complaint are based on ordinary breach of contract theories and recognized causes of quantum meruit and unjust enrichment.  Plaintiffs have identified and disclosed 15 witnesses and a listing of over 200 documents in support of its claims.  The allegations are based on the detailed interactions between the parties and the extensive work that was specifically authorized and requested by Defendants and completed by Plaintiff.   Such interactions are properly alleged in the Amended

Complaint and form the basis for recovery. *See Sky Mgt. LLC v. Greenshoe, Ltd.,* 2007 WL 201258 (S.D. Fla 2007) (denying a motion to stay discovery and distinguishing *Chudasama*). The *Sky* case involved an ordinary breach of contract and tort case, similar to CTI's Amended Complaint. *Id.*

*Second,* as the Southern District recognized in *Gannon*, *Chudasama*, involved an unusual instance in which the district court had unduly delayed for 1.5 years in deciding a motion to dismiss, after being fully briefed. *Gannon*, 2008 WL 793682 at *1. As the *Gannon* court held, the 11th Circuit in *Chudasama* was concerned with proper and timely disposition of a motion, but that *Chudasama* "did not stand for a broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *Id.*; *see also Koock* 2009 WL 2579307 at *2.

*Third*, *Chudasama* itself was careful to distinguish between discovery stays which involve purely legal disputes and discovery stay requests where a motion to dismiss is based on lack of jurisdiction, which Defendants here have announced they will raise in their unfiled motion to dismiss. [DE 22 at ¶5]. As discussed *supra*, when a Motion to Dismiss challenges jurisdiction, factual discovery is essential to a meaningful ruling. *See Chudasama* 123 F.3d at 1367; *see also Eaton v. Dorchester*, 692 F.2d 727 (11th Cir. 1982) (Dismissal for lack of subject matter jurisdiction was premature when Plaintiffs were not given opportunity to elicit material through discovery of all facts sufficient to support a determination on issue of jurisdiction); *Bernardele v. Bonorino*, 608 F.Supp.2d 1313 (S.D. Fla. 2009) (Conflicts in jurisdictional facts regarding the business activities of defendant and its directors warrant jurisdictional discovery to ascertain the nature and degree of such activity).

The Southern District's holding in the 2007 *Sky* case tracks the Middle District in *Feldman*: "the burden on the Defendant here to stop all discovery before its legal defenses are

finally resolved is a heavy one." 2007 WL 201258 at *1.  Defendants have not carried their "heavy" burden to avoid all discovery before their legal defenses are resolved.

## VI.     Conclusion

Defendants have continued to ignore the discovery process by withholding their initial disclosures without Court approval and instead have focused their resources on filing serial motions to barricade all discovery.  Their unilateralism grows as they announce intention to move to strike the amended complaint – even after agreeing to an extension for Plaintiff to respond and after the court accepted the Amended Complaint by mooting Defendants' first motion to dismiss.  Defendants ignore the fair-minded and universal precept that a Complaint may be amended at any time, and leave shall liberally be granted when justice so requires.  Fed. R. Civ. P. 15(a).  That is often just before trial.  Here Plaintiff amended 14 days before a response was due.

Defendants also dispute jurisdiction while at the same time refusing to open their books on any evidence concerning jurisdiction.  Glaringly, Defendants jurisdiction argument in the Renewed Motion misstates material terms of the Forbes Declaration and is directly contradicted by Defendant Aabar's own Financial Statement and reports from leading sources.  **Ex. A-C**.  Defendants' road blocking will doubtlessly persist without prompt Court intervention.

Defendants' citation - *Chudasama* offers no refuge or justification for Defendants' recalcitrance.

Yet at the same time, Plaintiff continues to increasingly suffer prejudice from Defendants' delays, beginning with their complete refusal to make their mandatory and inevitable initial disclosures.  No longer should Defendants be allowed to avoid disclosure of

crucial information held by them that has already been shown to exist by corroborative extrinsic sources.

Respectfully, the Court should deny Defendants' Renewed Motion to Stay Discovery and order the Defendants to immediately make their Rule 26(a) mandatory disclosures, and comply with their pending discovery obligations.

                    Respectfully submitted,

                    JOHN C. DOTTERRER
                    COUNSELLORS AT LAW, P.A.

By: *s/John C. Dotterrer*
     John C. Dotterrer
     Florida Bar No.: 267260
     125 Worth Avenue, Suite 310
     Palm Beach, FL 33480
     Tel: (561) 802-3808
     Fax: (561) 802-3318
     Email: dottj@dottlaw.com

*Attorneys for Capital Trans International, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all registered CM/ECF participants, including counsel for the Defendants listed below.

| | |
|---|---|
| John R. Hamilton, Esq.<br>jhamilton@foley.com<br>Christi R. Adams, Esq.<br>cadamas@foley.com | Henry Weisburg, Esq.<br>hweisburg@shearman.com |
| **Foley & Lardner LLP**<br>111 N. Orange Avenue, Suite 1800<br>Orlando, Florida 32801<br>Telephone: (407) 423-7656<br>Facsimile: (407) 648-1743 | **Shearman & Sterling LLP**<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 848-4000<br>Facsimile: (212) 646-4000 |