UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC, : Case No. 8:10-CV-529-T-30-TGW
a Florida limited liability company, :
 :
        Plaintiff, :
 :
        -against- :
 :
INTERNATIONAL PETROLEUM :
INVESTMENT COMPANY, a foreign company, :
AABAR INVESTMENTS PJSC, a foreign :
company, and TASAMEEM REAL ESTATE :
CO, LLC, a foreign limited liability company, :
 :
        Defendants. :
---------------------------------------------------------------x

### DECLARATION OF ALI H. GHOSHEH IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

    I, **Ali H. Ghosheh,** pursuant to 28 U.S.C. § 1746, hereby declare the following to be true and correct, under penalty of perjury:

    1.    I am an attorney at Ali H. Ghosheh & Partners, a United Arab Emirates ("UAE") law firm located at Suite 1002A, 10th Floor, The Blue Tower, Khalifa Street in Abu Dhabi with the mailing address P.O. Box 767, Abu Dhabi, UAE. I make this declaration to aid in the Court's determination of UAE law as part of its evaluation of Defendants' Motion to Dismiss the Amended Complaint. The statements made herein are based on my personal knowledge of the laws of the UAE and on my review of documents provided to me by Defendants.

    2.    I received my law degree in 1961 from Damascus University in Damascus, Syria, and was admitted to the Jordan bar in 1963. In 1976, after over a decade of practicing in Jordan, Kuwait, and Bahrain, I became licensed to practice as a lawyer for all levels

of courts in Abu Dhabi and other Emirates of the UAE and established the law firm Ali H. Ghosheh & Partners, where I am the managing partner. A major part of Ali Ghosheh & Partners' practice is devoted to litigation, as well as consultation in corporate matters, agency, distributorship, and licensing arrangements. Since 1976, I have appeared before the courts of the UAE on a regular basis. I have also appeared as an expert witness on the laws of the UAE before the High Courts of Justice, Chancery Division in London and the High Court of the Republic of Singapore. (A copy of my Curriculum Vitae is attached to this Declaration as Exhibit A.)

3.  I have been asked to provide a summary description of the UAE judiciary organization, whether UAE law would apply to the instant dispute, and to indicate the extent to which Plaintiff could institute in the UAE courts an action similar to the one brought by the Amended Complaint in the present lawsuit.

<u>UAE Judicial Procedure</u>

4.  The UAE judicial system can be described in a simplified manner as follows. The UAE is comprised of seven Emirates, two of which are Abu Dhabi and Dubai. Abu Dhabi and Dubai have a local judicial system that adopts and applies the federal codes of the UAE, including Federal Law No. 5 of 1985 enacting the Civil Transactions Law, (the "**Civil Transactions Law**"), Federal Law No. 11 of 1992 enacting the Law of Civil Procedure (the "**Civil Procedure Law**"), Federal Law No. 10 of 1992 enacting the Law of Evidence in Civil and Commercial Transactions (the "**Law of Evidence**"), and Federal Law No. 18 of 1993 enacting the Commercial Transactions Law (the "**Commercial Transaction Law**"). The court system in Abu Dhabi and Dubai is comprised of three levels, including two levels of appeal: the Court of First Instance (which is the trial court); the Court of Appeal (which reviews issues of

law and fact *de novo*); and the Court of Cassation (which is the highest court and reviews only issues of law). At the present time, an action brought before the Abu Dhabi Court of First Instance could be expected to be decided within a period of about six to nine months from the time the suit was instituted. Furthermore, an action can generally be adjudicated through all three levels of courts within two years.

    5.    The legal procedures applicable to any action tried in the UAE are embodied in the Civil Procedure Law and the Law of Evidence. (Certified translations of the relevant excerpts from the Civil Procedure Law, together with the relevant amendments, and the Law of Evidence are attached to this Declaration as Exhibit B and Exhibit D, respectively.) In order to initiate an action, the plaintiff must file a complaint with the Court of First Instance in accordance with the requirements set forth in Article 42, which includes, among others, the subject of the claims and the documentary evidence for them. (Ex. B, Art. 42(4) & 45(1)). Once the complaint has been registered by the clerk of the court, a court officer serves the defendant with a copy of the summons, complaint, and the accompanying documents. Service to defendant is effected by a notice server, which can also be a private express courier company, so long as the defendant acknowledges the receipt of the papers by signing the copy of the summons. (Ex. B, Art. 5 (as amended by Federal Law No. 30 of 2005 Amending Certain Provisions of the Civil Procedure Law); see also Ex. C, Circular No. 28 of 2006 dated Sept. 7, 2006). Upon receiving proper notice of the claim, the defendant has an opportunity to submit a summary of his defense. (Ex. B, Art. 45(2)). Both parties are entitled to be represented by legal counsel throughout the proceeding. (Ex. B, Art. 150).

    6.    During the course of the action, either party can request production of documents from the other side by submitting a list of requests to the court, which will then

3

decide on the relevance and the need for the requested documents and issue an order accordingly. (Ex. D, Art. 18 & 19). Third parties may also be compelled to either produce documents or appear as witnesses at the hearing by a court order issued upon a party's request. (Ex. D, Art. 20). Furthermore, at any time during the course of the action but before the court reserves the case for judgment, the parties may submit new documents, defenses, or means of proof, including witness testimony and any expert reports. (Ex. B, Art. 73(1); Ex D, Art. 37 & 39).

7. The cases in the UAE are generally decided without a session for oral argument, and the judges base their decision on their review and analysis of the parties' submissions and supporting evidence. The courts, however, often employ the assistance of court-appointed experts to assist with findings of fact where deemed necessary based on the nature and the complexity of the case. (See Ex. D, Art. 69). The court-appointed expert meets with the parties and hears their arguments, reviews the documentary evidence, and interviews witnesses as necessary. (Ex. D, Art. 81-83). The expert then prepares a written report of his findings and opinions to submit to the court. (Ex. D, Art. 84 & 85). This report is also sent to the parties. (Ex. D, Art. 85(3)). The court, either on its own initiative or upon the request of the parties, can order that the expert be called in a session attended by the parties, where the court as well as the parties will be allowed to examine the expert on the contents of the expert report. (Ex. D, Art. 88(1)).

8. Once both parties have presented their arguments through written submissions and documentary evidence and the court has examined the expert report, if any, the court will set a date for its ruling. (Ex. B, Art. 127). During the session reserved for ruling, the court will give a verbal summary of its ruling. (Ex. B, Art. 128). This session is then followed by a written judgment which includes, among other things: (i) the summary of the facts of the

case; (ii) the relief requested by the parties and a summary of their respective arguments; and (iii) the grounds upon which the ruling is based. (Ex. B, Art. 129(1) & 130(2)). The written judgment will be signed by all of the judges who participated in the deliberation of the judgment, and a copy of the written ruling is then stamped and signed by the clerk and provided to the party with an interest in the execution of the judgment. (Ex. B, Art. 132). A summary of the ruling may also be available to any person related to the case upon request. (Ex. B, Art. 132(3)). Even after the issuance of the ruling, however, the court may correct any material errors either *sua sponte* or upon request of either party. (Ex. B, Art. 137). Furthermore, parties are permitted to "request an explanation of anything which is vague or obscure in the dispositive portion of the ruling from the issuing court." (Ex. B, Art. 138).

9. Once a ruling is handed down, the party against whom the judgment was rendered may, as a matter of right, appeal the ruling to the Court of Appeal within 30 days of the issuance of the Court of First Instance's ruling by registering its appeal with the clerk of the Court of Appeal. (Ex. B, Art. 158 & 162). The Court of Appeal will review the facts and the laws of the case *de novo*. Generally, an appeal will be heard and decided within four to five months of the appeal being submitted.

10. A party against whom the judgment was rendered in the Court of Appeal may subsequently appeal the decision of the Court of Appeal to the Court of Cassation, if the value of claim exceeds 200,000 Arab Emirates Dirhams, which is the equivalent of approximately 54,500 United States Dollars. (Ex. B, Art. 173). Such an appeal must be filed within 60 days of the ruling of the Court of Appeal. (Ex. B, Art. 176). The Court of Cassation will only review issues of law.

11. Any judgment obtained against a party is enforced through the Court of Execution. Upon a party's application to enforce a judgment, the Court of Execution will summon the party against whom enforcement is sought to appear before it. (Ex. B, Art. 219). If the party against whom the enforcement is sought does not willingly abide by the judgment, the Court of Execution may issue an order of attachment against the property of the party. While, as is the case with many countries, such an attachment order is not allowed against government properties under Article 247(1)(i) of the Civil Procedure Law, government entities generally abide by any money judgments against them. (See Ex. B, Art. 247). Furthermore, while an attachment order will not be issued from the Court of Execution, the Department of Presidential Affairs, which oversees the Judiciary Department, will send a notice to the relevant local government entity ordering it to abide by the judgment. In fact, during my 35 years of practice, through which I have obtained many judgments against a government entity, I have not encountered a situation in which the government entity refused to abide by a judgment against it or otherwise oppose the enforcement of a money judgment.

UAE Substantive Law

12. I have read the Amended Complaint filed by Plaintiff against Defendants in the United States District Court for the Middle District of Florida, and I am familiar with its claims and allegations.

13. Under Article 31(3) of the Civil Procedure Law, "[i]n commercial matters the court local to the domicile of the respondent, or the court in the jurisdiction of which the agreement was made or executed in full or in part, or the court in the jurisdiction of which the agreement is required to be executed shall have jurisdiction." (Ex. B, Art. 31(1) & (3)). Since Defendants named in the Amended Complaint are all domiciled in the Emirate of Abu Dhabi

with their principal place of business in Abu Dhabi, Abu Dhabi courts have jurisdiction over each of the Defendants.

14. The substantive law of the UAE that would apply in this case is the Civil Transactions Law, which recognizes causes of action similar to those presented in the Amended Complaint, including causes of action for breach of contract, quantum meruit, and unjust enrichment. (A certified translation of the relevant excerpts of the Civil Transactions Law is attached to this Declaration as Exhibit E.)

15. First, the UAE provides for claims for damages for breach of contract. Under Article 272 of the Civil Transactions Law, "[i]n contracts binding on both parties, if one of the parties does not do what he is obliged to do under the contract, the other party may, after giving notice to the obligor, require that the contract be performed or cancelled." (Ex. E, Art. 272). Furthermore, "the judge may order the obligor to perform the contract forthwith or may defer (performance) to a specified time, and he may also order that the contract be cancelled and compensation paid in any case if appropriate. (Id.) A claimant in the UAE may bring an action for breach of contract and request damages under these provisions, regardless of whether the contract is written or oral. (See Ex. E, Art. 131 & 132: "An expression of intent [of offer and acceptance] may be made orally or in writing . . . or by any other course in respect of which the circumstances leave no doubt that they demonstrate mutual consent.").

16. Second, the UAE provides for claims for quantum meruit and unjust enrichment in the form of the unlawful exercise of one's rights. Under Article 106 of the Civil Transactions Law, "[a] person shall be held liable for an unlawful exercise of his rights . . . if there is an intentional infringement (of another's rights) . . . [or] . . . if the interests desired are disproportionate to the harm that will be suffered by others." (Ex. E, Art. 106). An injured party

7

may bring a claim under this provision to assert that the other party abused its rights when it refused to compensate the injured party for the value of work performed or when the other party was unjustly enriched to the detriment of the injured party.

17. Under UAE law, UAE courts would apply foreign law to contract disputes if the parties had agreed upon a foreign law as the governing law. (Ex. E, Art. 19). In the absence of such an express agreement, the law of the place where both contracting parties are residents would apply, and if the contracting parties do not reside in the same place, the law of the place in which the contract at issue was entered into would apply. (Id.) From my review of the allegations in the Amended Complaint, the documents referred to therein and the Declarations of David Forbes, sworn to on May 6, 2010, and Mohamed Badawy Al-Husseiny, sworn to on July 5, 2010, submitted in support of Defendants' Motion to Dismiss the Amended Complaint, I have determined that UAE law would apply to Plaintiff's claims.

18. UAE judges are generally capable of interpreting foreign law for purposes of lawsuits before them. Under UAE law, the judge may require that a party alleging that a foreign law is applicable to the case offer proof of the existence and effectiveness of such law. The judge will then apply the law of the foreign jurisdiction if it is determined that such law is in fact the law that should be applied. While this application is limited by certain public policy concerns (that is, the law to be applied cannot violate public policy or the moral interests of the UAE), there is no such public policy concern that would inhibit the UAE judge from applying foreign law in this dispute.

I, Ali H. Ghosheh, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of July in Abu Dhabi, United Arab Emirates.

ALI H. GHOSHEH

Attorney & Legal Consultant