UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC, : Case No. 8:10-CV-529-T 30TGW
a Florida limited liability company, :
:
                Plaintiff, :
:
                -against- :
:
INTERNATIONAL PETROLEUM :
INVESTMENT COMPANY, a foreign company, :
AABAR INVESTMENTS PJSC, a foreign :
company, and TASAMEEM REAL ESTATE CO, :
LLC, a foreign limited liability company, :
:
                Defendants. :
---------------------------------------------------------------x

**DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING DETERMINATION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants International Petroleum Investment Company ("IPIC"), Aabar Investments PJSC ("Aabar"), and Tasameem Real Estate Company, LLC ("Tasameem") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, move for an order temporarily staying initial disclosures and all subsequent discovery in the above-captioned matter filed by Capital Trans International LLC ("Plaintiff" or "CTI"), until the Court renders a decision on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and state:

1.    On or about February 26, 2010, Plaintiff filed a 32 count Complaint against Defendants IPIC, Aabar, and Tasameem. (Dkt. No. 1).

1

2.	On May 10, 2010, Defendants filed a Motion to Dismiss for improper service on IPIC; lack of personal jurisdiction over the Defendants; and failure to state claims for which relief may be granted pursuant to Rules 12(b)(5), (2), and (6), Fed. R. Civ. P. (Dkt. No. 12.)

3.	On May 28, 2010, Defendants filed a Motion to Stay Discovery until the Court rendered its determination on the Motion to Dismiss, on the grounds that such discovery would only serve to create undue hardship and expense on Defendants without any equivalent advantage to the Plaintiff. (Dkt. No. 17.) Subsequently, on June 7, 2010, Plaintiff served Defendants with Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

4.	On June 9, 2010, more than 21 days after Defendants' May 10 filing of the Motion to Dismiss, and without Defendants' consent or leave of court, Plaintiff filed its Amended Complaint in violation of Rule 15(a)(1)(B), Fed. R. Civ. P. (Dkt. No. 19.) The Court issued an order on June 11, 2010, denying Defendant's Motion to Dismiss as moot. (Dkt. No. 21.)

5.	Defendants filed a Renewed Motion to Stay Discovery on June 15, 2010. (Dkt. No. 22). The Court subsequently issued an order on July 1, 2010 denying Defendants' Renewed Motion to Stay Discovery without prejudice on the ground that Defendants had not yet filed a Motion to Dismiss the Amended Complaint. (Dkt. No. 26.)

6.	Since filing its Amended Complaint, Plaintiff has served each Defendant with extensive discovery requests, including document requests and interrogatories. Plaintiff has also served subpoenas for depositions and documents on Extell Development Company, Extell West 57th Street, and Gary Barnett, Extell's President. All are non-parties with no

connection to the instant matter, from whom Plaintiff is seeking completely irrelevant information relating to Aabar's and Tasameem's purported investments in a project in New York City.

7. On July 9, 2010, Defendants moved to strike Plaintiff's Amended Complaint as improperly filed and to dismiss the Amended Complaint on multiple grounds, including lack of subject matter and personal jurisdiction, and failure to state claims upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), and on the basis of the doctrine of forum non conveniens (the "Motion to Dismiss).

8. Pursuant to Local Rule 3.01(g), the undersigned made a reasonable good faith attempt to confer with Plaintiff in an effort to resolve the issues raised by this Motion without court action. Plaintiff refused to agree to a temporary stay of discovery.

Wherefore, Defendants respectfully request that the Court enter an Order granting a temporary stay of the initial disclosure requirements of Fed. R. Civ. P. 26(a) and any additional discovery in the above-captioned matter until the Court rules on Defendants' pending Motion to Dismiss, and granting such other relief as the Court deems just and proper.

## **MEMORANDUM OF LAW**

The Eleventh Circuit has held that the district court has a responsibility to manage the discovery process in a manner that avoids abuse of the process and prejudice to the parties. *Staup v. Wachovia Bank*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. April 16, 2008) (citing *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997)). Upon a showing of good cause, this Court has broad inherent power to stay discovery in

order to "protect a party" from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts have held that good cause exists where the "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm caused by the delay with the probability that the pending motion will be granted and entirely eliminate the need for the discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). To that end, the Court must take a "preliminary peek" at the merits of the motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*

I.   **DEFENDANTS' MOTION TO DISMISS IS CLEARLY MERITORIOUS**

A "preliminary peek" at the Motion to Dismiss in this case strongly favors a temporary stay of discovery. Defendants have moved to strike the Amended Complaint as untimely, and also seek to dismiss the Amended Complaint in its entirety on multiple grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state claims upon which relief can be granted, and on the basis of the doctrine of forum non conveniens. Defendants maintain that the allegations contained in the Amended Complaint, even if presumed to be true, are insufficient to establish subject matter or personal jurisdiction over them and further fail to state any claim upon which relief can be granted. The Motion to Dismiss advances strictly facial challenges to the sufficiency of the Amended Complaint—none of which will require discovery to resolve.

### A. Plaintiff Fails to Make a *Prima Facie* Case that Personal Jurisdiction Exists over Aabar and Tasameem

Plaintiff fails to make a *prima facie* case that personal jurisdiction exists over either Aabar or Tasameem under the Florida Long-Arm Statute and the Due Process Clause. The Amended Complaint now asserts personal jurisdiction over Aabar under the Foreign Sovereign Immunities Act ("FSIA").[1] (Amended Complaint ("Am. Compl.") ¶ 5.) However, contrary to Plaintiff's claims, Aabar is not a "foreign state" pursuant to the FSIA. *See* 28 U.S.C. § 1603(a)-(b) (defining "foreign states"). As the Declaration of Mohamed Badawy Al-Husseiny in support of the Motion to Dismiss, sworn to on July 5, 2010 ("Al-Husseiny Decl."), conclusively demonstrates, Aabar is not majority-owned by the Government of Abu Dhabi, nor does it act as an "organ" of that Government. (Al-Husseiny Decl. ¶¶ 2-6.) Plaintiff's attempt to allege that Tasameem and Aabar are subject to personal jurisdiction pursuant to 28 U.S.C. § 1367 similarly fails. *Gill v. Three Dimensions Sys., Inc.,* 87 F. Supp. 2d 1278, 1283-84 (M.D. Fla. 2000) (requiring plaintiff to plead facts sufficient to establish an independent basis for personal jurisdiction under state long-arm statute where state law claims against pendant parties were brought in federal court under Section 1367). Accordingly, this Court can only exercise personal jurisdiction over Tasameem and Aabar if they are subject to the Florida Long-Arm Statute, Section 48.193(1)(a), Fla. Stat., which Plaintiff continues to assert as a basis for jurisdiction over Tasameem. (Am. Compl. ¶ 15.)

The Amended Complaint fails to allege any contacts between Aabar or Tasameem

---

[1] Under the FSIA, once subject matter is established, personal jurisdiction is also deemed to exist if service has been properly made. 28 U.S.C. § 1330(b).

and Florida that could support the exercise of personal jurisdiction under the Florida Long-Arm Statute or the Due Process Clause, nor could it. As set forth in the Declaration of David Forbes in support of the Motion to Dismiss, sworn to May 6, 2010 ("Forbes Decl."), and the Al-Husseiny Declaration, neither Aabar nor Tasameem have any presence in Florida whatsoever. They do not own assets or property in Florida and they do not conduct business in Florida, either directly or indirectly. (Forbes Decl. ¶¶ 13-16, 23-26; Al-Husseiny Decl. ¶ 7.) Moreover, it is undisputed that none of their contacts with Plaintiff took place in Florida and none of the alleged agreements that form the basis of Plaintiff's claims relate to property located in Florida. (Forbes Decl. ¶¶ 32-34.) The only contact with Florida alleged in the Amended Complaint is the fact that Plaintiff purports to have unilaterally decided to perform work in its Florida office, as opposed to its office in the United Arab Emirates or any other location. (*See* excerpts from CTI's home page, http://www.cticement.com/, last accessed on July 8, 2010, attached as Exhibit ("Ex.") A to the Motion to Dismiss ("MTD Ex. A.") (noting that Plaintiff maintains an office in the United Arab Emirates,[2] as well as several other locations).) The extensive discovery now sought by Plaintiff—which includes requests for documents and interrogatories to each Defendant, and document requests and deposition subpoenas to non-parties with no connection to the case—will not uncover any facts that could support the exercise of jurisdiction over Tasameem or Aabar and is therefore

---

[2] The United Arab Emirates is comprised of seven Emirates, including Dubai and Abu Dhabi.

6

completely unnecessary.[3]

### B. Plaintiff Fails to Make a *Prima Facie* Case that Subject Matter Jurisdiction Exists over IPIC

Plaintiff similarly fails to set forth any basis for this Court to exercise subject matter jurisdiction over IPIC under the FSIA. As an instrumentality of the Government of Abu Dhabi pursuant to 28 U.S.C. § 1603(b), IPIC is presumptively immune from suit in the United States unless one of the exceptions to immunity under the FSIA applies. *See* 28 U.S.C. § 1605(a) (setting forth exceptions to foreign sovereign immunity). Moreover, as a foreign sovereign, IPIC enjoys a "legitimate claim to immunity from discovery" in United States courts absent a *prima facie* showing that a statutory exception applies. *Butler v. Sukhoi Co.,* 579 F.3d 1307, 1314 (11th Cir. 2009) (citation omitted).

Plaintiff's attempt to demonstrate that the "commercial activities" exception set forth

---

[3] A stay is particularly appropriate in this case because Plaintiff's unsupported theories of jurisdiction over Aabar and Tasameem unnecessarily enlarge the scope of discovery. *Chudasama*, 123 F.3d at 1368 ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."). Plaintiff has served Requests for Production of Documents to both Aabar and Tasameem. These Requests seek, in the case of Aabar, 65 separate categories of documents, and in the case of Tasameem, 56 separate categories of documents. (First Requests for Production to Defendants IPIC, Aabar, and Tasameem, attached hereto as Ex. A.) 25 of the first 30 requests to Aabar, and 21 of the first 30 requests to Tasameem, seek documents related to Aabar's or Tasameem's investments or contacts with the United States that have no connection to the present action. The information sought by these requests is irrelevant; since the FSIA does not apply to Aabar or Tasameem, the only relevant contacts are those between Tasameem and Aabar and Florida. Moreover, as both the Forbes and Al-Husseiny Declarations establish, Aabar and Tasameem have no contacts with the State of Florida. (Forbes Decl. ¶¶ 13-16, 23-26; Al-Husseiny Decl. ¶ 7.) Plaintiff's interrogatories to Aabar and Tasameem similarly contain irrelevant requests relating to Aabar's and Tasameem's contacts with the United States. (Plaintiff's First Set of Interrogatories to Defendants IPIC, Aabar, and Tasameem, attached hereto as Ex. B.) Finally, Plaintiff has also served subpoenas for documents and deposition testimony on Extell Development, Extell West 57th Street, and Gary Barnett. All are non-parties with no connection to the instant matter, from whom Plaintiff is seeking completely irrelevant information relating to Aabar's and Tasameem's investments in a project in New York City. (Plaintiff's Notice of Taking Deposition Duces Tecum of Gary Barnett and Plaintiff's Notices of Taking Rule 30(b)(6) Deposition of Corporate Representative, attached hereto as Ex. C.)

in Section 1605(a)(2) applies to IPIC in connection with this action is deficient. It is undisputed that IPIC operates in Abu Dhabi, that IPIC's alleged dealings with CTI all occurred outside of the United States, and that IPIC declined to participate in any of the proposed investment opportunities that might have brought IPIC into contact with the United States. (*See* Am. Compl. ¶¶ 30, 36, 63; Forbes Decl. ¶¶ 2-6, 32-34.) Here again, the only alleged commercial activities or acts performed in the United States that bear any relation to the claims against IPIC are Plaintiff's own services in locating investment opportunities for IPIC—which it purportedly chose to perform in the United States, as opposed to in the United Arab Emirates. Plaintiff cites no authority to support the conclusion that Plaintiff's vaguely-alleged "services" constitute commercial activity in the United States. *See Can-Am Int'l, LLC v. Republic of Trin. & Tobago*, 169 Fed. Appx. 396, 407 (5th Cir. 2006) ("[T]here are no cases to support the notion that investigating potential investment options constitutes commercial activity under the FSIA."). Moreover, Plaintiff's unilateral activities in the United States are patently insufficient to justify the exercise of subject matter jurisdiction by this Court over IPIC. *Can-Am Int'l, LLC*, 169 Fed. Appx. at 406 ("It is illogical that plaintiff's own acts create the required material connection underlying its cause of action."); *Dominican Energy Ltd. v. Dom. Rep.*, 903 F. Supp. 1507, 1512 (M.D. Fla. 1995) (declining to exercise jurisdiction over a foreign sovereign accused of tortious interference with a contract where all negotiations occurred abroad and the only reason that plaintiff's cause of action bore any relation to the United States was "the purely fortuitous fact that [plaintiff] is a United States corporation"). Once again, the voluminous and burdensome discovery served by Plaintiff on IPIC could not uncover any facts that would alter this purely legal conclusion.

8

The Court should not require IPIC to submit to discovery where Plaintiff's allegations are insufficient as a matter of law to establish a *prima facie* case that IPIC is not entitled to immunity. *Butler,* 579 F.3d at 1314.

The Amended Complaint fails to even hint at discoverable facts that could provide a basis for jurisdiction over any of the Defendants. In the absence of a threshold showing that jurisdiction exists, a temporary stay of discovery should be granted on the ground that there is "an immediate and clear possibility" that Defendants' Motion to Dismiss will succeed. *Feldman*, 176 F.R.D. at 652 (citation omitted).

      C.      **The Amended Complaint Fails to State a Claim for Which Relief Can Be Granted**

Defendant's contention, in its Motion to Dismiss, that none of Plaintiff's 22 causes of action state a claim upon which relief can be granted can be similarly resolved solely on the facial allegations of the Amended Complaint, without any factual determinations. *See Chudasama*, 123 F.3d at 1367 (purely legal questions "should . . . be resolved before discovery begins"); *McCabe*, 233 F.R.D. at 685 (finding good cause to grant a motion to temporarily stay discover where defendants raised meritorious challenges to the legal adequacy of plaintiff's pleadings). A cursory review of the Amended Complaint establishes that Plaintiff has failed to allege even the most basic elements of the causes of action asserted. Plaintiff's allegations are uniformly vague, conclusory, and internally inconsistent and should not be credited by this Court. Moreover, the well-pled allegations fail to nudge any claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *see also McCabe*, 233 F.R.D. at 685-87 (finding good cause to grant a motion to stay discovery where plaintiff failed to satisfy pleading standards). A stay is

particularly appropriate in this case, where it is clear that allegations in the Amended Complaint lack credibility and were advanced solely to defeat a Motion to Dismiss. *Chudasama,* 123 F.3d at 1368 (observing that delaying a "ruling on a motion to dismiss a [non-meritorious] claim" until after discovery "encourages abusive discovery and . . . imposes unnecessary costs"). In light of Defendants' meritorious challenges to the legal sufficiency of Plaintiff's causes of action, and the strong possibility that Defendants' Motion to Dismiss will be granted, there is good cause to grant a temporary stay of discovery until the Court has determined which, if any, of Plaintiff's claims can withstand 12(b)(6) scrutiny. *See McCabe*, 233 F.R.D. at 685-87.

## II. DISMISSAL FOR FORUM NON CONVENIENS WOULD OBVIATE THE NEED FOR DISCOVERY

Even if some portion of Plaintiff's Amended Complaint could survive Defendants' Motion to Dismiss, requiring Defendants to undertake the extensive discovery sought by Plaintiff would be particularly inappropriate in the present case, as this matter has only the most tenuous connection to this forum and Defendants' have raised a meritorious argument that it will be dismissed on the basis of forum non conveniens.

As demonstrated in the Declaration of Ali H. Ghosheh in support of the Motion to Dismiss, sworn to on July 8, 2009 ("Ghosheh Decl."), the United Arab Emirates is an adequate alternative forum for determination of this matter. (Ghosheh Decl. ¶¶ 13-16.) Both the private and public factors that a Court must consider on a forum non conveniens motion militate strongly in favor of dismissing this action. Private factors support dismissal to the United Arab Emirates because the majority of the sources of proof and potential witnesses are located in Abu Dhabi—the only place, other than Saudi Arabia, where Defendants had

any contact with Plaintiff. *Banco Latino v. Gomez Lopez*, 17 F. Supp. 2d 1327, 1331 (S.D. Fla. 1998) (listing the ease of access to sources of proof ability to obtain witnesses as important private interest considerations). Most of the individuals that Plaintiff identifies as "likely to have discoverable information" are located in the United Arab Emirates. (*See* Plaintiff's Rule 26 Initial Disclosures, attached as Ex. F to the Motion to Dismiss (listing potential witnesses, nine out of fifteen of whom reside in the United Arab Emirates).) Moreover, to the extent that Defendants have any documentation relating to Plaintiff's claims, those documents are also in the United Arab Emirates. It bears noting, furthermore, that Plaintiff maintains an office in the United Arab Emirates, transacts business—including its alleged business with Defendants—from within that jurisdiction, and speaks the language, and thus would not itself be unduly inconvenienced by litigation in that forum. (*See* MTD Ex. A.)

      Public interest factors also favor dismissal to the United Arab Emirates. The United Arab Emirates has a decidedly stronger interest in adjudicating this case. This is particularly so given that the matter involves dealings with state enterprises, and that Defendants are not alleged to have reached out to Plaintiff in the United States. In contrast, Florida has little interest, other than the fact that Plaintiff is a Florida company and allegedly chose to perform work in Florida. Moreover, if the Court were to retain this action, it would be required to interpret and apply the law of the United Arab Emirates in order to adjudicate the contested issues of whether the parties have formed valid oral contracts and, if so, what obligations

11

were incurred under those contracts.[4] A trial in the United Arab Emirates would thus be far more practical and efficient than a trial in Florida, given the challenges of applying foreign law and the potential need for extensive translation and expert testimony on that law.

Granting a temporary motion to stay discovery until a decision is made about whether to allow the case to proceed in this forum would spare Defendants from engaging in an expensive discovery process and would conserve this Court's judicial recourses. Accordingly, a stay should be granted pending a determination of this issue.

### III. DISCOVERY WOULD CREATE UNDUE HARDSHIP ON DEFENDANTS WITHOUT ANY EQUIVALENT ADVANTAGE TO PLAINTIFF

The discovery related to this litigation is likely to be particularly costly for Defendants given the number of claims involved and the unique burdens on foreign citizens of defending a suit abroad. On the other hand, a discovery delay is not likely to produce any significant disadvantage to Plaintiff.

As discussed above, Plaintiff has already supplied Defendants with largely irrelevant discovery requests. Responding to these requests would require Defendants to expend substantial amounts of time and money to locate, retrieve, and produce the requested material—all of which will lead to non-responsive material and generate considerable attorney's fees. *See Chudasama,* 123 F.3d at 1367 (noting that "abusive discovery was rated highest among reasons for the high cost of litigation" and reciting the "significant costs"

---

[4] It is well established that under Florida choice-of-law rules, "the nature, validity and interpretation of contracts, are to be governed" by the law of the state where the contract is made or performed. *Wingold v. Horowitz*, 292 So. 2d 585, 586 (Fla. 1974).

imposed on litigants and the judicial system by the discovery process).

A stay is further justified in this case by the unique burdens and expenses placed on both the Defendants and the Court when foreign parties are required to defend a suit in the United States. For example, Plaintiff has indicated in the Joint Case Management Report, filed on May 26, 2010, that it intends to conduct oral depositions. (Dkt. No. 16.) All employees or representatives of the Defendants are citizens and residents of a foreign sovereign. Efforts by the Plaintiff to depose any of these key witnesses will likely require Court intervention to determine whether Defendants must produce these parties within the jurisdiction, and will generate unreasonable costs associated with either conducting depositions abroad or bringing foreign residents to the United States to attend depositions.

Conversely, there is no burden on Plaintiff if discovery is deferred pending a determination of the validity of the Plaintiff's claims and the propriety of this Court's jurisdiction. Plaintiff does not request time-sensitive relief or any remedy that would be hindered by a temporary stay pending resolution of the Motion to Dismiss. The parties' Case Management Report provisionally sets the close of discovery for this case as November 10, 2010. A brief stay of discovery would not prejudice the Plaintiff or unduly delay the litigation. At the same time, granting a temporary stay of discovery while this Court determines whether Plaintiff has asserted legally plausible causes of action will conserve substantial time and resources of this Court and the parties.

The unfair burden upon the Defendants of responding to expensive and needless discovery if their Motion to Dismiss is granted far outweighs any inconvenience to Plaintiff imposed by a brief stay. Accordingly, a stay of discovery pending the ruling of this Court on

13

Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be granted.

## Local rule 3.01(g) certification

Counsel for Defendants has conferred with counsel for Plaintiff, and Plaintiff does not agree to the relief sought.

Dated: July 9, 2010

By: /s/ Christi R. Adams
John R. Hamilton
Florida Bar No. 0774103
jhamilton@foley.com
Christi R. Adams
Florida Bar No. 0498351
cadams@foley.com
FOLEY & LARDNER LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
Telephone: (407) 423-7656
Facsimile: (407) 648-1743
*Attorneys for Defendants*

*Of Counsel:*

Henry Weisburg
Karen Hart
Jennifer Rimm

**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 646-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 9[h] day of July, 2010, via filing with the Court's CM/ECF system, to Plaintiff's Counsel, John C. Dotterrer, John C. Dotterrer Counsellors at Law, P.A., 125 Worth Avenue, Suite #310, Palm Beach, FL 33480, via filing with the Court's CM/ECF system.

By: ___*/s/ Christi R. Adams*___
John R. Hamilton
Florida Bar No. 0774103
jhamilton@foley.com
Christi R. Adams
Florida Bar No. 0498351
cadams@foley.com