UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC,     :
a Florida limited liability company,  :
                                      :
      Plaintiff,                  :
                                      :
      -against-                   :
                                      :  Case No. 8:10-CV-529-T-30TGW
INTERNATIONAL PETROLEUM               :
INVESTMENT COMPANY, a foreign company,:
AABAR INVESTMENTS PJSC, a foreign     :
company, and TASAMEEM REAL ESTATE CO, :
LLC, a foreign limited liability company, :
                                      :
      Defendants.                 :
---------------------------------------------------------------x

**DEFENDANT AABAR INVESTMENTS PJSC'S
(NOW KNOWN AS AABAR INVESTMENTS PJS) OBJECTIONS AND
RESPONSES TO PLAINTIFF'S AMENDED SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Aabar Investments PJSC (now known as Aabar Investments PJS) ("Aabar") by and through its undersigned attorneys hereby objects and responds to Plaintiff's Amended Set of Interrogatories (the "Interrogatories") as follows:

Aabar makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:

    (1)    all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any of the responses produced hereunder or the subject matter thereof;

    (2)    the right to object on any ground to the use any response hereunder or the subject matter thereof, at any proceeding in this case, or in any related or subsequent action or proceeding; and

    (3)    the right to object on any ground at any time to a demand for any further response to this or any other set of interrogatories.

## PRELIMINARY STATEMENT

1. Aabar objects to each of the Interrogatories to the extent that they seek information beyond the scope of the Orders of Magistrate Judge Wilson dated September 17, 2010 and Judge Moody dated November 30, 2010, limiting discovery to jurisdictional issues (the "Orders"). Specifically, Aabar objects to the Interrogatories to the extent that they seek information related to Aabar's contacts with the United States on the ground that such requests are premature and overly burdensome until the Court determines whether the Foreign Sovereign Immunities Act ("FSIA") applies to Aabar.

2. Aabar objects to the Interrogatories to the extent that they seek information relating to Aabar, or any of its affiliates' or subsidiaries', contacts with or activities in the United States that are unrelated to any of Plaintiff's claims against Aabar. *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the commercial activities exception to immunity under the Foreign Sovereign Immunities Act applies only where a court finds a "significant nexus" between the United States and the specific commercial activities or acts of the foreign state which "if proven, would entitle a plaintiff to relief under his theory of the case").

3. Aabar further objects to the Interrogatories to the extent that they seek information from outside the time period that is relevant to the jurisdictional allegations in the Amended Complaint. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Aabar specifically objects and responds to the Interrogatories as follows:

### Interrogatory Number 1

Describe in detail all persons who participated in responding to these Interrogatories, and with respect to each person, identify (as defined at ¶ E, p. 5 herein) the specific interrogatory response(s) in which he or she participated.

### Response to Interrogatory Number 1

Aabar responds to this Interrogatory as follows:

Mohamed Badawy Al-Husseiny, Aabar's Chief Executive Officer and Member of its Board of Directors, participated in responding to the Interrogatories.

**Interrogatory Number 2**

Specifically list and identify (as defined in ¶ D, p. 5 herein) the documents described on page 3 of Aabar's Initial Disclosures in ¶¶ 1-4.

**Response to Interrogatory Number 2**

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above. Aabar further objects to this Interrogatory to the extent that it duplicates discovery already requested by the Document Requests and the information is readily available in the documents that Aabar has produced. Subject to and without waiver of the foregoing objections, Aabar refers Plaintiff to documents produced in response to the Document Requests from which the answer to this Interrogatory may be derived or ascertained, including, but not limited to documents bates-stamped AABAR 0001 – 0061.

**Interrogatory Number 3**

Describe in detail the basis of Mr. David Forbes' personal knowledge of his statements regarding Aabar contained in Paragraphs 12-21 of his May 6, 2010 Declaration attached in support of Defendants' Motion to Dismiss [DE 29], identify all documents relied upon by Mr. Forbes in preparation of these Paragraphs of this Declaration, and identify persons who contributed to Mr. Forbes' knowledge.

**Response to Interrogatory Number 3**

Aabar responds to this Interrogatory as follows:

Mr. Forbes' statements are based on his personal knowledge gained through his position as a Member of the Board of Directors of Aabar.

**Interrogatory Number 4**

In the July 5, 2010 Declaration of Mohamed Badawy Al-Husseiny, at Paragraph 4 (attached to DE 29), Mr. Al-Husseiny states that "Aabar does not perform a public activity, employ civil servants, or receive benefit of government support, and it has not been granted any exclusive right or protection by the government." Explain and elaborate the factual basis for

3

each statement, identify all documents that Mr. Al-Husseiny reviewed or upon which he relied in making such statement, and identify all persons upon whom Mr. Al-Husseiny relied in making such statement.

**Response to Interrogatory Number 4**

Aabar objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations. Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

> The statements are based on Mr. Al-Husseiny's personal knowledge of Aabar's purpose, operations, finances, and corporate status, gained through his positions as the Chief Executive Officer of Aabar and Member of its Board of Directors.

**Interrogatory Number 5**

In the Al-Husseiny Declaration, at Paragraph 5, Mr. Al-Husseiny states that "Aabar's performance is not guaranteed by the government and the government does not supervise Aabar's affairs." Please identify the government to which this statement refers, and explain and elaborate the factual basis for each statement, identify all documents that Mr. Al-Husseiny reviewed or upon which he relied in making such statement, and identify all persons upon whom Mr. Al-Husseiny relied in making such statement.

**Response to Interrogatory Number 5**

Aabar objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations. Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

> The statements refer to the Government of Abu Dhabi.

> The statements are based on Mr. Al-Husseiny's personal knowledge of Aabar's purpose, operations, finances, and corporate status, gained through his positions as the Chief Executive Officer of Aabar and Member of its Board of Directors.

**Interrogatory Number 6**

In the Al-Husseiny Declaration, at Paragraph 6, Mr. Al-Husseiny states that "Aabar's Directors are not appointed by the government." Please identify the government to which this statement refers, and explain and elaborate the factual basis for such statement, and identify documents in the possession, custody, or control of Aabar which are or reference

4

communications between Aabar and the Governments of Abu Dhabi or the United Arab Emirates, or any office holders, officers, agents, or employees of those governments with respect to the appointment, termination, or replacement of any member of Aabar's Board of Directors. Identify documents that Mr. Al-Husseiny reviewed or upon which he relied in making such statement, and identify all persons who participated in or upon whom Mr. Al-Husseiny relied in making such statement.

**Response to Interrogatory Number 6**

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above. Aabar further objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations. Aabar further objects to this Interrogatory to the extent that it duplicates discovery already requested by the Document Requests. Subject to and without waiver of the foregoing objections, Aabar responds to this Interrogatory as follows:

> The statement refers to the Government of Abu Dhabi.
>
> The statement is based on Mr. Al-Husseiny's personal knowledge of Aabar's purpose, operations, finances, and corporate status, gained through his positions as the Chief Executive Officer of Aabar and Member of its Board of Directors.

**Interrogatory Number 7**

Identify all persons and entities who founded or participated or assisted in the founding of Aabar and the role of the government of the United Arab Emirates and/or Abu Dhabi or any officials or employees thereof in that process.

**Response to Interrogatory Number 7**

Aabar objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Aabar further objects to this Interrogatory to the extent that it duplicates discovery already requested by the Document Requests and the information is readily available in the documents that Aabar has produced. Subject to and without waiver of the foregoing objections, Aabar refers Plaintiff to documents produced in response to the Document Requests from which the answer to this Interrogatory may be derived or ascertained, including but not limited to documents bates-stamped AABAR 0062 – 0094.

**Interrogatory Number 8**

Identify (in accordance with Instructions, p. 5, ¶¶ D, E) the original investors, shareholders, directors, and officers of Aabar at the time of, or within six months of, its founding.

**Response to Interrogatory Number 8**

Aabar objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Aabar further objects to this Interrogatory to the extent that it duplicates discovery already requested by the Document Requests and the information is readily available in the documents that Aabar has produced. Subject to and without waiver of the foregoing objections, Aabar refers Plaintiff to documents produced in response to the Document Requests from which the answer to this Interrogatory may be derived or ascertained, including, but not limited to documents bates-stamped AABAR 0062 – 0094.

**Interrogatory Number 9**

Identify the amount, date, source, and maker of the initial capitalization or funding of Aabar.

**Response to Interrogatory Number 9**

Aabar objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Aabar further objects to the Interrogatory to the extent that it duplicates discovery already requested by the Document Requests and the information is readily available in the documents that Aabar has produced. Subject to and without waiver of the foregoing objections, Aabar refers Plaintiff to documents produced in response to the Document Requests from which the answer to this Interrogatory may be derived or ascertained, including but not limited to documents bates-stamped AABAR 0062 – 0094.

**Interrogatory Number 10**

Please identify the current ownership of Aabar including its shareholders, directors and officers and officers and whether IPIC or any officials or employees of the Government of Abu

6

Dhabi or the United Arab Emirates or its representatives have voting or effective control of Aabar.

**Response to Interrogatory Number 10**

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

**Interrogatory Number 11**

Identify and describe the Abu Dhabi Government's or any of its instrumentalities or organ's supervision and financial support of Aabar.

**Response to Interrogatory Number 11**

Aabar objects to this Interrogatory to the extent that it purports to seek a legal conclusion with respect to the terms "instrumentalities or organs." Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

> At the time relevant to the jurisdictional allegations in the Amended Complaint, Aabar did not receive financial support from the Government of Abu Dhabi, nor was it supervised by it.

**Interrogatory Number 12**

Identify and describe whether the Abu Dhabi Government requires Aabar to hire public employees and whether the Abu Dhabi Government or IPIC pays Aabar any of its employee's compensation.

**Response to Interrogatory Number 12**

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above. Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

> During the time period relevant to the jurisdictional allegations in the Amended Complaint, the Government of Abu Dhabi did not require Aabar to hire public employees, nor did it pay any of its employees' compensation.

### Interrogatory Number 13

Describe in detail Aabar's, Tasameem's or IPIC's financing or agreement to provide financing or participation in the real estate project on 57th Street in Manhattan, New York, as detailed in the New York Times Articles attached as **Exhibit 7** to [DE 39], describe the role of the Abu Dhabi Government and/or IPIC in the transaction, and identify documents evidencing same.

### Response to Interrogatory Number 13

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

### Interrogatory Number 14

Describe and identify the advance on an "unnamed real estate project" in the United States as described on page 34 ¶ 20 of Aabar's Financial Statement attached as Exhibit 9 to DE 39; including the address, telephone number, email address, website and/or location of the project, the name of the project, developer of the project, amount of the advance, the role of the Abu Dhabi Government and/or IPIC and identify documents evidencing same.

### Response to Interrogatory Number 14

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

### Interrogatory Number 15

Describe in detail Aabar's investment and or agreement to invest in Virgin Galactic, LLC as reported on page 41 ¶33 of Aabar's Financial Statement attached as Exhibit 9 to DE 39, including identification of agreements, business plans, permits, applications or submissions for approval and/or licenses to any United States or local governmental agency, division, branch, and/or regulatory body and identify specifically the name, address and principal contact person at each such agency.

### Response to Interrogatory Number 15

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

### Interrogatory Number 16

Describe in detail Aabar's investment in the U.S. aviation company, XOJET, as described in Aabar's press release attached hereto as Exhibit C, and identify the role of the Abu Dhabi Government and/or IPIC in same and documents reflecting same.

### Response to Interrogatory Number 16

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

### Interrogatory Number 17

Describe in detail Aabar's investment in Tesla Motors, Inc., as described on page 34¶19 of Aabar's Financial Statement attached as Exhibit 10 to DE 39, and identify the role of the Abu Dhabi Government and/or IPIC and documents reflecting same.

### Response to Interrogatory Number 17

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above.

### Interrogatory Number 18

Identify, including by position, all individuals affiliated with Aabar who are also affiliated with the Tasameem and/or IPIC and/or the Abu Dhabi Government including its instrumentalities and/or organs.

### Response to Interrogatory Number 18

Aabar objects to this Interrogatory on the grounds set forth in the Preliminary Statement above. Aabar further objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations. Aabar further objects to this Interrogatory to the extent it is overbroad and unduly burdensome. Aabar further objects to this Request to the extent that it calls for a legal conclusion with respect to the terms "instrumentalities and/or organs." Subject to and without waiver of the foregoing objections, Aabar responds to this Interrogatory as follows:

  During the time period relevant to the jurisdictional allegations in the Amended Complaint, Aabar did not have any officers or directors who were concurrently an officer or employee of the Government of Abu Dhabi.

  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed on the 19th day of December, 2010.

By: _____
Mohamed Badawy Al-Husseiny

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC, :
a Florida limited liability company, :
    :
    Plaintiff, :
    :
    -against- :
    : Case No. 8:10-CV-529-T-30TGW
INTERNATIONAL PETROLEUM :
INVESTMENT COMPANY, a foreign company, :
AABAR INVESTMENTS PJSC, a foreign :
company, and TASAMEEM REAL ESTATE CO, :
LLC, a foreign limited liability company, :
    :
    Defendants. :
---------------------------------------------------------------x

## DEFENDANT'S NOTICE OF SERVICE OF AMENDED SET OF INTERROGATORIES

**NOTICE IS HEREBY GIVEN** that the original and one copy of Defendant's Amended Set of Interrogatories 1 through 18 has been served on the Plaintiff, CAPITAL TRANS INTERNATIONAL, LLC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail on this 10th day of December 2010, to John Dotterrer, John C. Dotterrer Counsellors at Law, P.A., 125 Worth Avenue, Ste. 310, Palm Beach, FL 33480.

/s/ Henry Weisburg
Henry Weisburg (admitted *pro hac vice*)

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 646-4000