UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC, :
a Florida limited liability company, :
: 
                Plaintiff, :
:
                -against- :
: Case No. 8:10-CV-529-30TGW
INTERNATIONAL PETROLEUM :
INVESTMENT COMPANY, a foreign company, :
AABAR INVESTMENTS PJSC, a foreign :
company, and TASAMEEM REAL ESTATE CO, :
LLC, a foreign limited liability company, :
:
                Defendants. :
---------------------------------------------------------------x

**DEFENDANT AABAR INVESTMENTS PJSC'S FURTHER OBJECTIONS AND
RESPONSES TO PLAINTIFF'S AMENDED SET OF INTERROGATORIES**

Pursuant to the Order of this Court dated March 11, 2011 (Dkt. No. 84) and to Rule 33 of the Federal Rules of Civil Procedure, Aabar Investments PJSC ("Aabar," now known as Aabar Investments PJS) by and through its undersigned attorneys hereby further responds to Plaintiff's Amended Set of Interrogatories (the "Interrogatories") as follows:

Aabar makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:

    (1)    all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any of the responses produced hereunder or the subject matter thereof;

    (2)    the right to object on any ground to the use any response hereunder or the subject matter thereof, at any proceeding in this case, or in any related or subsequent action or proceeding; and

    (3)    the right to object on any ground at any time to a demand for any further response to this or any other set of interrogatories.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Aabar specifically objects and responds to the Interrogatories as follows:

### Interrogatory Number 1

Describe in detail all persons who participated in responding to these Interrogatories, and with respect to each person, identify (as defined at ¶ E, p. 5 herein) the specific interrogatory response(s) in which he or she participated.

### Response to Interrogatory Number 1

Aabar objects to this Interrogatory to the extent that it seeks information beyond the scope of the Order of Magistrate Judge Wilson dated March 11, 2011 granting in part and denying in part Plaintiff's Motions to Compel Further Interrogatory Responses from Aabar.

Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

Mr. Al-Husseiny's business address is:

> Aabar Investments PJS
> Ministry of Energy Building
> 12th Floor, Corniche Road
> P.O.Box 107888
> Abu Dhabi
> United Arab Emirates

### Interrogatory Number 2

Specifically list and identify (as defined in ¶ D, p. 5 herein) the documents described on page 3 of Aabar's Initial Disclosures in ¶¶ 1-4.

### Response to Interrogatory Number 2

Aabar responds to this Interrogatory as follows:

1. **Correspondence between Defendants and Plaintiff relating to agreements alleged and matters referred to in the Amended Complaint**

    A. Emails between Ghada Farhat, Fadi Kantar, and Mohamed Badawy Al-Husseiny titled "Four Seasons Hotels, Inc.- negotiation team," dated February 26, 2009 – March 06, 2009 (Aabar 0014-0020)

2

    B.    Email from Ghada Farhat to Fadi Kantar, titled "FLIGHT PLAN TO RIYADH," dated March 29, 2009 (Aabar 0040)

    C.    Email from Ghada Farhat to Fadi Kantar, regarding passports, dated March 29, 2009 (Aabar 0041)

    D.    Email from Fadi Kantar to Ghada Farhat, titled "Visa," dated March 30, 2009 (Aabar 0039)

    E.    Email from Fadi Kantar to Pierre Maroun, titled "New Number," dated April 2, 2009 (Aabar 0048)

    F.    Email from Fadi Kantar to Ghada Farhat, titled "Letter to Prince Al-Waleed Bin Talal Al Saud," dated April 5, 2009 (Aabar 0037-0038)

    G.    Emails between Fadi Kantar to "Mohamed Office Al-Waleed," titled "Aabar, Letter," dated April 9, 2009 (Aabar 0022, 0034)

    H.    Email from Fadi Kantar to "Mohamed Office Al-Waleed," titled "LETTER TO HRH PRINCE ALWALEED BIN TALAL," dated April 9, 2009 (Aabar 0035)

    I.    Email from Ghada Farhat to Fadi Kantar, titled "LETTER TO HRH PRINCE ALWALEED BIN TALAL," dated May 4, 2009 (Aabar 0032)

    J.    Emails between Khadem Al Qubaisi and Fadi Kantar, titled "FSHI," dated June 18, 2009 – June 21, 2009 (Aabar 0027-0028)

    K.    Two letters regarding CTI invoice to Fadi Kantar from Khadem Al Qubaisi, one dated July 30, 2009 and on Aabar letterhead (Aabar 0012-0013)

    L.    Invoices from Capital Trans International to Khadem Al Qubaisi, on CTI letterhead, dated July 13, 23, and 25, 2009 (Aabar 0044-0047)

    M.    Letter from John Dotterrer to H.H. Sheikh Mansour, Khadem Al Qubaisi, and Chairman and CEO of Tasameem Real Estate Co., regarding "Capital Trans International Demand for Payment of Services Rendered," dated October 17, 2009 (Aabar 0049-0061)

2. **Correspondence between Defendants and third-parties relating to agreements alleged and matters referred to in the Amended Complaints**

    A.    Letter naming "Aabar Team" and "Mediation Team" to Mohamed Hassan Al Majdadi, on Aabar letterhead, dated March 5, 2009 (Aabar 0021)

    B.    Letter regarding IPIC/Aabar Visit to Kingdom Holdings to HRH Prince Bin Talal from Khadem Al Qubaisi, on Aabar letterhead, dated April 9, 2009 (Aabar 0004)

    C.    Letter regarding interest in Four Seasons Hotels Inc. to Khadem Al Qubaisi from HRH Prince Bin Talal, on Kingdom Holdings letterhead, dated April 12, 2009 (Aabar 0006, 0031)

    D.    Letter titled "FSHI-Proposed Path Forward" to HRH Prince Bin Talal from Khadem Al Qubaisi, on Aabar letterhead, dated May 4, 2009 (Aabar 0007, 0033)

    E.    Letter titled "IPIC/Aabar Visit to Kingdom Holdings" to HRH Prince Bin Talal from Khadem Al Qubaisi, on Aabar letterhead, dated July 22, 2009 (Aabar 0008-0009)

    F.    Emails between Mohamed Badawy Al-Husseiny, Ghada Farhat, and Fadi Kantar titled "Four Seasons Hotels, Inc.," dated February 26, 2009 - March 4, 2009 (Aabar 0023-0025)

    G.    Letter titled "Four Seasons Hotels, Inc." to HRH Prince Bin Talal from Khadem Al Qubaisi, on Aabar letterhead, dated February 25, 2009 (Aabar 0026)

    H.    Emails between Fadi Kantar, Ghada Farhat, Mohamed Hassan Al Mujadidi, and Arshad Saeed, titled "HRH Letter to Mr. Khadem Al Qubaisi – Aabar Investments PJSC," dated April 12, 2009 – April 13, 2009 (Aabar 0029-0030)

    I.    Letter titled "IPIC/Aabar Visit to Kingdom Holdings" to HRH Prince Bin Talal from Khadem Al Qubaisi, on Aabar letterhead, dated April 9, 2009 (Aabar 0036)

    J.    Emails between Fadi Kantar, Ghada Farhat, and Mohamed Hassan Al Mujadidi, titled "Meeting with HRH in Riyadh," dated March 24, 2009 – March 26, 2009 (Aabar 0042-0043)

    K.    Letter regarding conversation with Fadi Kantar to Khadem Al Qubaisi from Mohamed Hassan Al Majdadi, dated July 26, 2009 (Aabar 0010-0011)

3.    **Documents relating to Aabar and Tasameem's status as private, non-governmental entities.**

    A.    Founding Contract and Principal Regulation for Aabar Investment Petroleum Company - A Publicly Listed Company [under formation] (Aabar 0062-0094)

4. **Documents relating to the proposed acquisitions alleged in the Amended Complaint**

    B. Letter appointing Fadi Kantar as representative to Aabar to aid in the evaluation of the possible acquisition of the Four Seasons Hotel Group, on Aabar letterhead, dated February 19, 2008, signed by Khadem Al Qubaisi (Aabar 0001)

    C. Four Seasons Inc. Engagement Letter to Fadi Kantar, on Aabar letterhead, dated March 10, 2008, signed by Khadem Al Qubaisi (Aabar 0002-0003, 0005)

**Interrogatory Number 4**

In the July 5, 2010 Declaration of Mohamed Badawy Al-Husseiny, at Paragraph 4 (attached to DE 29), Mr. Al-Husseiny states that "Aabar does not perform a public activity, employ civil servants, or receive benefit of government support, and it has not been granted any exclusive right or protection by the government." Explain and elaborate the factual basis for each statement, identify all documents that Mr. Al-Husseiny reviewed or upon which he relied in making such statement, and identify all persons upon whom Mr. Al-Husseiny relied in making such statement.

**Response to Interrogatory Number 4**

Aabar objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations.

Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

    The statements are based on Mr. Al-Husseiny's personal knowledge gained through his positions as the Chief Executive Officer of Aabar and Member of its Board of Directors. Mr. Al-Husseiny has worked at Aabar since its inception in 2006. He served first as Chief Financial Officer and became Chief Executive Officer in 2009. As Chief Executive Officer, Mr. Al-Husseiny is responsible for overseeing all of Aabar's operations and departments. Accordingly, Mr. Al-Husseiny is familiar with all aspects of Aabar's purpose, operations, finances, corporate structure, and relationship to the government. Mr. Al-Husseiny did not rely on any documents or persons in making these statements.

    The factual basis for Mr. Al-Husseiny's statements that Aabar "does not perform a public activity" and that it has not "been granted any exclusive right or protection by the government" can be found in Aabar's Founding Contract and Principal Regulation for Aabar Investment Petroleum Company - A Publicly Listed Company [under

5

formation]. (AABAR 0062-0094.) That document includes Aabar's Articles of Association (referred to as the Founding Contract) and Bylaws (referred to as Principal Regulation), which includes a statement regarding the purpose of the founding of the company. The document establishes that Aabar was founded as a public joint stock company and is governed solely by the Companies Laws of the United Arab Emirates and the company's Articles of Association. Further, Aabar was, until recently, publicly traded on the Abu Dhabi Stock Exchange and subject to the regulations of that entity.

The factual basis for Mr. Al-Husseiny's statement that Aabar does not receive the benefit of government support can be found in Aabar's publicly available financial statements. These documents do not show financial support by the government of Abu Dhabi or the United Arab Emirates.

### Interrogatory Number 5

In the Al-Husseiny Declaration, at Paragraph 5, Mr. Al-Husseiny states that "Aabar's performance is not guaranteed by the government and the government does not supervise Aabar's affairs." Please identify the government to which this statement refers, and explain and elaborate the factual basis for each statement, identify all documents that Mr. Al-Husseiny reviewed or upon which he relied in making such statement, and identify all persons upon whom Mr. Al-Husseiny relied in making such statement.

### Response to Interrogatory Number 5

Aabar objects to this Interrogatory to the extent that it is vague, ambiguous, and capable of multiple interpretations.

Subject to and without waiver of the foregoing objection, Aabar responds to this Interrogatory as follows:

The statements are based on Mr. Al-Husseiny's personal knowledge gained through his positions as the Chief Executive Officer of Aabar and Member of its Board of Directors. Mr. Al-Husseiny has worked at Aabar since its inception in 2006. He served first as Chief Financial Officer and became Chief Executive Officer in 2009. Mr. Al-Husseiny is responsible for overseeing all of Aabar's operations and departments. Accordingly, Mr. Al-Husseiny is familiar with all aspects of Aabar's purpose, operations, finances, corporate structure and relationship to the government. Mr. Al-Husseiny did not rely on any documents or persons in making these statements.

The factual basis for Mr. Al-Husseiny's statement that the government "does not supervise Aabar's affairs," is as follows: Aabar's business is overseen by a five-member Board of Directors. The Directors are appointed for a three-year period by Aabar's shareholders at an Annual General Meeting, or, in the event that a Director

resigns before his term expires, by existing Board members, with shareholder ratification. For the purposes of this response, Aabar's understanding of the term "supervise" is limited to having an influence in any way on the decision-making process of the company.

### Interrogatory Number 7

Identify all persons and entities who founded or participated or assisted in the founding of Aabar and the role of the government of the United Arab Emirates and/or Abu Dhabi or any officials or employees thereof in that process.

### Response to Interrogatory Number 7

Aabar objects to this Interrogatory to the extent that the term "officials or employees" of the government "who assisted in the founding of Aabar" is vague, ambiguous, and capable of multiple interpretations. Plaintiff does not explain the type of assistance for which it seeks information, nor does it explain what level of governmental employee or official is relevant to its Request.

Aabar further objects to this Interrogatory to the extent that it is overbroad and unduly burdensome and seeks information that is not relevant to the jurisdictional allegations in this case or calculated to lead to the discovery of relevant evidence. Specifically, Aabar objects to this Interrogatory to the extent that it purports to require Aabar to identify which, if any, of its 112 individual founders or which of its founding committee members was a governmental official or employee in 2005. Aabar does not keep this information in the ordinary course and it would require substantial and time-consuming research for Aabar to provide this information. Moreover, minority ownership of Aabar's shares at founding is not relevant to the jurisdictional issues in this case.

Subject to and without waiver of the foregoing objections, Aabar responds to this Interrogatory as follows:

A list of the 112 founding members of Aabar and the number of shares subscribed by each member is attached hereto as Exhibit A.

Article 8 of the Founding Contract stipulates that the founders will carry out the steps necessary for the founding of the company and that for this purpose they have appointed a committee composed of Messrs.:

1. Sohail Bin Fares Al-Mazroui (president of the committee and its representative);

2. Rashed Seif Bin Gabr Al-Soueidi (vice-president of the committee);

3. Ahmed Ali Al-Sayegh;

4. Nasser Ahmed Khalifa Al-Suwaidi;

5. Zafer Sahmi Al-Ahbabi.

To the best of Aabar's knowledge, and based on the information reasonably accessible to it, the following committee members were associated with various government departments or entities as described below at the time of Aabar's founding:

> Ahmed Ali Al-Sayegh was a board member of the Abu Dhabi Water and Electricity Authority ("ADWEA") and Board Member of Offsets. Mr. Al-Sayegh served on the founding committee of Aabar in his personal capacity and not in his capacity as a representative of ADWEA or Offsets.

> Nasser Ahmed Khalifa Al-Suwaidi was a board member of the ADWEA. Mr. Al-Al-Suwaidi served on the founding committee of Aabar in his personal capacity and not in his capacity as a representative of ADWEA.

To the best of Aabar's knowledge, and based on the information reasonably accessible to it, the following individual founding members holding more than one million shares were associated with various government departments or entities as described below at the time of Aabar's founding:

- Sheikh Said bin Zayed Al Nahyan – Number of shares: 3,000,000 – Position: Chairman of the Ports Authority
- Sheikh Saif bin Zayed Al Nahyan – Number of shares: 3,000,000 – Position: Minister of Interior
- Sheikh Tahnoon bin Zayed Al Nahyan – Number of shares: 3,000,000 – Position: Executive Council member
- Sheikh Hamed bin Zayed Al Nahyan – Number of shares: 3,000,000 – Position: Executive Council member
- Sheikh Abdullah bin Zayed Al Nahyan – Number of shares: 3,000,000 – Position: Minister of Information

- Sheikh Mohammed bin Khalifa Al Nahyan – Number of shares: 3,000,000 – Position: Chairman of the Department of Finance
- Sheikh Nahyan bin Mubarak Al Nahyan – Number of shares: 3,000,000 – Position: Minister of Higher Education

These individuals were shareholders of Aabar in their personal capacity and not in their capacity as representatives of the various government departments or entities. The government of the United Arab Emirates and/or Abu Dhabi did not have a role in founding Aabar.

**Interrogatory Number 8**

Identify (in accordance with Instructions, p. 5, ¶¶ D, E) the original investors, shareholders, directors, and officers of Aabar at the time of, or within six months of, its founding.

**Response to Interrogatory Number 8**

Aabar objects to this Interrogatory to the extent that it seeks information beyond the scope of the Order of Magistrate Judge Wilson dated March 11, 2011 granting in part and denying in part Plaintiff's Motions to Compel Further Interrogatory Responses from Aabar. Aabar further objects to this Request to the extent that the definition of "identify" imposes an undue burden on Aabar.

Subject to and without waiver of the foregoing objections, Aabar responds to this Interrogatory as follows:

A list of the 112 founding members of Aabar and the number of shares subscribed by each member is attached hereto as Exhibit A.

The first Board of Directors was composed of the same five members mentioned in Article 8 of the founding contract (Sohail Bin Fares Al-Mazroui, Rashed Seif Bin Gabr Al-Soueidi, Ahmed Ali Al-Sayegh, Nasser Ahmed Khalifa Al-Soueidi and Zafer Sahmi Al-Ahbabi). Article 22(b) of the by-laws stipulates that the first Board of Directors of the Company has been chosen by the founding members for three years.

**Interrogatory Number 9**

Identify the amount, date, source, and maker of the initial capitalization or funding of Aabar.

9

### Response to Interrogatory Number 9

Aabar responds to this Interrogatory as follows:

Aabar's initial capital was divided into 900 million shares (see Art. 6 of the founding contract and Art. 6 of the by-laws), 405 million of which are subscribed by the founding members and 495 million by public offering (Art. 7 of the founding contract and Art. 9 of the by-laws).

A list of the 112 founding members of Aabar and the number of shares subscribed by each member is attached hereto as Exhibit A.

### Interrogatory Number 10

Please identify the current ownership of Aabar including its shareholders, directors and officers and officers and whether IPIC or any officials or employees of the Government of Abu Dhabi or the United Arab Emirates or its representatives have voting or effective control of Aabar.

### Response to Interrogatory Number 10

Aabar objects to this Interrogatory to the extent that it seeks information from outside the time period that is relevant to the jurisdictional allegations in the Amended Complaint. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).[1] Aabar further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the jurisdictional allegations at issue in this case nor calculated to lead to the discovery of relevant evidence to the extent that it purports to require Aabar to identify all of its 42,716 minority shareholders.

Subject to and without waiver of the foregoing objections, Aabar responds to this Interrogatory as follows:

Mohamed Badawy Al-Husseiny currently serves as Chief Executive Officer and as a Director of Aabar.

---

[1] Aabar's objection to producing documents outside the time frame relevant to the Amended Complaint was overruled per the Court's March 11, 2011 Order (Dkt. No. 84). Aabar reasserts this objection herein in order to preserve any issue for appeal.

10

Brandt Mowry currently serves as Aabar's Chief Financial Officer and Chief Investment Officer.

Khadem Al Qubaisi currently serves as Chairman of Aabar's Board of Directors.

Mohamed Ali Al Fahim currently serves as a Director of Aabar.

Murtadha Al Hashmi currently serves as a Director of Aabar.

Mohamed Hamad Al Mehairi currently serves as a Director of Aabar.

Aabar further states that IPIC currently holds 88.65% of the shares in Aabar. Accordingly, IPIC has voting or effective control of Aabar. The remaining shares of Aabar are held by 42,716 individual shareholders, none of whom owns more than 1.6% of the shares of the company.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 3rd day of April, 2011.

By: _____
Mohamed Badawy Al-Husseiny

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x
CAPITAL TRANS INTERNATIONAL, LLC, :
a Florida limited liability company, :
 :
        Plaintiff, :
 :
        -against- :
 : Case No. 8:10-CV-529-30TGW
INTERNATIONAL PETROLEUM :
INVESTMENT COMPANY, a foreign company, :
AABAR INVESTMENTS PJSC, a foreign :
company, and TASAMEEM REAL ESTATE CO, :
LLC, a foreign limited liability company, :
 :
        Defendants. :
---------------------------------------------------------------x

## DEFENDANT'S NOTICE OF SERVICE OF DEFENDANT'S FURTHER OBJECTIONS AND RESPONSES TO PLAINTIFF'S AMENDED SET OF INTERROGATORIES

NOTICE IS HEREBY GIVEN that the original and one copy of Defendant's Further Objections and Responses to Plaintiff's Amended Set of Interrogatories has been served on the Plaintiff, CAPITAL TRANS INTERNATIONAL, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail and email on this 31st day of March 2011, to John Dotterrer, John C. Dotterrer Counsellors at Law, P.A., 125 Worth Avenue, Ste. 310, Palm Beach, FL 33480.

                                    /s/ Henry Weisburg
                                Henry Weisburg (admitted *pro hac vice*)

                                SHEARMAN & STERLING LLP
                                599 Lexington Avenue
                                New York, NY 10022
                                Telephone: (212) 848-4000
                                Facsimile: (212) 646-4000