

John Dotterrer

Akerman Senterfitt
125 Worth Avenue
Suite 330
Palm Beach, FL 33480
Tel: 561.659.8660
Fax: 561.659.8679

john.dotterrer@akerman.com

July 1, 2011

**VIA EMAIL: hweisburg@shearman.com**

Henry Weisburg, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Re:   *Capital Trans International v. International Petroleum Investment Company, et al*

Dear Henry:

We are disappointed that you rushed to file Defendants Aabar and IPIC's Motion for Protective Order without first calling us back as we discussed. When we spoke on June 15, 2011, we informed you that we would make some revisions to the supplemental requests, and you asked us to send the revisions in written form and stated you would take a look at them and call us back to review your comments. Moreover, in our letter of June 16, 2011, we specifically asked you to call us to discuss the revisions, yet instead you responded by filing the Motion for Protective Order.

In any event, we will be responding to Defendants' Motion for Protective Order accordingly. However, we did want to inform you that in the effort to simplify the discovery dispute, Plaintiff withdraws Plaintiff's Second Request for Production to Aabar, Requests Nos. 6 and 7.

Finally, we remind that Defendant Tasameem's Answers to Interrogatories are undated. We would appreciate receiving the signed <u>and dated</u> answers at your earliest convenience. They were due Monday, June 20, 2011. (Doc. 94).

Sincerely yours,

/s/
John C. Dotterrer

EXHIBIT
1

akerman.com

BOCA RATON   DALLAS   DENVER   FORT LAUDERDALE   JACKSONVILLE   LAS VEGAS   LOS ANGELES   MADISON   MIAMI   NAPLES
NEW YORK   ORLANDO   PALM BEACH   TALLAHASSEE   TAMPA   TYSONS CORNER   WASHINGTON, D.C.   WEST PALM BEACH

{WP781977;1}

Henry Weisburg
June 14, 2011
Page 2

---

cc: Christi Adams, Esq.

{WP781977;1}



Akerman

John Dotterrer

Akerman Senterfitt
125 Worth Avenue
Suite 330
Palm Beach, FL 33480
Tel: 561.659.8660
Fax: 561.659.8679

john.dotterrer@akerman.com

June 16, 2011

**VIA EMAIL hweisburg@shearman.com**

Henry Weisburg, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Re: *Capital Trans International v. International Petroleum Investment Company, et al*

Dear Henry:

Thank you for the telephone conference yesterday, following upon your call earlier in the week in a good faith effort to resolve a discovery issue and in response to your letters of June 13, 2011.

1. **Pending Discovery Requests**

We first address Plaintiff's Second Requests for Production of Documents to Defendants IPIC and Aabar. As you requested in the call, we are hand marking the current requests to IPIC and Aabar. While we maintain that the requests are fully proper as originally submitted, as we advised, we are willing to narrow the requests in order to conserve time and money and to resolve the issue extrajudicially.

All of the supplemental requests to IPIC and Aabar were narrowly tailored and well guided. Most of them request documents that IPIC and Aabar's corporate representatives testified exist and are kept in the ordinary course of business that were not known to us prior to the depositions. By way of example, IPIC's corporate representative testified that there is a "presentation package" prepared for the Board of Directors for each investment presented to the Board. Amongst the "presentation package(s)" of interest are those for IPIC's decisions for its investment in Aabar. Given that IPIC is an admitted wholly owned government instrumentality, IPIC's purpose and reason for investing in Aabar are highly relevant to the determination of jurisdiction under the FSIA. Likewise, Aabar's purpose and reason for investing in U.S. projects that "bring technology back to Abu Dhabi" are directly related to the organ test in determination of FSIA jurisdiction, specifically whether there was a public or government purpose when

akerman.com

BOCA RATON  DALLAS  DENVER  FORT LAUDERDALE  JACKSONVILLE  LAS VEGAS  LOS ANGELES  MADISON  MIAMI  NAPLES
NEW YORK  ORLANDO  PALM BEACH  TALLAHASSEE  TAMPA  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH

{WP777363;1}

Henry Weisburg
June 14, 2011
Page 2

---

deciding to make those investments.

Nonetheless, in a good faith effort to resolve the issue, we are prepared to narrow the following requests as follows:

> Aabar Requests 1-4: limit to board presentation packages or board minutes that show Aabar's reason or purpose for the acquisition of transaction presented;

> Aabar Requests 5-7: limit to Application(s) submitted by Aabar;

> IPIC Requests 1-4, 9-12: limit to the presentation package for each transaction presented.

As you suggested and requested, we have hand annotated those requests to reflect the narrowing we suggest as a resolution. These requests are not the same as previously considered by the Court. You mentioned in the conference call yesterday that the category of documents you believed the Court already considered are those relating to Virgin Galactica, XOJET, Extell, etc. However, as we explained to you, these new requests are much more narrow in scope and only seek documents showing the purpose and/or reason for the investment which goes to the heart of the jurisdiction issue.

In addition, the documents are relevant because they are directed toward IPIC's (a wholly owned government instrumentality) control over Aabar (an FSIA organ test factor – *USX*). And here, they are now limited to specific documents for the first time described with specificity in the depositions. *e.g.* Al Mehairi Dep. at 133-138.

2. **Tasameem's Deposition**

The conversation did not reach the Tasameem deposition issue as you asked us to provide proposed request edits and then concluded the call.

With respect to the deposition of Tasameem's corporate representative, we respectfully disagree. The Court has already ordered that Plaintiff is entitled to take such deposition in Florida. (Dkt. 68). Furthermore, we do not believe the documents produced by Tasameem yesterday determine whether Tasameem is today directly or indirectly controlled by the government or one of its instrumentalities or a government organ. Companies owned or created by private parties and even originally operated as such, have been previously found to be government organs under FSIA, such as in the *USX* case. In addition, some of the documents produced are undated, and Plaintiff is entitled to question a Tasameem representative regarding their contents and authenticity. Therefore, it is not only appropriate, but necessary to proceed with the deposition of the Tasameem corporate representative as duly noticed and ordered by the Court.
Finally, as you pointed out in your letter, Defendant's answers to interrogatories are unsigned and unsworn. We would appreciate receiving the signed answers at your earliest convenience. (They are due Monday, June 20, 2011) (Doc. 94).

{WP777363;1}

Henry Weisburg
June 14, 2011
Page 3

---

Given the foregoing, and our patient and continued cooperation in discovery from the beginning, there is no need for motions or threats.

Please call to discuss the above proposed limiting revisions.

Thank you for your consideration.

Sincerely yours,

John C. Dotterrer

cc: Christi Adams, Esq.
encl.

{WP777363;1}