UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

-------------------------------------------------------------------x

CAPITAL TRANS INTERNATIONAL, LLC,          :
a Florida limited liability company,       :
                                           :
                    Plaintiff,             :
                                           :
               -against-                   :
                                           :          Case No. 8:10-CV-529-30TGW
INTERNATIONAL PETROLEUM                     :
INVESTMENT COMPANY, a foreign company,      :
AABAR INVESTMENTS PJSC, a foreign           :
company, and TASAMEEM REAL ESTATE CO,       :
LLC, a foreign limited liability company,   :
                                           :
                    Defendants.            :
-------------------------------------------------------------------x

### DEFENDANT AABAR INVESTMENTS PJSC'S (NOW KNOWN AS AABAR INVESTMENTS PJS) SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION (AS AMENDED)

Pursuant to the Order of Judge Wilson, dated July 26, 2011, and Rule 34 of the Federal

Rules of Civil Procedure, Aabar Investments PJSC (now known as Aabar Investments PJS)

("Aabar") by and through its undersigned attorneys hereby supplements its objections and

responses, dated June 27, 2011, to Plaintiff's Second Requests for Production (as amended by

Plaintiff) (the "Document Requests") as follows:

Aabar makes this response without in any way waiving or intending to waive, but to the

contrary, intending to reserve and reserving:

(1)     all questions as to competency, relevancy, materiality, privilege, and
        admissibility as evidence for any purpose, at any trial or hearing in this
        case or in any related or subsequent action or proceeding, if any, of any of
        the documents produced hereunder or the subject matter thereof; and

(2)     the right to object on any ground to the use of documents produced
        hereunder or the subject matter thereof, at any proceeding in this case; and

(3)    the right to object on any ground at any time to a demand for any further
response to this or any other set of document requests.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

Aabar specifically objects and responds to the Document Requests as follows:

### Document Request 1

Aabar board presentation packages and board minutes showing Aabar's reasons and/or purpose
to invest in Virgin Galactic, LLC, as referenced by Aabar's Rule 30(6)(6) Corporate
Representative at the deposition on May 18, 2011.

### Response to Document Request 1

1.      Aabar objects to this Request on the ground that this Court has previously denied

Plaintiff's motion to compel production in response to substantially similar and overlapping prior

Requests by Plaintiff.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court denied

Plaintiff's Motion to Compel further responses to Requests 20 and 42 of its Amended First

Request for Production (Dkt. No. 56), which sought:

Request 20

Documents concerning Aabar's and/or the Government of Abu Dhabi's
agreement to invest in Virgin Galactic, LLC, including as referenced on page 41,
¶33 of Aabar's Board of Directors' Report and Consolidated Financial Statements
dated 31 December 2009.

Request 42

Documents concerning business transactions or assets, contacts, investments or
operations by you in the United States of America.

2.      Aabar further objects to this Request on the ground that it seeks information that

is not relevant to the jurisdictional issues in this case nor calculated to lead to the discovery of

admissible evidence. *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the

commercial activities exception to immunity under the FSIA applies only where a court finds a

"significant nexus" between the U.S. and the specific commercial activities or acts of the foreign state which "if proven, would entitle a plaintiff to relief under his theory of the case").

**Document Request 2**

Aabar board presentation packages and board minutes showing Aabar's reasons and/or purpose to invest in the U.S. aviation company XOJET, Inc., referenced by Aabar's Rule 30(b)(6) Corporate Representative at the deposition on May 18, 2011.

**Response to Document Request 2**

1.      Aabar objects to this Request on the ground that this Court has previously denied Plaintiff's motion to compel production in response to substantially similar and overlapping prior Requests by Plaintiff.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court denied Plaintiff's Motion to Compel further responses to Requests 23 and 42 (Dkt. No. 56), which sought:

Request 23

Documents concerning Aabar's and/or the Government of Abu Dhabi's investment or proposed investment of US $20 million or other amount for shares or any other interest in the U.S. aviation company XOJET, Inc.

Request 42

Documents concerning business transactions or assets, contacts, investments or operations by you in the United States of America.

2.      Aabar further objects to this Request on the ground that it seeks information that is not relevant to the jurisdictional issues in this case nor calculated to lead to the discovery of admissible evidence.  *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the commercial activities exception to immunity under the FSIA applies only where a court finds a "significant nexus" between the U.S. and the specific commercial activities or acts of the foreign state which "if proven, would entitle a plaintiff to relief under his theory of the case").

**Document Request 3**

Aabar board presentation packages and board minutes showing Aabar's reasons, and/or purpose to invest by debt or equity in the skyscraper on 57th Street in Manhattan, New York, known as "Carnegie 57", and developed by Extell Development, referenced by Aabar's Rule 30(b)(6) Corporate Representative at the deposition on May 18, 2011.

**Response to Document Request 3**

1.      Aabar objects to this Request on the ground that this Court has previously denied

Plaintiff's motion to compel production in response to substantially similar and overlapping prior

Requests by Plaintiff.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court denied

Plaintiff's Motion to Compel further responses to Requests 24 and 42 of its Amended First

Request for Production (Dkt. No. 56), which sought:

> Request 24
>
> Permits, correspondence, applications, contracts, loan agreements, and/or guaranty agreements concerning Aabar's agreement to provide financing or other affiliation, participation or activity for a skyscraper on 57[th] Street in Manhattan, New York, developed by Extell Development
>
> Request 42
>
> Documents concerning business transactions or assets, contacts, investments or operations by you in the United States of America.

2.      Aabar further objects to this Request on the ground that it seeks information that

is not relevant to the jurisdictional issues in this case nor calculated to lead to the discovery of

admissible evidence. *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the

commercial activities exception to immunity under the FSIA applies only where a court finds a

"significant nexus" between the U.S. and the specific commercial activities or acts of the foreign

state which "if proven, would entitle a plaintiff to relief under his theory of the case").

**Document Request 4**

Aabar board minutes showing Aabar's reasons, and/or purpose to invest in Mercedes (a/k/a Daimler AG), including by acquisition of approximately 9% of its stock, referenced by Aabar's Rule 30(b)(6) Corporate Representative at the deposition on May 18, 2011.

**Response to Document Request 4**

1.      Aabar objects to this Request on the ground that this Request is substantially

similar to and overlaps with a prior Request to which Defendants objected and which Plaintiff

did not seek to enforce.  Request 25 of Plaintiff's Amended First Requests for Production sought:

> Documents concerning Aabar's investments in Mercedes GP, LTD (formerly
> Brawn GP Limited) including as detailed on p. 33 ¶17, of Aabar's Board of
> Directors' Report and Consolidated Financial Statements dated 31
> December 2009.

Further, this Court's prior order makes it clear that this prior Request would not have

been enforced.

2.      Aabar further objects to this Request on the ground that it seeks information that

is not relevant to the jurisdictional issues in this case nor calculated to lead to the discovery of

admissible evidence. *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the

commercial activities exception to immunity under the FSIA applies only where a court finds a

"significant nexus" between the U.S. and the specific commercial activities or acts of the foreign

state which "if proven, would entitle a plaintiff to relief under his theory of the case").

**Document Request 5**

The Applications submitted by Aabar to CFIUS (a U.S. Government regulatory committee or agency) for Aabar's investment in Virgin Galactic, LLC, referenced at the 30(b)(6) deposition of Aabar on May 18, 2011.

**Response to Document Request 5**

1.      Aabar objects to this Request on the ground that this Court has previously denied

Plaintiff's motion to compel production in response to substantially similar and overlapping prior

Requests by Plaintiff.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court denied

Plaintiff's Motion to Compel further responses to Requests 21 and 22 of its Amended First

Request for Production (Dkt. No. 56), which sought:

> Request 21
>
> Documents, applications, permits and/or correspondence concerning "US
> Government approval" of Aabar's investment in Virgin Galactic, LLC including as
> referenced on page 41, ¶33 of Aabar's Board of Directors' Report and Consolidated
> Financial Statements dated 31 December 2009.
>
> Request 22
>
> Applications and documents for approval of investment to any United States
> governmental branch, division, body, administrative panel, political body, and/or
> regulatory commission, and at any federal, state or local governmental level

2.      Aabar further objects to this Request on the ground that it seeks information that

is not relevant to the jurisdictional issues in this case nor calculated to lead to the discovery of

admissible evidence. *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (holding that the

commercial activities exception to immunity under the FSIA applies only where a court finds a

"significant nexus" between the U.S. and the specific commercial activities or acts of the foreign

state which "if proven, would entitle a plaintiff to relief under his theory of the case").

**Document Request 6**

Withdrawn by Plaintiff by letter dated July 1, 2011

**Document Request 7**

Withdrawn by Plaintiff by letter dated July 1, 2011

**Document Request 8**

Aabar's board or shareholder minutes or resolutions showing the appointment of HE Khadem
Abdulla Al Qubaisi as a Director and Chairman of the Board of Aabar.

**Response to Document Request 8**

1.     Aabar objects to this Request on the ground that it seeks information beyond the

limitations imposed by this Court on a Request for substantially similar information that Plaintiff

previously moved to compel.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court

granted Plaintiff's Motion to Compel further responses to Request 14 of its Amended First

Requests for Production only to the extent of requiring Aabar to identify the documents it had

already produced relating to Aabar's formation.  Request 14 sought:

> Documents, corporate records and/or resolutions of Aabar concerning formation,
> articles of incorporation, organization, officers, shareholders, beneficial owners,
> by-laws, stock certificates, corporate resolutions and/or meeting minutes from
> January 1, 2005 to present.

On March 31, 2011, Aabar identified those documents as documents bates-stamped Aabar 0062-

0094.

2.     Aabar further objects to this Request on the ground that it seeks information that

is not relevant to the jurisdictional issues in this case or calculated to lead to the discovery of

admissible evidence.

3.     Aabar further objects to this Request to the extent that it seeks information that is

publicly available.

**Document Request 9**

Aabar's board or shareholder minutes or resolutions showing the appointments of HE Khadem
Abdulla Al Qubaisi as CEO of Aabar.

**Response to Document Request 9**

1.     Aabar objects to this Request on the ground that it seeks information beyond the

limitations imposed by this Court on a Request for substantially similar information that Plaintiff

previously moved to compel.  In its Order dated March 11, 2011 (Dkt. No. 84), this Court

granted Plaintiff's Motion to Compel further responses to Request 14 of its Amended First

Requests for Production only to the extent of requiring Aabar to identify the documents it had already produced relating to Aabar's formation. Request 14 sought:

> Documents, corporate records and/or resolutions of Aabar concerning formation, articles of incorporation, organization, officers, shareholders, beneficial owners, by-laws, stock certificates, corporate resolutions and/or meeting minutes from January 1, 2005 to present.

On March 31, 2011, Aabar identified those documents as documents bases-stamped Aabar 0062-0094.

2.   Aabar further objects to this Request on the ground that it seeks information that is not relevant to the jurisdictional issues in this case or calculated to lead to the discovery of admissible evidence.

3.   Aabar further objects to this Request to the extent that it seeks information that is publicly available.

## Document Request 10

Aabar's board or shareholder minutes or resolutions showing the appointments of Mohamed Badawy Al-Husseiny as CEO of Aabar.

## Response to Document Request 10

1.   Aabar objects to this Request on the ground that it seeks information beyond the limitations imposed by this Court on a Request for substantially similar information that Plaintiff previously moved to compel. In its Order dated March 11, 2011 (Dkt. No. 84), this Court granted Plaintiff's Motion to Compel further responses to Request 14 of its Amended First Request for Production only to the extent of requiring Aabar to identify the documents it had already produced relating to Aabar's formation. This Request sought:

> Documents, corporate records and/or resolutions of Aabar concerning formation, articles of incorporation, organization, officers, shareholders, beneficial owners, by-laws, stock certificates, corporate resolutions and/or meeting minutes from January 1, 2005 to present.

On March 31, 2011, Aabar identified those documents as documents bases-stamped Aabar 0062-
0094.

> 2.    Aabar further objects to this Request on the ground that it seeks information that
is not relevant to the jurisdictional issues in this case or calculated to lead to the discovery of
admissible evidence.

> 3.    Aabar further objects to this Request to the extent that it seeks information that is
publicly available.

**Document Request 11**

Aabar's board or shareholder minutes or resolutions showing appointment of any of the
following:

- Mohammad Hamad Al Mehairi
- Mohamed Badawy Al-Husseiny
- Murtadha Al Hashmi
- Mohamed Ali Al Fahim

to Aabar's Board of Directors.

**Response to Document Request 11**

> 1.    Aabar objects to this Request on the ground that it seeks information beyond the
limitations imposed by this Court on a Request for substantially similar information that Plaintiff
previously moved to compel. In its Order dated March 11, 2011 (Dkt. No. 84), this Court
granted Plaintiff's Motion to Compel further responses to Request 14 of its Amended First
Request for Production only to the extent of requiring Aabar to identify the documents it had
already produced relating to Aabar's formation. Request 14 sought:

>> Documents, corporate records and/or resolutions of Aabar concerning formation,
>> articles of incorporation, organization, officers, shareholders, beneficial owners,
>> by-laws, stock certificates, corporate resolutions and/or meeting minutes from
>> January 1, 2005 to present.

On March 31, 2011, Aabar identified those documents as documents bases-stamped Aabar 0062-0094.

    2.    Aabar further objects to this Request on the ground that it seeks information that is not relevant to the jurisdictional issues in this case or calculated to lead to the discovery of admissible evidence.

    3.    Aabar further objects to this Request to the extent that it seeks information that is publicly available.

Dated: New York, NY
       July 29, 2011

By:   /s/ Henry Weisburg
      Henry Weisburg (admitted *pro hac vice*)
      hweisburg@shearman.com
      Karen Hart
      khart@shearman.com
      Jennifer Rimm
      jennifer.rimm@shearman.com

      **SHEARMAN & STERLING LLP**
      599 Lexington Avenue
      New York, NY 10022
      Telephone:  (212) 848-4000
      Facsimile:  (212) 646-4000

          – and –

      **FOLEY & LARDNER LLP**
      John R. Hamilton
      Florida Bar No. 0774103
      jhamilton@foley.com
      Christi R. Adams
      Florida Bar No. 0498351
      cadams@foley.com
      111 N. Orange Ave., Ste. 1800
      Orlando, FL  32801
      Telephone:  (407) 423-7656
      Facsimile:  (407) 648-1743

      *Attorneys for Defendants*