**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2012 MAY 15 AM 11:25

CAPITAL TRANS INTERNATIONAL, LLC, a Florida limited liability company,

Plaintiff,

v.

INTERNATIONAL PETROLEUM INVESTMENT COMPANY, a foreign governmental instrumentality, AABAR INVESTMENTS PJSC, a foreign governmental instrumentality and TASAMEEM REAL ESTATE CO., LLC, a foreign company,

Defendants

EDWARD T. SAADI,

Applicant in Intervention

CASE NO.: 8:10-CV-529-JSM-TGW

TAMPA, FLORIDA

ORIGINAL

**MOTION FOR LEAVE TO INTERVENE TO ASSERT CHARGING ORDER AGAINST PLAINTIFF CAPITAL TRANS INTERNATIONAL, LLC**

NOW COMES Movant EDWARD T. SAADI ("Saadi"), *pro-se*, and hereby moves this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene herein to assert a charging order against Plaintiff Capital Trans International, LLC ("CTI").

In support of this Motion, Saadi states as follows:

1. Saadi was the Plaintiff in Saadi v. Maroun (Case No. 07-CV-1976-SCB-MAP, U.S. District Court for the Middle District of Florida). In that case, Saadi asserted claims against Pierre A. Maroun ("Maroun") for intentionally fabricating false and defamatory statements about Saadi and publishing such statements on various Internet blogs and websites.

2. On October 1, 2009, after a three-day jury trial before Honorable Susan Bucklew, Saadi won a jury verdict against Maroun in the amount of $90,000.00. That verdict included an

award of $60,000.00 for punitive damages. A true and correct copy of said verdict is attached hereto as Exhibit "A."

3. On October 2, 2009, at Judge Bucklew's direction, the Clerk of this Court entered a judgment for **<u>$90,000.00</u>** plus interest in favor of Saadi and against Maroun as Judgment Debtor. A true and correct copy of that judgment is attached hereto as Exhibit "B."

4. On November 10, 2009, Saadi obtained a writ of execution and delivered it to the U.S. Marshall for the Middle District of Florida for service upon Maroun at his last known address. Said writ was returned unexecuted with a notation that Maroun no longer resides at that address. Said return is attached as Exhibit "C."

5. Saadi recorded a certified copy of the judgment with the Hillsborough County Clerk of the Circuit Court (in accordance with Fla. Stat. Ann. §55.203) to obtain a judgment lien against real property owned by Maroun. Unfortunately, an asset search revealed that Maroun owns no real property. The judgment lien is therefore useless to Saadi to collect the judgment.

6. To date, nothing has been paid on the Judgment. The Judgment is fully unsatisfied, and the full amount of the judgment ($90,000.00) remains due and owing. Moreover, Maroun appears to be unemployed and therefore has no wages to garnish. In addition, Maroun has no other tangible assets which are not exempt from execution.

7. The sole asset of Maroun which Saadi has been able to locate is Maroun's membership interest in CTI, the Plaintiff herein. Indeed, Maroun filed a declaration in this case affirming under oath that he is a "***Managing Member of Capital Trans International, LLC...***" <u>See</u> *Decl. of Pierre Maroun* [*Document #39-1*] at ¶2.

8. On March 27, 2012, in 07-CV-1976-SCB-MAP, pursuant to F.R.C.P. 69, Fla. Stat. Ann. §56.29, and Fla. Stat. Ann. §608.433(4)(a), Saadi applied for a charging order against Maroun's interest in CTI.

9. On April 5, 2012, the Court granted Saadi's motion for a charging order, and entered an Order stating that "*The interest of Defendant Pierre A. Maroun in receiving any distribution(s) from Capital Trans International, LLC, is hereby charged with payment in full of Plaintiff Edward T. Saadi's $90,000 unpaid judgment against Pierre A. Maroun in this action plus interest.*" A certified copy of that Order is attached hereto as "Exhibit D."

10. Asset searches on CTI have revealed that the claims asserted in this case are CTI's ***sole asset***. Therefore, any funds derived by CTI in this case are likely the <u>only</u> funds which will <u>ever</u> be distributed to Maroun by CTI.

11. In order to serve the charging order ("Exhibit D") on CTI, Saadi must serve either **<u>(a)</u>** CTI's registered agent or **<u>(b)</u>** one of CTI's members. Maroun is CTI's statutory agent, and CTI's only two members are Maroun and Fadi Kantar ("Kantar").

12. Saadi has gone to great lengths to obtain service of the charging order on Maroun and/or Kantar, but has been unable to do so. Both Maroun and Kantar have made themselves "unservable."

## <u>ATTEMPTS TO SERVE MAROUN WITH THE CHARGING ORDER</u>

13. In all of its annual reports filed from its inception to 2012, CTI has listed Maroun as its registered agent and has reported Maroun's address as 11850 Dr. Martin Luther King Jr. Street N 1207, St. Petersburg, FL 33716. <u>See</u> "Exhibit E." Maroun has not resided at that address since 2008. In May of 2008, a process server hired to serve Maroun with the process in

07-CV-1976 reported that Maroun no longer resides at that address. Instead, Maroun was located and served at 3313 W. San Juan, Apt. 3, Tampa Florida. See "Exhibit F."

14. Later (as explained in Paragraph 4 above) Saadi enlisted the U.S. Marshall to serve a writ of execution on Maroun at the 3313 W. San Juan address, and was informed that Maroun no longer resides at that address. See "Exhibit C."

15. In an effort to locate Maroun, Saadi contacted the Postmaster for the 3313 W. San Juan address and requested a forwarding address for Maroun. The Postmaster responded that Maroun left no forwarding address. A true and correct copy of Saadi's request, and the Postmaster's response, is attached as "Exhibit G."

16. Having no better residential address, Saadi attempted to serve the charging order on Maroun and Kantar at the "current mailing address" listed by CTI in its annual reports,[1] namely, P.O. Box 173174, Tampa, Florida, 33672. Those certified mailings were returned to Saadi by the U.S. Postal Service as "unclaimed." True and correct copies of such envelopes marked "unclaimed" are attached as "Exhibit H."

17. Saadi contacted the Postmaster at the branch where such P.O. Box is located and requested information as to the box's owner. In response, the Postmaster provided Maroun's prior 11850 Martin Luther King Jr. St. address, known to be invalid since 2008. A true and correct copy of Saadi's request, and the Postmaster's response, is attached as "Exhibit I."

18. Finally, Saadi was informed, and believed, that Maroun was residing at 510 S. Audubon Ave., Apt. D, Tampa, Florida, 33609. Saadi hired Sean B. Segel, a process server, to serve Maroun with the charging order at that address. See "Exhibit K," *Segal Aff.* ¶¶4-5. Segal

---

[1] See Exhibit "E."

repeatedly attempted to serve Maroun at that address, and ultimately concluded that the residence is occupied by someone other than Maroun. "Exhibit K," *Segal Aff.* ¶7.

19. Saadi has conducted numerous skip-trace searches on Maroun with the LEXIS/NEXIS "Accurint" database service, and has been unable to locate any better address.

**ATTEMPTS TO SERVE KANTAR WITH THE CHARGING ORDER**

20. Saadi has also attempted to serve of the charging order on CTI by serving member Kantar. In addition to the efforts described in paragraphs 16-17 above, Saadi has taken the following steps:

21. Saadi conducted a skip-trace search on Kantar using the LEXIS/NEXIS "Accurint" database service, and located an address of 4221 W. Spruce St. Apt. 1312, Tampa Florida, 33701. Saadi attempted to serve Kantar at that address via certified mail, and that mailing was returned to Saadi as "Attempted – Not Known." A true and correct copy of such returned enveloped is attached as "Exhibit J."

22. Saadi hired Sean B. Segel, a process server, to serve Kantar with the charging order at that address. "Exhibit K," *Segal Aff.* ¶¶4-5. Segal repeatedly attempted to serve Kantar at that address, and ultimately concluded that Kantar does not reside at that address. "Exhibit "K," *Segal Aff.* ¶6.

23. Indeed, CTI's own filings indicate that as of January, 2012, Kantar is residing in Beirut, Lebanon. See *Kantar Decl.* [*Document #135-3*].

24. In short, Maroun and Kantar have made it impossible for Saadi to serve CTI with the charging order because they have rendered themselves—and CTI—"unservable." Obviously, Maroun and Kantar's intent is to conclude this case while simultaneously dodging service of the charging order entered against CTI. Thus, the only means by which Saadi can

ensure that the charging order is obeyed is to intervene herein for the purpose of asserting the charging order against CTI.

**MEMORANDUM IN SUPPORT**

Rule 24(a)(2) of the Federal Rules of Civil Procedure states that anyone who "*claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest...*" **must** be permitted to intervene. F.R.C.P. Rule 24(a).

Saadi has an interest in the property or transaction at issue in this case. The membership interest in CTI is Maroun's sole asset, and CTI's sole asset is the claim asserted in the instant case. Saadi has obtained a charging order against CTI which requires CTI to pay to Saadi, instead of Maroun, the full amount of Saadi's outstanding $90,000.00 judgment against Maroun. Any funds which are paid to CTI in settlement or other resolution of this case will be subject to that charging order.

As described above, Saadi has been unable to perfect service of the charging order on CTI. As such, CTI may take the position that it is not obligated to comply with the charging order because proper service of the charging order has not been perfected. Therefore, disposing of this action without including Saadi as an interested party will severely impair (or render impossible) Saadi's ability to protect his interest and to enforce the charging order.

CTI is to blame for Saadi's inability to perfect service. CTI has repeatedly reported false address information for its registered agent to the Florida Secretary of State. CTI also refused to accept certified mailings sent to the P.O. Box which it lists as the "current mailing address" for the company. Moreover, Maroun and Kantar have rendered themselves impossible to find, or placed themselves beyond the territorial boundary of the United States.

The interests of justice require that Maroun and CTI not be permitted to evade the requirements of the charging order by dodging service of it upon CTI. Saadi must be permitted to intervene in the instant case so that his interests will not be prejudiced. Intervention will permit Saadi to ensure that the charging order will be served and honored, and that it will be enforced against any potential proceeds paid to CTI by the Defendants in this case.

## CONCLUSION

For all of the foregoing reasons, Edward T. Saadi's ***Motion for Leave to Intervene to Assert Charging Order Against Plaintiff Capital Trans International, LLC*** should be granted.

## PROPOSED PLEADING

A proposed ***Complaint of Intervenor Edward T. Saadi*** is attached hereto as "Exhibit L" should leave be granted, as required by Rule 24(c).

Dated this 14 day of May, 2012

EDWARD T. SAADI
*Pro-Se* Applicant in Intervention
970 Windham Court, Suite 7
Boardman, Ohio 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

Edward T. Saadi

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I mailed the foregoing document by first-class mail to the following:

Christi Adams, Esq.
FOLEY & LARDNER, LLP
111 N. Orange Ave., Suite 1800
P.O. Box 2193
Orlando, FL 32802-2193

William J. F. Roll, Esq.
SHEARMAN & STERLING
599 Lexington Ave.
New York, NY 10022

John C. Dotterer, Esq.
AKERMAN SENTERFIT
Suite 330
125 Worth Ave.
Palm Beach, FL 33480

Henry Weisburg, Esq.
SHEARMAN & STERLING
599 Lexington Ave.
New York, NY 10022

John Richard Hamilton, Esq.
FOLEY & LARDNER, LLP
111 N. Orange Ave., Suite 1800
P.O. Box 2193
Orlando, FL 32802-2193

Jenny Torres, Esq.
AKERMAN SENTERFIT
25TH Floor
1 SE 3RD Ave.
Miami, FL 33131-1714

EDWARD T. SAADI
970 Windham Court, Suite #7
Boardman, Ohio 44512
(330) 782-1954; (330) 266-7489 (fax)
EdwardSaadi@aol.com