عقد التأسيس

آبار للإستثمار البترولي

( شركة مساهمة عامة )

أنه في يوم          الموافق      /   / 2005 تم الاتفاق بين كل من السادة المبينة أسماؤهم في الجدول المرفق على ما يلي:

المادة ( 1 )

اتفق الموقعون على هذا العقد على تأسيس شركة مساهمة عامة طبقاً لأحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له والنظام الأساسي الملحق بهذا العقد.

المادة ( 2 )

اسم هذه الشركة هو " آبار للإستثمار البترولي" (شركة مساهمة عامة) ويشار إليها فيما بعد بلفظ "الشركة".

المادة ( 3 )

مركز الشركة الرئيسي ومحلها القانوني في مدينة أبو ظبي بإمارة أبو ظبي، ويجوز لمجلس الإدارة أن ينشئ لها فروعاً أو مكاتب أو توكيلات في دولة الإمارات العربية المتحدة أو في خارجها.

المادة ( 4 )

مدة هذه الشركة هي مدة (100) مئة سنة ميلادية تبدأ من تاريخ صدور قرار وزير الاقتصاد والتخطيط بإعلان تأسيسها. وتجدد بعد ذلك تلقائياً لمدد متعاقبة مماثلة ما لم يصدر قرار من الجمعية العمومية غير العادية بإنهاء الشركة.

المادة ( 5 )

تكون أغراض الشركة كما يلي:

1. الاستثمار في المشروعات التجارية والصناعية وتأسيسها وإدارتها بما في ذلك تملك الشركات العاملة في قطاع النفط والغاز.

2. تأسيس أو المساهمة أو المشاركة في الشركات والمشاريع العاملة أو التي تستثمر في الأنشطة والشركات المذكورة أعلاه سواء داخل دولة الإمارات أو خارجها.

3. إدارة الأنشطة والمشاريع المذكورة آنفاً سواء داخل دولة الإمارات أو خارجها.



2

4. مزاولة أي عمل أو نشاط والقيام بأي شيء مهما كانت طبيعته والذي يكون، وفقاً لرأي مجلس إدارة الشركة مرتبطاً أو تابعاً لأي من أغراض الشركة، أو من شأنه سواء بشكل مباشر أو غير مباشر أن يزيد قيمة أو زيادة ربحية كل أو أي من تعهدات الشركة وممتلكاتها وموجوداتها ولتدعيم مصالح الشركة أو المساهمين فيها.

5. القيام بكافة الأعمال التي تؤدي وفقاً لرأي مجلس إدارة الشركة إلى تحقيق كل أو أي من الأغراض المنوه عنها أعلاه أو تعد تابعة لها.

ويجوز للشركة أن تكون لها مصلحة أو أن تشترك بأي وجه مع غيرها من الهيئات أو الشركات التي تزاول أعمالاً شبيهة بأعمالها أو التي قد تعاونها على تحقيق غرضها في داخل الدولة أو خارجها ولها أن تشتري هذه الهيئات أو الشركات أو أن تلحقها بها.

تفسر أغراض وصلاحيات الشركة المنصوص عليها في الفقرات أعلاه بشكل غير مقيد وبأوسع معانيها. ويجوز للشركة أن تحقق أغراضها وتمارس صلاحياتها المذكورة في دولة الإمارات العربية المتحدة وفي الأماكن الأخرى على امتداد العالم، كما يجوز لها توسيعها وتغييرها وتعديلها بأية طريقة من وقت لآخر ويقرر من الجمعية العمومية غير العادية طبقاً لأحكام قانون الشركات التجارية.

المادة ( 6 )

حدد رأس مال الشركة بمبلغ تسعمائة مليون (900,000,000) درهم موزع على تسعمائة مليون (900,000,000) سهم بقيمة اسمية قدرها درهم واحد (1) للسهم الواحد، وجميعها أسهم نقدية ويضاف إلى قيمة كل سهم فلسان (2) مقابل مصاريف إصدار.

المادة ( 7 )

اكتتب المؤسسون الموقعون على هذا العقد في رأس مال الشركة بأسهم عددها أربعمائة وخمسة مليون (405,000,000) سهم بقيمة اسمية قدرها درهم واحد (1) لكل سهم مضافاً إليها فلسين (2) مقابل مصاريف إصدار وقد دفع كل منهم كافة المبالغ المستحقة عليه وتم إيداع الحصيلة لدى بنك الخليج الأول، وسيتم طرح بقية الأسهم للاكتتاب تمام. ومع مراعاة أحكام المادة (93) من قانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له لا يجوز سحب هذا المبلغ إلا بقرار من مجلس الإدارة بعد صدور قرار وزير الاقتصاد والتخطيط بإعلان تأسيس الشركة وقيدها في السجل التجاري.



3

CONFIDENTIAL                    Aabar 0064

المادة ( 8 )

يتعهد المؤسسون الموقعون على هذا العقد بالقيام بجميع الإجراءات اللازمة لإتمام تأسيس الشركة، ولهذا الغرض فقد قاموا بتعيين لجنة مكونة من السادة:

1. السيد / سهيل بن فارس المزروعي            (رئيساً للجنة ومفوضاً عنها)
2. السيد / راشد سيف بن جبر السويدي         (نائباً للرئيس)
3. السيد / أحمد علي الصايغ                    (عضواً)
4. السيد / ناصر أحمد خليفة السويدي          (عضواً)
5. السيد / ظافر سحمي الأحبابي               (عضواً)

كوكلاء عنهم مجتمعين ومنفردين لتقديم طلب الترخيص لتأسيس الشركة واتخاذ الإجراءات القانونية واستيفاء المستندات اللازمة وإدخال تعديلات التي تراها الجهات المختصة لازمة على هذا العقد أو على النظام الأساسي للشركة المرفق به.

المادة ( 9 )

تقدر المصروفات والنفقات والأجور والتكاليف الأخرى التي تلتزم الشركة بدفعها بسبب تأسيسها كشركة مساهمة عامة بحوالي ثمانية عشر مليون (18,000,000) مليون درهم ويتم قيدها في حساب المصروفات العامة للشركة.

المادة ( 10 )

يعتبر النظام الأساسي المرفق بهذا العقد مكملاً له وجزءاً لا يتجزأ منه.

المادة ( 11 )

بمقتضى أحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له، تكون للشركة شخصية قانونية مستقلة تماماً عن الأشخاص المساهمين فيها، ولا يلتزم المساهمون بأية التزامات على الشركة إلا في حدود المبلغ المتبقي غير المدفوع على ما يملكون من أسهم (إن وجد)، ولا يجوز زيادة التزاماتهم إلا بموافقتهم الإجماعية.

المادة ( 12 )

حرر هذا العقد من عدة نسخ، لكل من المتعاقدين نسخة، وتحفظ نسخ الأخرى لتقديمها إلى الجهات المختصة عند طلب التراخيص اللازمة لتأسيس الشركة.



4

المؤسسون

| م | الإسم | عدد الأسهم | توقيع المخول بالتوقيع |
|---|---|---|---|
| 1. | الريان للإستثمار | 132,775,000 | |
| 2. | المؤسسة العامة للخدمات البترولية | 63,750,000 | |
| 3. | مؤسسة الأمن | 53,125,000 | |
| 4. | مؤسسة إستثمار | 22,500,000 | |
| 5. | المستثمر الوطني | 19,450,000 | |
| 6. | مؤسسة إيتك لإدارة وتطوير المشاريع | 12,000,000 | |
| 7. | شركة أبو ظبي للإستثمار | 10,000,000 | |
| 8. | سباقة للتنمية | 10,000,000 | |
| 9. | مؤسسة نافل | 8,000,000 | |
| 10. | وسميات للإستثمار | 3,200,000 | |
| 11. | الضامن للإستشارات المالية | 3,000,000 | |
| 12. | النهضة للإستثمار | 3,000,000 | |
| 13. | شركة بريد للإستثمار المحدودة | 3,000,000 | |
| 14. | كابيتال إنفستمنت | 3,000,000 | |
| 15. | الشيخ/ سعيد بن زايد آل نهيان | 3,000,000 | |
| 16. | الشيخ/ سيف بن زايد آل نهيان | 3,000,000 | |
| 17. | الشيخ/ طحنون بن زايد آل نهيان | 3,000,000 | |
| 18. | الشيخ/ حامد بن زايد آل نهيان | 3,000,000 | |
| 19. | الشيخ/ عيكاشة بن زايد آل نهيان | 3,000,000 | |
| 20. | الشيخ/ عمد بن خليفة آل نهيان | 3,000,000 | |
| 21. | الشيخ/ نهيان بن مبارك آل نهيان | 3,000,000 | |
| 22. | الشيخ/ نهيان بن حمدة آل نهيان | 1,000,000 | |
| 23. | الشيخ/ سلطان بن طحنون آل نهيان | 1,000,000 | |
| 24. | أحمد بن عبد بن أحمد الحميري | 400,000 | |
| 25. | أحمد جمعة الزعابي | 400,000 | |
| 26. | أحمد علي البلوشي | 400,000 | |
| 27. | أحمد علي الصايغ | 400,000 | |
| 28. | أحمد مبارك الزروعي | 400,000 | |
| 29. | إبراهيم عبدالرحمن العابد | 400,000 | |
| 30. | جابر سحمي الأحبابي | 400,000 | |
| 31. | جمعة أحمد قروادي | 400,000 | |
| 32. | حمد بن سهيل بن مبارك الكتبي | 400,000 | |
| 33. | حمد راشد نبيل علي النعيمي | 400,000 | |

5

| | المبلغ | الاسم | الرقم |
|---|---|---|---|
| | 400,000 | حمد سلطان الدرمكي | 34. |
| | 400,000 | حمد عمر الحر السويدي | 35. |
| | 400,000 | حمد عبد الشامسي | 36. |
| | 400,000 | حميد سعيد عامر حمد النيادي | 37. |
| | 400,000 | حميد عبد الله سعيد الدرعي | 38. |
| | 400,000 | خلفان بن سلطان حضرم | 39. |
| | 400,000 | خلفان غيث الحولي | 40. |
| | 400,000 | عائشة أحمد خلفان غيث الحولي | 41. |
| | 400,000 | راشد سالم المنصوري | 42. |
| | 400,000 | راشد سعيد سالم العامري | 43. |
| | 400,000 | راشد سيف بن جمر السويدي | 44. |
| | 400,000 | رياض الكندي | 45. |
| | 400,000 | زايد الشامسي | 46. |
| | 400,000 | زهير أبو الأديب | 47. |
| | 400,000 | سالم حمد عتودة العامري | 48. |
| | 400,000 | سالم راشد النيادي | 49. |
| | 400,000 | سالم سعيد العامري | 50. |
| | 400,000 | سعيد نخيث الكتبي | 51. |
| | 400,000 | سعيد خلفان مطر الرميثي | 52. |
| | 400,000 | سعيد عبد النقلي | 53. |
| | 400,000 | سعيد محمد بن بطي بن محمد خلفان القبيسي | 54. |
| | 400,000 | سلطان الشامسي | 55. |
| | 400,000 | سلطان خلفان حضرم الكتبي | 56. |
| | 400,000 | سلطان غصن نخيث السلمي | 57. |
| | 400,000 | سهيل بن فارس المزروعي | 58. |
| | 400,000 | ظافر صحمي الأحبابي | 59. |
| | 400,000 | عبد الرحمن باثور الرميثي | 60. |
| | 400,000 | عبد العزيز حسين أحمد | 61. |
| | 400,000 | عبدالحميد سعيد | 62. |
| | 400,000 | عبدالله الرمي | 63. |
| | 400,000 | عبدالله أحمد الرميثي | 64. |
| | 400,000 | عبدالله نخيث سيف مرشد النمر | 65. |
| | 400,000 | عبدالله راشد عبدالله القبيسي | 66. |
| | 400,000 | عبدالله عتبي الرميثي | 67. |
| | 400,000 | عبدالله علي الصايغ | 68. |
| | 400,000 | عبدالله محمد خالد النمر بني ياس | 69. |
| | 400,000 | عبدالله حمود القبيسة | 70. |

6

| | 400,000 | عبد الجبار | 71. |
|---|---|---|---|
| | 400,000 | عبد الخيري الكتبي | 72. |
| | 400,000 | عبد صالح النعيمي | 73. |
| | 400,000 | عتيق جمعة درويش | 74. |
| | 400,000 | علي الشامسي | 75. |
| | 400,000 | علي بن سالم عبيد الكتبي | 76. |
| | 400,000 | علي سعيد حرمل الظاهري | 77. |
| | 400,000 | عوض طريف | 78. |
| | 400,000 | عيسى برشهاب | 79. |
| | 400,000 | عيسى سعيد الحبلي | 80. |
| | 400,000 | فارس سهيل البوعيني | 81. |
| | 400,000 | مبارك أحمد بن حمودة الظاهري | 82. |
| | 400,000 | مبارك حمد المهيري | 83. |
| | 400,000 | مبارك سهيل راشد عبيد الحميري | 84. |
| | 400,000 | مبارك مطر الحميري | 85. |
| | 400,000 | محمد الكتبي | 86. |
| | 400,000 | محمد أحمد البوراوردي | 87. |
| | 400,000 | محمد أحمد سلطان غروم الشاملي | 88. |
| | 400,000 | محمد يعلي النعيمي | 89. |
| | 400,000 | محمد بن دحتال السويدي | 90. |
| | 400,000 | محمد درويش دانغر المرو | 91. |
| | 400,000 | محمد راشد بن غدير | 92. |
| | 400,000 | محمد راشد مبارك سالم الكتبي | 93. |
| | 400,000 | محمد سالم المهيري | 94. |
| | 400,000 | محمد سالم عويضة الحبلي | 95. |
| | 400,000 | محمد سيف المزروعي | 96. |
| | 400,000 | محمد صالح بدوة | 97. |
| | 400,000 | محمد ضاعن الشاملي | 98. |
| | 400,000 | محمد عبد الرحيم العلي | 99. |
| | 400,000 | مرشد ثاني مرشد غنام الرميثي | 100. |
| | 400,000 | مصبح الفتان | 101. |
| | 400,000 | مطر عبدالله المهيري | 102. |
| | 400,000 | ناصر أحمد خليفة السويدي | 103. |
| | 400,000 | ناصر سالم النعيمي | 104. |
| | 400,000 | ناصر سعيد الفلاحي | 105. |
| | 400,000 | نايل راشد الشامسي | 106. |
| | 400,000 | هاشم النيبة | 107. |

7



CONFIDENTIAL

Aabar 0068

| | | | |
|---|---|---|---|
| | 400,000 | يوسف مانع سعيد الحتية | 108. |
| | 400,000 | يوسف بن دوب الشركال | 109. |
| | 400,000 | سلطان خلفان مطر الرميثي | 110. |
| | 200,000 | سهيل العامري | 111. |
| | 200,000 | محمد علي الشامسي | 112. |
| | 405,000,000 | المجموع | |





8

**CONFIDENTIAL**                          Aabar 0069

النظام الأساسي
آبار للإستثمار البترولي
( شركة مساهمة عامة )

الباب الأول
في تأسيس الشركة

المادة ( 1 )

طبقاً لأحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له ولأحكام هذا النظام
الأساسي تأسست بين مالكي الأسهم شركة مساهمة عامة بالشروط المقررة التالية.

المادة ( 2 )

اسم الشركة هو " آبار للإستثمار البترولي" (شركة مساهمة عامة) ويشار اليها لاحقاً بلفظ "الشركة".

مادة ( 3 )

مركز الشركة الرئيسي ومحلها القانوني في مدينة أبو ظبي بإمارة أبو ظبي ويجوز لمجلس الإدارة أن ينشئ لها فروعاً
أو مكاتب أو توكيلات في دولة الإمارات العربية المتحدة أو في خارجها.

المادة ( 4 )

مدة الشركة هي مئة (100) سنة ميلادية تبدأ من تاريخ صدور قرار وزير الاقتصاد والتخطيط بإعلان تأسيسها، وتجدد
بعد ذلك تلقائياً لمدد متماثلة مماثلة ما لم يصدر قرار من الجمعية العمومية غير العادية بإنهاء الشركة.

المادة ( 5 )

تكون الأغراض التي تأسست من أجلها الشركة حسبما هو مبين في المادة (5) من عقد تأسيس الشركة.

الباب الثاني
في رأس مال الشركة

المادة ( 6 )

حدد رأس مال الشركة بمبلغ تسعمائة مليون (900,000,000) درهم موزع على تسعمائة مليون (900,000,000)
سهم بقيمة اسمية قدرها درهم واحد (1) لكل سهم وجميعها أسهم نقدية.



9

CONFIDENTIAL                                        Aabar 0070

المادة ( 7 )

تكون جميع أسهم الشركة اسمية ، ويجب ألا تقل نسبة مساهمة مواطني دولة الإمارات العربية المتحدة في أي وقت طوال مدة بقاء الشركة عن 51% من رأس المال.

المادة ( 8 )

تدفع كامل القيمة الاسمية لهذه الأسهم عند الاكتتاب بالإضافة إلى فلسين (2) عن كل سهم مقابل مصاريف الاصدار.

المادة ( 9 )

اكتتب المؤسسون الموقعون على عقد التأسيس بأسهم نقدية عددها أربعمائة وخمسة مليون (405,000,000) سهم بقيمة اسمية قدرها درهم واحد (1) لكل سهم مضافا إليها فلسين (2) مقابل مصاريف إصدار. وقد دفع كل منهم كامل قيمة الأسهم الاسمية التي اكتتب بها ومصاريف إصدارها وتم إيداعها جميعا لدى بنك الخليج الأول. وتطرح باقي الأسهم النقدية وعددها أربعمائة وخمسة وتسعين مليون (495,000,000) سهم للاكتتاب العام.

المادة ( 10 )

يجب أن يتم الوفاء بكامل قيمة كل سهم مكتتب فيه ومقابل مصاريف إصدار وقدرها فلسان (2) عن كل سهم عند التقدم بطلب الاكتتاب وذلك في المواعيد وبالطرق وراقا للإجراءات المعلن عنها في نشرة الاكتتاب. وتقيد المبالغ المدفوعة على مستندات الأسهم.

المادة ( 11 )

تستخرج صكوك الأسهم أو الشهادات المؤقتة بالأسهم من دفتر ذي قسائم وتعطى أرقاما متسلسلة يوقع عليها عضوان من أعضاء مجلس الإدارة وتختم بخاتم الشركة.

ويجب أن يتضمن السهم تاريخ القرار الصادر بالترخيص بتأسيس الشركة وتاريخ القرار الصادر بإعلان تأسيسها وتاريخ نشر كل منهما في الجريدة الرسمية وقيمة رأس مال للشركة وعدد الأسهم الموزع عليها ومركز الشركة الرئيسي ومدتها.

المادة ( 12 )

يسلم مجلس الإدارة لكل مساهم خلال ثلاثة أشهر من تاريخ صدور قرار إعلان تأسيس الشركة شهادات مؤقتة بالأسهم تقوم مقام الأسهم التي يملكها. ويسلم مجلس إدارة الشركة صكوك الأسهم خلال ستة أشهر من تاريخ إشهار الشركة في السجل التجاري.



10

Aabar 0071

إذا قررت الشركة إصدار أسهم جديدة، يوم مجلس الإدارة أو من يفوضه المجلس بذلك، خلال ثلاثة أشهر من تاريخ سريان القرار الخاص بإصدار تلك الأسهم بتسليم كل مساهم يطلب من الشركة ذلك ويسدد الرسم الإداري الذي تحدده الشركة، شهادة أسهم تمثل الأسهم الجديدة التي يمتلكها ذلك المساهم. ولا يتم إصدار شهادات أسهم مؤقتة ما لم يقرر مجلس الإدارة خلاف ذلك.

المادة ( 13 )

لا يلتزم المساهمون بأية التزامات أو خسائر على الشركة إلا في حدود المبلغ المتبقي غير المدفوع على ما يملكون من أسهم (إن وجد)، ولا يجوز زيادة التزاماتهم إلا بموافقتهم الإجماعية.

المادة ( 14 )

يترتب على ملكية قسهم قبول المساهم لنظام الشركة الأساسي ولقرارات جمعياتها العمومية، ولا يجوز المساهم أن يطالب باسترداد ما دفعه للشركة كحصة في رأس المال.

المادة ( 15 )

يكون السهم غير قابل للتجزئة.

المادة ( 16 )

كل سهم يخول مالكه الحق في حصة معادلة لحصة غيره بلا تمييز في ملكية موجودات الشركة عند تصفيتها وفي الأرباح على الوجه المبين فيما بعد وفي حضور جلسات الجمعية العمومية والتصويت على قراراتها.

المادة ( 17 )

أ-  تقوم الشركة في أقرب وقت ممكن بإدراج أسهمها في واحد أو أكثر من أسواق الأوراق المالية المرخصة في الدولة. كما يجوز لمجلس الإدارة إدراجها في الأسواق المالية الأخرى خارج الدولة. ويترجب على الشركة في حالة إدراج أسهمها في الأسواق المالية في الخارج أو في الداخل أن تتبع القوانين والأنظمة وقلرائح المعمول بها في تلك الأسواق ، بما في ذلك قوانين وأنظمة ولوائح إصدار وتسجيل أسهم الشركة وتداولها ونقل ملكيتها وترتيب الحقوق عليها وذلك دون حاجة إلى تعديل الأحكام الواردة في هذا النظام الأساسي في حالة تعارضها مع تلك لقوانين أو الأنظمة أو اللوائح.

ب-  تقوم الشركة عند اكتمال إدراج أسهمها في أحد الأسواق المالية المرخصة في الدولة باستبدال شهادات الأسهم المؤقتة ونظام سجل الأسهم ونقل ملكيتها الخاص بنظام الكتروني لتسجيل الأسهم وقيد نقل ملكيتها وفقاً لنظام قيد وتسجيل الأسهم المعمول به في تلك السوق. وتعتبر البيانات الواردة في هذا النظام الالكتروني نهائية وملزمة ولا يجوز الطعن فيها أو طلب تغيير تقنها أو تغييرها إلا وفقاً للنظام والإجراءات المتبعة في السوق المعني.



11

ج-   يجوز بيع أسهم الشركة أو نقل ملكيتها أو رهنها أو التصرف أو التداول بها طبقا لأحكام هذا النظام الأساسي. ويجب تدوين تلك التصرفات في سجل خاص يسمى "سجل الأسهم". وذلك بعد استلام الشركة أو أمين السجل إشعارا خطيا موقعا من المتنازل والمتنازل له بذلك الشأن. وللشركة أن تطلب ترخيص تلك التوقيعات أو التصديق عليها، على أنه في الأحوال التي تكون فيها أسهم الشركة مدرجة في سوق مالية في دولة الإمارات العربية المتحدة، تجري تلك التصرفات والتعاملات ويتم قيدها وتسجيلها طبقا للقواعد المتبعة في السوق.

د-   في حالة وفاة أحد المساهمين يكون وريثه هو الشخص الوحيد الذي تراه الشركة بأن له حقوق ملكية أو مصلحة في أسهم المتوفى ويكون له الحق في الأرباح والامتيازات الأخرى التي كان للمتوفى حق فيها، ويكون له الحق بعد تسجيله في الشركة وفقاً لأحكام هذا النظام الأساسي، ذات الحقوق كمساهم في الشركة التي كان يتمتع بها المتوفى فيما يخص هذه الأسهم، ولا تُعفى تركة المساهم المتوفى من أي التزام فيما يختص بأي سهم كان يملكه وقت الوفاة.

هـ-   يجب على أي شخص يصبح له الحق في أية أسهم في الشركة نتيجة لوفاة أي مساهم أو بمقتضى أمر حجز صادر عن أية محكمة مختصة أن يقوم خلال ثلاثين يوماً:

(1)   بتقديم البينة على أن هذا الحق إلى مجلس الإدارة

(2)   وأن يختار إما أن يتم تسجيله كمساهم أو أن يسمي شخصاً ليتم تسجيله كمساهم فيما يختص بذلك السهم.

و-   يكون للشركة الحق في أن تطلب التصديق على توقيع الطرفين على أي مستند يتعلق بأي تعامل في أسهم الشركة وأن تطلب إثبات أهليتها القانونية. ويعتبر المتنازل مساهماً إلى أن يتم قيد المتنازل له أصولاً في سجل الأسهم المحتفظ به بمقتضى هذا النظام الأساسي على أن يخل ذلك بأحكام تسجيل نقل ملكية الأسهم المعمول بها في الأسواق المالية المدرجة فيها للشركة عند اكتمال إجراء أسهم الشركة في هذه الأسواق.

ز-   يكون لأي مساهم الحق في شهادة بديلة عن الشهادة الخاصة بأسهم الشركة التي يملكها في حال فقدان أو تلف النسخة الأصلية، على أن يؤشر على الشهادة البديلة بأنها شهادة بديلة عن الشهادة المفقودة أو التالفة. وتسبغ هذه الشهادة البديلة للمساهم قمني كافة الحقوق وترتب عليه كافة الالتزامات التي كانت على الشهادة المفقودة أو التالفة.

المادة ( 18 )

لا يجوز لورثة المساهم أو دائنيه بأية حجة كانت أن يطالبوا وضع الأختام على دفاتر الشركة أو ممتلكاتها ولا أن يطلبوا قسمتها أو بيعها جملة لعدم إمكان القسمة ولا أن يتدخلوا بأية طريقة كانت في إدارة الشركة ويجب عليهم لدى استعمال حقوقهم التعويل على قوائم جرد الشركة وحساباتها الختامية وعلى قرارات جمعياتها العمومية.





12

المادة ( 19 )

تدفع الشركة حصص الأرباح المستحقة عن السهم لآخر مالك له مقيد اسمه في سجل الأسهم في تاريخ الذي تقرره الجمعية العمومية لتوزيع الأرباح ويكون له وحده الحق في المبالغ المستحقة عن ذلك للسهم سواء كانت حصصاً في الأرباح أو نصيباً في موجودات الشركة.

المادة ( 20 )

أ‌- مع مراعاة أحكام المادة (200) من القانون الاتحادي رقم (8) لسنة 1984 في شـأن الشـركات التجاريـة والقوانين المعدلة له يجوز زيادة رأس مال الشركة بإصدار أسهم جديدة بنفس قيمة الاسمية التـي للأسـهم الأصلية كما يجوز تخفيضه بعد الحصول على موافقة وزارة الاقتصاد والتخطيط.

ب‌- ولا يجوز إصدار الأسهم الجديدة بأقل من قيمتها الاسمية، وإذا تم إصدارها بأكثر من ذلك أضيف الفرق إلى الاحتياطي القانوني ولو جاوز بذلك نصف رأس مال الشركة.

ج‌- وتكون زيادة رأس المال أو تخفيضه بقرار من الجمعية العمومية غير العادية بناء على اقتراح من مجلس الإدارة في الحالتين وبعد سماع تقرير مراجع الحسابات في حالة أي تخفيض، وعلى أن يبين في حالة الزيادة مقدارها وسعر إصدار الأسهم وحق المساهمين القدامى في أولوية الاكتتاب في هذه الزيادة وبين في حالة التخفيض مقدار هذا التخفيض وكيفية تنفيذه.

الباب الثالث
في سندات القرض

المادة ( 21 )

مع مراعاة أحكام المواد (179) و(181) و(183) من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له ، للجمعية العمومية غير العادية للشركة أن تقرر إصدار سندات قرض من أي نوع كانت، وبين القرار قيمة هذه السندات وشروط إصدارها ومدى قابليتها للتحويل إلى أسهم. وإما أن تصدر قراراً بتخويل مجلس الإدارة بشكل عام تحديد وتعديل وشروط وحالات هذا الإصدار حسبما يراه مجلس الإدارة مناسباً في هذا الصدد على أن يؤشر بالقرض في السجل التجاري وتخطر وزارة الاقتصاد والتخطيط والسلطة المختصة.



13

CONFIDENTIAL                                           Aabar 0074

الباب الرابع
مجلس إدارة الشركة

المادة ( 22 )

أ‌- يتولى إدارة الشركة مجلس إدارة يشكل من خمسة (5) أعضاء تنتخبهم الجمعية العمومية العادية بالتصويت السري، ويجب في جميع الأحوال أن تكون غالبية أعضاء المجلس بمن فيهم رئيس المجلس من مواطني دولة الإمارات العربية المتحدة.

ب‌- إستثناء من طريقة التعيين سالفة الذكر، فقد اختار المؤسسون مجلس الإدارة الأول للشركة من الأشخاص التالية أسماؤهم (وهم من بين المؤسسين ومن يمثلهم) لمدة ثلاث (3) سنوات تبدأ من تاريخ صدور قرار وزير الاقتصاد والتخطيط بإعلان تأسيس الشركة:

1. السيد / سهيل بن فارس المزروعي
2. السيد / راشد سيف بن جبر السويدي
3. السيد/ أحمد علي الصايغ
4. السيد/ ناصر أحمد خليفة السويدي
5. السيد/ ظافر سحمي الأحبابي

المادة ( 23 )

أ‌- يتولى كل عضو من أعضاء مجلس الإدارة منصبه لمدة ثلاث سنوات، وفي نهاية هذه المدة يعاد تشكيل المجلس، ويجوز إعادة تعيين الأعضاء الذين انتهت مدة عضويتهم.

ب‌- لمجلس الإدارة أن يعين أعضاء في المراكز التي تخلو في أثناء السنة على أن يُعرض هذا التعيين على الجمعية العمومية العادية في أول اجتماع لها لإقرار تعيينهم أو تعيين غيرهم ، وإذا بلغت المراكز الشاغرة في أثناء السنة ربع عدد أعضاء المجلس أو أكثر وجب على مجلس الإدارة دعوة الجمعية العمومية العادية للاجتماع خلال ثلاثة أشهر على الأكثر من تاريخ شغر آخر مركز لانتخاب من يملأ المراكز الشاغرة وفي جميع الأحوال يكمل العضو الجديد مدة سلفه ويكون هذا العضو كله للانتخاب مرة أخرى.

المادة ( 24 )

ينتخب مجلس الإدارة من بين أعضائه رئيساً ونائباً للرئيس ويشترط أن يكون الرئيس من مواطني الدولة ويمثل رئيس المجلس الشركة أمام القضاء، وعليه تنفيذ القرارات التي يصدرها المجلس ويقوم نائب الرئيس مقام الرئيس عند غيابه أو قيام مانع لديه.



14

CONFIDENTIAL                                    Aabar 0075

المادة ( 25 )

يجوز لمجلس الإدارة أن يعين من بين أعضائه عضواً منتدباً أو أكثر للإدارة ويحدد المجلس اختصاصاته ومكافآته، كما يكون له أن يشكل من بين أعضائه لجنة أو أكثر يمنحها بعض اختصاصاته أو يسند إليها بمراقبة سير عمل، بالشركة وتنفيذ قرارات المجلس.

المادة ( 26 )

لمجلس الإدارة كافة السلطات في إدارة شركة والقيام بكافة الأعمال والتصرفات نيابة عن الشركة حسبما هو مصرح للشركة القيام به، وممارسة كافة الصلاحيات المطلوبة لتحقيق أغراضها. ولا يحد من هذه السلطات والصلاحيات إلا بما نص عليه في القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له وعقد التأسيس أو النظام الأساسي أو بقرار من الجمعية العمومية. كما تم تفويض مجلس الإدارة صراحة ولأغراض المادة (103) من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له بـإبرام الاتفاقيـات الخاصـة بالقروض لمدة تتجاوز الثلاث (3) سنوات ورهن موجودات الشركة عند الضرورة وإجراء ذمة مديني الشركة من مستولياتهم وإجراء المصالحات والموافقة على التحكيم.

لمجلس الإدارة كافة السلطات وصلاحيات لاستخدام أي من موجودات الشركة وأموالها لتمكين الشركة مـن شـراء وتملك والاستثمار في شركات عاملة في قطاع البترول. فيجوز لمجلس الإدارة على سبيل المثال لا الحصر نيابة عـن ويباس الشركة إبرام الاتفاقيات والعقود خاصة بشراء الشركات من قبل شركة والاستثمار في تلك الشركات وإدارتها.

لا يجوز لمجلس الإدارة أن يغير في طبيعة نشاط الشركة إذا كان ذلك التغيير في نشاط جوهرياً أو من شأنه التأثير في قدرة الشركة بشكل أساسي على ممارسة نشاطها بنفس الطريقة وينفس الشركة السابقة مباشرة على ذلك التغيير، ما لـم يكن ذلك التغيير قد أجيز بقرار من الجمعية العمومية للشركة بالأغلبية المنصوص عليها في المادة (141) من القـانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له.

ويضع مجلس الإدارة اللوائح المتعلقة بشئون الإدارية والمالية وشئون الموظفين ومستحقاتهم المالية، كما يضع المجلس لائحة خاصة بتنظيم أعماله واجتماعاته وتوزيع الاختصاصات والمسئوليات.

ويجب على كل عضو في مجلس إدارة الشركة أن يقوم خلال (15) خمسة عشر يوما من انتخابه عضوا فـي مجلـس الإدارة وخلال (15) خمسة عشر يوما من نهاية كل سنة مالية للشركة، بتوجيه إخطار خطي إلى الشركة بعدد الأسـهم التي يمتلكها في الشركة، كما عليه أن يخطر الشركة خطياً وبصورة فورية بأية تصرفات يجريها في أي وقـت علـى أسهمه في الشركة.

المادة ( 27 )

يملك حق التوقيع عن الشركة على انفراد كل من رئيس مجلس الإدارة أو نائبه أو عضـو مجلـس الإدارة المنتدب أو أي شخص آخر يفوضه المجلس في ذلك على أن يتم ذلك في جميع الأحوال في حدود قرارات مجلس الإدارة.



15



المادة ( 28 )

ينعقد مجلس الإدارة لاجتماعاته في المركز الرئيسي للشركة أو في أي مكان آخر في دولة الإمارات العربية المتحدة
يوافق عليه أعضاء مجلس الإدارة كلما دعت الحاجة إلى انعقاده بناء على دعوة الرئيس أو نائبه في حالة غيابه أو بناء
على طلب عضوين من أعضاء المجلس ويجب أن يجتمع مجلس الإدارة أربع (4) مرات في السنة على الأقل.

المادة ( 29 )

لا يكون اجتماع مجلس الإدارة صحيحاً إلا بحضور أغلبية أعضائه، ويجوز لعضو مجلس الإدارة أن ينيب عنه غيره
من أعضاء المجلس في التصويت، وفي هذه الحالة يكون لهذا العضو صوتان، لا يجوز أن ينوب عضو مجلس الإدارة
عن أكثر من عضو واحد. ويعتبر عضو مجلس الإدارة حاضراً إذا كان حضوره شخصياً أو عن طريق الهاتف أو من
خلال أية وسيلة مرئية كالفيديو الهاتفي.

وتصدر قرارات مجلس الإدارة بأغلبية أصوات الأعضاء الحاضرين والممثلين وإذا تساوت الأصوات رجح الجانب
الذي منه الرئيس أو من يقوم مقامه، ولا يجوز التصويت بالمراسلة، وبالرغم مما ورد في هذا النظام الأساسي، يعتبر
قرار مجلس الإدارة المكتوب والموقع عليه من جميع أعضاء مجلس الإدارة نافذاً وصحيحاً وبمثابة قرار اتخذ في
اجتماع مجلس إدارة تمت الدعوة إليه وانعقد أصولاً.

ويعد سجل خاص تثبت فيه محاضر اجتماعات المجلس ويوقع على المحضر الأعضاء الذين حضروا الاجتماع ومقرر
المجلس، ويجوز للعضو المعارض إثبات رأيه في المحضر.

يجب على أي عضو من أعضاء مجلس الإدارة تكون له مصلحة خاصة في أي معاملة أو مسألة مطروحة على المجلس
لمناقشتها والموافقة عليها أن يخطر المجلس بهذه المصلحة، ويجب أن تكون في محضر الاجتماع، ولا يجوز لهذا العضو
التصويت على القرار الخاص بهذه المعاملة أو المسألة المعنية.

المادة ( 30 )

إذا تغيب أحد أعضاء مجلس الإدارة عن حضور أكثر من ثلاث جلسات متتالية بدون عذر يقبله المجلس اعتبر مستقيلاً.

كما يشغر أيضاً منصب عضو المجلس في حال أن ذلك للعضو:

1-    توفى أو أصيب بمارض من عوارض الأهلية أو أصبح عاجزاً بصورة أخرى عن النهوض بمهامه كعضو
      في المجلس، أو
2-    أدين بأية جريمة مخلة بالشرف والأمانة، أو
3-    أعلن إفلاسه أو توقف عن دفع ديونه التجارية حتى لو لم يقترن ذلك بإشهار إفلاسه، أو
4-    استقال من منصبه بموجب إشعار خطي أرسله للشركة بهذا المعنى، أو
5-    انتهت مدة عضويته ولم يعد انتخابه، أو
6-    صدر قرار من الجمعية العمومية بعزله، أو
7-    كانت عضويته مخالفة لأحكام المادة (98) من كانون الشركات التجارية.

16





المادة ( 31 )

لمجلس الإدارة الحق في أن يعين مديراً للشركة أو عدة مديرين أو وكلاء مفوضين وأن يحدد صلاحياتهم وشروط خدماتهم ورواتبهم ومكافآتهم.

المادة ( 32 )

مع مراعاة أحكام المادة (33) من هذا النظام لا يكون أعضاء مجلس الإدارة مسئولين مسئولية شخصية فيما يتعلق بالتزامات الشركة الناتجة عن قيامهم بواجباتهم كأعضاء مجلس إدارة بالقدر الذي لا يتجاوزون فيه حدود سلطاتهم.

المادة ( 33 )

يكون رئيس مجلس الإدارة وأعضاؤه مسئولين تجاه الشركة والمساهمين والغير عن جميع أعمال الغش وإساءة استعمال السلطات الممنوحة لهم وعن أي مخالفة للقانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له أو أي قانون آخر أو لهذا النظام كما يكونون مسئولين عن أي خطأ في الإدارة.

المادة ( 34 )

بدون إخلال بأحكام المادة (118) من قانون الشركات التجارية، يتم تحديد مكافأة أعضاء مجلس الإدارة بمبلغ مقطوع لكل منهم بناء على اقتراح مجلس الإدارة وموافقة الجمعية العمومية العادية عليه. كما يجوز أن تدفع الشركة مصاريف أو أتعاباً إضافية أو مرتباً شهرياً بالقدر الذي يقرره مجلس الإدارة لأي عضو من أعضائه إذا كان ذلك العضو يعمل في أي لجنة أو يبذل جهوداً خاصة أو يقوم بأعمال إضافية لخدمة الشركة فوق واجباته العادية كعضو في مجلس إدارة الشركة.

الباب الخامس
في الجمعية العمومية

المادة ( 35 )

الجمعية العمومية المكونة تكويناً صحيحاً تمثل جميع المساهمين ولا يجوز انعقادها إلا في مدينة أبوظبي.

المادة ( 36 )

لكل مساهم الحق في حضور الجمعية العمومية للمساهمين ويكون له عدد من الأصوات يعادل عدد أسهمه. ولكل مساهم أن ينيب عنه غيره من غير أعضاء مجلس الإدارة في حضور الجمعية العمومية. ويشترط لصحة النيابة أن تكون



17

بتوكيل كتابي خاص وفق الشروط التي يحددها مجلس الإدارة. كما يجب قيد ذلك التوكيل لدى الشركة أو أمين سجلها قبل يومين على الأقل من تاريخ الاجتماع طبقا للتعليمات الواردة في الدعوة الموجهة إلى المساهمين لحضور الاجتماع.

المادة ( 37 )

توجه الدعوة إلى المساهمين لحضور اجتماعات الجمعية العمومية بإعلان في صحيفتين يوميتين تصدران باللغة العربية في دولة الإمارات العربية المتحدة وبكتب مسجلة وذلك قبل الموعد المحدد للاجتماع بواحد وعشرين يوما على الأقل، ويجب أن تتضمن الدعوة جدول أعمال ذلك الاجتماع وترسل صورة من أوراق الدعوة لكل من الوزارة والسلطة المختصة.

المادة ( 38 )

يضع المؤسسون جدول أعمال الجمعية العمومية التأسيسية ويضع مجلس الإدارة جدول أعمال الجمعية العمومية العادية وغير العادية، وفي الأحوال التي يجوز فيها عقد الجمعية العمومية بناء على طلب المساهمين أو مراجعي الحسابات أو وزارة الاقتصاد والتخطيط يضم جدول الأعمال الجهة التي طلبت عقد اجتماع الجمعية.

المادة ( 39 )

أ—   يسجل المساهمون الذين يرغبون في حضور اجتماعات الجمعية العمومية العادية وغير العادية أسماءهم في السجل الالكتروني الذي تعده إدارة الشركة في مكان الاجتماع قبل الوقت المحدد لانعقاد ذلك الاجتماع بوقت كاف، ويجب أن يتضمن السجل اسم المساهم أو من ينوب عنه وعدد الأسهم التي يملكها وعدد الأسهم التي يمثلها ولاسماء ملكيها مع تقديم سند الوكالة، ويعطى المساهم أو النائب بطاقة لحضور الاجتماع يذكر فيها عدد الاصوات التي يستحقها أصالة أو وكالة. يستخرج من هذا السجل خلاصة مطبوعة بعدد الأسهم التي مثلت في الاجتماع وتسبة الحضور ويتم إلحاقها بمحضر اجتماع الجمعية العمومية بعد توقيعها من قبل كل من مقرر الجلسة ورئيس الاجتماع ومراجع حسابات الشركة.

ب—   يقفل باب التسجيل لحضور اجتماعات الجمعية العمومية العادية وغير العادية بعد مضي (45) خمسة وأربعين دقيقة من الوقت المحدد في إعلان الدعوة للاجتماع، وعندها وعلن رئيس الاجتماع اكتمال النصاب المحدد لذلك الاجتماع أو عدم اكتماله، ولا يجوز بعد ذلك قبول تسجيل أي مساهم أو نائب عنه لحضور ذلك الاجتماع كما لا يجوز الاعتداد بصوته أو برأيه في المسائل التي تطرح في ذلك الاجتماع.

المادة ( 40 )

يجوز إغلاق سجل الأسهم في الشركة طبقا لتقدير مجلس الإدارة وذلك من تاريخ نشر الدعوة لعقد الجمعية العمومية وحتى انفضاض تلك الجمعية (أو لمدة أقل) على أنه في الحالات التي تكون فيها أسهم الشركة مدرجة في سوق مالية بدولة الإمارات العربية المتحدة يجب أن يتم الإغلاق طبقا للقواعد المعنية السائدة في تلك السوق.



18

المادة ( 41 )

تسري على المنصب الواجب توفره لصحة انعقاد الجمعية العمومية بصفاتها المختلفة، وعلى الأغلبية اللازمة لاتخاذ القرارات، أحكام قانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية وقوانين المعدلة له.

المادة ( 42 )

يرأس الجمعية العمومية رئيس مجلس الإدارة وعند غيابه يرأسها نائب رئيس مجلس الإدارة أو عضو مجلس الإدارة الذي يعينه مجلس الإدارة لذلك. ويعين الرئيس مقرراً للاجتماع ومراجعين اثنين لفرز الأصوات على أن تقر الجمعية العمومية تعيينهم.

وتدون الشركة محاضر لاجتماعات الجمعية العمومية وإثبات الحضور في دفاتر تحفظ لهذا الغرض وتوقع من قبل رئيس الاجتماع المعني ومقرر الجمعية وجامعي الأصوات ومراجعي الحسابات. ويكون الموقعون على محاضر الاجتماعات مسؤولين عن صحة البيانات الواردة فيها.

المادة ( 43 )

يكون التصويت في الجمعية العمومية بالطريقة التي يعينها رئيس الجمعية إلا إذا قررت الجمعية العمومية طريقة معينة للتصويت، ويجب أن يكون التصويت سرياً إذا تعلق بانتخاب أعضاء مجلس الإدارة أو بعزلهم أو بمساءلتهم.

المادة ( 44 )

يدعو المؤسسون خلال ثلاثين يوماً من تاريخ إغلاق باب الاكتتاب في أسهم الشركة المساهمين إلى عقد جمعية عمومية تأسيسية وذلك في المكان والزمان المعينين في إعلان الدعوة لبحث جميع إجراءات التأسيس والتثبت من صحتها وموافقتها للقانون وتعيين مراجعي الحسابات وتحديد أتعابهم والإعلان عن تأسيس الشركة نهائياً.

المادة ( 45 )

لمجلس الإدارة دعوة الجمعية العمومية العادية كلما رأى وجهاً لذلك في الزمان والمكان الذي يحدده وتنعقد مرة على الأقل في السنة بناء على دعوة مجلس الإدارة خلال الأربعة أشهر التالية لنهاية السنة المالية وذلك في المكان والزمان المعينين في إعلان الدعوة للاجتماع.

وتنعقد الجمعية العمومية السنوية لمناقشة ودراسة تقرير مجلس الإدارة عن نشاط الشركة ومركزها المالي خلال السنة والاستماع ودراسة تقرير مراجعي الحسابات والتصديق على ميزانية السنة المالية وحساب الأرباح والخسائر والموافقة على قرار توزيع الأرباح ولانتخاب أعضاء مجلس الإدارة عند الاقتضاء وتعيين مراجعي الحسابات وتحديد أتعابهم وإبراء ذمة أعضاء مجلس الإدارة ومراجعي الحسابات من المسؤولية أو تقرير رفع دعوى المسؤولية عليهم بحسب الأحوال.



19

Aabar 0080

المادة ( 46 )

على مجلس الإدارة دعوة الجمعية العمومية العادية للاجتماع متى طلب منه ذلك مراجعو الحسابات أو عشرة من
المساهمين على الأقل وملكون 30% من رأس المال كحد أدنى، ويجب توجيه الدعوة في الحالتين خلال خمسة عشر
يوماً من تاريخ تقديم الطلب.

المادة ( 47 )

تجتمع الجمعية العمومية غير العادية بناء على دعوة مجلس الإدارة وفي الزمان والمكان الذي يحدده، وعلى المجلس
دعوتها للاجتماع إذا طلب منه ذلك مساهمون حائزون على 40% على الأقل من رأس مال الشركة وفي هذه الحالة
يجب على المجلس توجيه الدعوة للاجتماع خلال خمسة عشر يوماً من تاريخ تقديم الطلب.

المادة (48)

مع مراعاة أحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له وفيما عدا
زيادة التزامات المساهمين التي يشترط فيها موافقة جميع المساهمين أو تعديل الغرض الأساسي للشركة أو نقل المركز
الرئيسي للشركة إلى بلد أجنبي، يجوز للجمعية العمومية غير العادية أن تعدل النظام الأساسي للشركة لأي كانت أحكامه
بما في ذلك زيادة رأس المال أو تخفيضه أو إطالة أو تقصير مدة الشركة أو إدماج الشركة في شركة أخرى أو حلها أو
بيع المشروع الذي قامت به الشركة أو التصرف فيه بأي وجه آخر، ويشترط أن يكون موضوع التعديل قد فصل في
إعلان الدعوة.

المادة ( 49 )

مع مراعاة حكم المادة ( 129 ) من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة
له لا يجوز للجمعية العمومية أن تداول في غير المسائل الواردة في جدول الأعمال المرفق بإعلان الدعوة. ومع ذلك
يكون للجمعية العمومية الحق في تداول في الوقائع الخطيرة التي تتكشف أثناء ذلك الاجتماع.

المادة ( 50 )

قرارات الجمعية العمومية الصادرة طبقاً لأحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية
والقوانين المعدلة له و هذا النظام ملزمة لجميع المساهمين بين فيهم الغائبون والمخالفون في الرأي.



20

الباب السادس
في مراجع الحسابات

المادة ( 51 )

يكون للشركة مراجع حسابات أو أكثر تعينه الجمعية العمومية لمدة قابلة للتجديد وتقرر أتعابه وعليه مراقبة حسابات
السنة المالية التي عين لها.

المادة ( 52 )

تكون لمراجع الحسابات الصلاحيات وعليه الالتزامات المنصوص عليها في لقانون الاتحادي رقم (8) لسنة 1984 في
شأن الشركات التجارية وقانين المطبقة له، وله بوجه خاص الحق في الإطلاع في كل وقت على جميع دفاتر الشركة
وسجلاتها ومستنداتها وغير ذلك من وثائق وله أن يطلب الإيضاحات التي يراها لازمة لأداء مهمته وله كذلك أن يتحقق
من موجودات الشركة والتزاماتها، وإذا لم يتمكن من استعمال هذه الصلاحيات أثبت ذلك كتابة في تقرير يتقدم إلى
مجلس الإدارة فإذا لم يقم المجلس بتمكين المراجع من أداء مهمته وجب على المراجع أن يرسل صورة من التقرير إلى
وزارة الاقتصاد والتخطيط والسلطة المختصة وأن يعرضه على الجمعية العمومية.

المادة ( 53 )

يقدم مراجع الحسابات إلى الجمعية العمومية السنوية تقريراً يشتمل على البيانات المنصوص عليها في المادة ( 150 )
من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المطبقة له، وعليه أن يحضر لاجتماع
الجمعية العمومية وأن يدلي في الاجتماع برأيه في كل ما يتعلق بعمله وبوجه خاص في ميزانية الشركة ويكون المراجع
مسؤولاً عن صحة البيانات الواردة في تقريره بوصفه وكيلاً عن مجموع المساهمين ، ولكل مساهم في أثناء انعقاد
الجمعية العمومية أن يناقش تقرير المراجع وأن يستوضحه عما ورد فيه.

ويحق لمراجع الحسابات استلام كافة الإشعارات والمراسلات الأخرى المتعلقة بأية جمعية عمومية والتي يحق لكل
مساهم استلامها.

الباب السابع
مالية الشركة

المادة ( 54 )

على مجلس الإدارة أن يحتفظ بدفاتر حسابات منتظمة حسب الأصول لإعطاء صورة صحيحة وعادلة عن وضع أعمال
الشركة وتفسير تعاملاتها وتحفظ هذه الدفاتر طبقاً للمبادئ المحاسبية المتعارف عليها والمطبقة دولياً، ولا يحق لأي
مساهم في الشركة فحص دفاتر الحسابات تلك إلا بموجب تفويض بهذا المعنى صادر عن مجلس الإدارة.



21

تبدأ السنة المالية للشركة من أول يناير وتنتهي في 31 ديسمبر من كل سنة ويستثنى من ذلك فـترة المالية الأولى للشركة فتبدأ من تاريخ قيدها في السجل التجاري وتنتهي في 31 ديسمبر من عام 2005.

المادة ( 55 )

على مجلس الإدارة أن يعد عن كل سنة مالية قبل الاجتماع السنوي للجمعية العمومية العادية بشهر على الأقل ميزانية الشركة وحساب الأرباح والخسائر، وعلى المجلس أيضاً أن يعد تقريراً عن نشاط الشركة خلال السنة المالية وعن مركزها المالي في ختام السنة ذاتها والطريقة التي يقترحها لتوزيع الأرباح الصافية وترسل صورة من الميزانية وحساب الأرباح والخسائر وتقرير مجلس الإدارة إلى المساهمين وفق جدول أعمال الجمعية العمومية العادية السنوية.

المادة ( 56 )

لمجلس الإدارة أن يقتطع من الأرباح السنوية غير الصافية نسبة يحددها لاستهلاك موجودات الشركة أو كتعويض عن نزول قيمتها، ويتم التصرف في هذه الأموال بناءً على قرار من مجلس الإدارة ولا يجوز توزيعيا على المساهمين.

المادة ( 57 )

توزع الأرباح السنوية الصافية للشركة بعد خصم جميع المصروفات العمومية والتكاليف الأخرى كما يلي:

1. تقتطع 10% تخصص لحساب الاحتياطي القانوني ويقف هذا الاقتطاع متى بلغ مجموع الاحتياطي قدراً يـوازي 50% من رأس مال الشركة المدفوع وإذا نقص الاحتياطي تعين العودة إلى الاقتطاع.

2. يوزع الباقي من صافي الأرباح أو جزء منها بعد ذلك على المساهمين كحصة إضافية على الأرباح أو يرحل إلى السنة التالية أو يخصص لإنشاء مال احتياطي غير عادي، وفقاً لما يقرره مجلس الإدارة.

المادة ( 58 )

يتم التصرف في المال الاحتياطي بناء على قرار مجلس الإدارة في الأوجه التي تحقق مصالح الشركة ولا يجوز توزيع الاحتياطي القانوني على المساهمين وإنما يجوز استعمال ما زاد منه على نصف رأس المال المدفوع لتأمين توزيع أرباح على المساهمين في السنوات التي لا تسمح بتوزيع أرباح وذلك وفقاً لما يقرره مجلس الإدارة بما لا يتعارض مع أحكام هذا النظام الأساسي، كما لا يجوز استخدام الاحتياطي في غير الأغراض المخصص لها إلا بقرار من الجمعية العمومية العادية.

المادة ( 59 )

مع عدم الإخلال بأحكام المادة (194) من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية وتعديلاته المعدلة له تدفع حصص الأرباح إلى المساهمين في المكان والمواعيد التي يحددها مجلس الإدارة بناء على قرارات الجمعية العمومية.



22

الباب الثامن
في المنازعات

المادة ( 60 )

لا يترتب على أي قرار يصدر عن الجمعية العمومية سقوط دعوى المسؤولية المدنية ضد أعضاء مجلس الإدارة بسبب الأخطاء التي تقع منهم في ممارسة اختصاصاتهم، وإذا كان الفعل الموجب للمسؤولية قد عرض على الجمعية العمومية بتقرير من مجلس الإدارة أو مراجع الحسابات وصادقت عليه فإن دعوى المسؤولية تسقط بمضي سنة من تاريخ انعقاد الجمعية. ومع ذلك إذا كان الفعل المنسوب إلى أعضاء مجلس الإدارة يكون جريمة جنائية فلا تسقط دعوى المسؤولية إلا بسقوط الدعوى العمومية.

المادة ( 61 )

تكون الشركة في حدود موجوداتها مسؤولة عن تعويض أي عضو في مجلس الإدارة، وأي مدير في الشركة عن أية مسؤولية يتحملها (باستثناء المسؤولية الجنائية) نتيجة لـ أو متصلة أو لها علاقة بالقيام بواجباته، شريطة أن يكون ذلك الشخص قد قام بذلك بحسن نية ونتيجة لاعتقاد المعقول أن ما قام به إنما هو لصالح أو على الأقل لا يتعارض مع مصالح الشركة، مع مراعاة أن ذلك الشخص لا يستحق أي تعويض بخصوص أية مطالبة أو مسألة ثبتت مسؤوليته عنها تجاه الشركة بمقتضى حكم صادر من محكمة مختصة.

تقوم الشركة بدفع وتكون مسؤولة عن تعويض كافة المصاريف والأتعاب والتكاليف التي يتكبدها ذلك الشخص والمتعلقة بأي مطالبة أو دعوى أو إجراءات قضائية أو خلاف ذلك، والتي تأكد التزامه بها ويستحق تعويضاً عنها طبقاً لما تقدم ( بما في ذلك على سبيل المثال لا الحصر تلك الناشئة عن الدعاوى الجنائية التي تنتهي ببراءته منها أو إسقاط التهمة عنه).

الباب التاسع
في حل الشركة وتصفيتها

المادة ( 62 )

تحل الشركة لأحد الأسباب التالية:



1.  انتهاء المدة المحددة للشركة ما لم تجدد وفقاً للقواعد الواردة بهذا النظام.
2.  انتهاء الغرض الذي أسست الشركة من أجله.
3.  صدور قرار من الجمعية العمومية غير العادية بإنهاء مدة الشركة.
4.  اندماج الشركة في شركة أخرى.



23

المادة ( 63 )

إذا بلغت خسائر الشركة على الأقل نصف رأس المال وجب على مجلس الإدارة دعوة للجمعية العمومية غير العادية للنظر في استمرار الشركة أو حلها. ولا يصح أي قرار بحل الشركة قبل المدة المحددة في المادة (4) من هذا النظام الأساسي إلا إذا صدر بأغلبية للمساهمين اللازمة المنصوص عليها في المادة (141) من القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له.

المادة ( 64 )

عند انتهاء مدة الشركة أو حلها قبل الأجل المحدد تعين الجمعية العمومية بناء على طلب مجلس الإدارة طريقة التصفية وتعين مصفياً أو أكثر وتحدد سلطاته / سلطاتهم وتنتهي وكالة مجلس الإدارة بتعيين المصفين. أما سلطة الجمعية العمومية فتبقى قائمة طوال مدة التصفية إلى أن يتم إجراء ذمة للمصفين.

الباب العاشر
أحكام ختامية

المادة ( 65 )

تطبق أحكام القانون الاتحادي رقم (8) لسنة 1984 في شأن الشركات التجارية والقوانين المعدلة له فيما لم يرد في شأنه نص خاص في عقد التأسيس أو في هذا النظام.

المادة ( 66 )

تخصم المصاريف والأتعاب المدفوعة في سبيل تأسيس الشركة من حساب المصروفات العمومية.

المادة ( 67 )

يودع هذا النظام وينشر طبقاً للقانون.

المادة ( 68 )

ما لم يقتض السياق خلاف ذلك، لا يشير تنفيذ أي مادة من مواد هذا النظام الأساسي محدداً أو مقيداً بالإحالة على أو الاستنتاج من أي مادة أخرى. وفي حالة اعتبار أي مادة أو أي جزء منها غير قانونية أو غير نافذة، فإن ذلك لا يمس من سلامة بقية المواد.





24

أسماء المؤسسين في شركة آبار للإستثمار البترولي – شركة مساهمة عامة تحت التأسيس

| التوقيع | اسم الوكيل/المفوض بالتوقيع | عدد الأسهم | الإسم | م |
|---|---|---|---|---|
| | ثائر ياسر حسن عمرو | 132,775,000 | البنين للإستثمار | 1. |
| | ثائر ياسر حسن عمرو | 63,750,000 | المؤسسة العامة للخدمات البترولية | 2. |
| | ثائر ياسر حسن عمرو | 53,125,000 | مؤسسة الأفق | 3. |
| | ثائر ياسر حسن عمرو | 22,500,000 | مؤسسة إستثمار | 4. |
| | ثائر ياسر حسن عمرو | 19,450,000 | المستثمر الوطني | 5. |
| | ثائر ياسر حسن عمرو | 12,000,000 | مؤسسة إيتك لإدارة وتطوير المشاريع | 6. |
| | ثائر ياسر حسن عمرو | 10,000,000 | شركة أبو ظبي للإستثمار | 7. |
| | ثائر ياسر حسن عمرو | 10,000,000 | مبادلة للتنمية | 8. |
| | ثائر ياسر حسن عمرو | 8,000,000 | مؤسسة تادل | 9. |
| | ثائر ياسر حسن عمرو | 3,200,000 | وصيات للإستثمار | 10. |
| | مبارك مطر مبارك بالتوكيل الجمهوري | 3,000,000 | التضامن للإستثمارات المالية | 11. |

1

| | | | | |
|---|---|---|---|---|
|  | ثائر ياسر حسن عمرو | 3,000,000 | النهضة للإستثمار | .12 |
|  | مبارك مطر مبارك بالقويع الجميري | 3,000,000 | شركة بوند للإستثمار المحدودة | .13 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | كابيتال إنفستمنت | .14 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ سعيد بن زايد آل نهيان | .15 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ سيف بن زايد آل نهيان | .16 |
|  | مبارك مطر مبارك بالقويع الجميري | 3,000,000 | الشيخ/ طحنون بن زايد آل نهيان | .17 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ حامد بن زايد آل نهيان | .18 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ عبدالله بن زايد آل نهيان | .19 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ محمد بن خليفة آل نهيان | .20 |
|  | ثائر ياسر حسن عمرو | 3,000,000 | الشيخ/ نهيان بن مبارك آل نهيان | .21 |
|  | ثائر ياسر حسن عمرو | 1,000,000 | الشيخ/ نهيان بن حمدان آل نهيان | .22 |
|  | ثائر ياسر حسن عمرو | 1,000,000 | الشيخ/ سلطان بن طحنون آل نهيان | .23 |

2

Aabar 0087

| التوقيع | المفوض | القيمة | الاسم | م |
|---|---|---|---|---|
| | ثائر ياسر حسن عمرو | 400,000 | أحمد بن محمد بن أحمد الحميري | 24. |
| | ثائر ياسر حسن عمرو | 400,000 | أحمد جمعة الزعابي | 25. |
| | ثائر ياسر حسن عمرو | 400,000 | أحمد علي البلوشي | 26. |
| | ثائر ياسر حسن عمرو | 400,000 | أحمد علي الصايغ | 27. |
| | ثائر ياسر حسن عمرو | 400,000 | أحمد مبارك المزروعي | 28. |
| | ثائر ياسر حسن عمرو | 400,000 | إبراهيم عبدالرحمن العابد | 29. |
| | ثائر ياسر حسن عمرو | 400,000 | جابر سحمي الأحبابي | 30. |
| | ثائر ياسر حسن عمرو | 400,000 | جمعة أحمد البواردي | 31. |
| | ثائر ياسر حسن عمرو | 400,000 | حمد بن سهيل بن مبارك الكتبي | 32. |
| | ثائر ياسر حسن عمرو | 400,000 | حمد راشد قبل علي النعيمي | 33. |
| | ثائر ياسر حسن عمرو | 400,000 | حمد سلطان الدرمكي | 34. |
| | ثائر ياسر حسن عمرو | 400,000 | حمد محمد اثر السويدي | 35. |

3

CONFIDENTIAL

Aabar 0088

| | ثائر ياسر حسن عمرو | 400,000 | حمد محمد الشامسي | 36. |
| | ثائر ياسر حسن عمرو | 400,000 | حميد سعيد عامر حمد النيادي | 37. |
| | ثائر ياسر حسن عمرو | 400,000 | خادم عبد الله سعيد النوعي | 38. |
| | ثائر ياسر حسن عمرو | 400,000 | خلفان بن سلطان حضوم | 39. |
| | ثائر ياسر حسن عمرو | 400,000 | خلفان غيث الجبري | 40. |
| | ثائر ياسر حسن عمرو | 400,000 | خليفة أحمد خلفان غيث الجبري | 41. |
| | ثائر ياسر حسن عمرو | 400,000 | راشد سالم المنصوري | 42. |
| | ثائر ياسر حسن عمرو | 400,000 | راشد سعيد سالم العامري | 43. |
| | ثائر ياسر حسن عمرو | 400,000 | راشد سيف بن جبر السويدي | 44. |
| | ثائر ياسر حسن عمرو | 400,000 | رياض الكعبي | 45. |
| | ثائر ياسر حسن عمرو | 400,000 | زايد الشامسي | 46. |
| | ثائر ياسر حسن عمرو | 400,000 | زهير أبو الأديب | 47. |

4

Aabar 0089

| | ثائر ياسر حسن عمرو | 400,000 | سالم حمد عبودة العامري | .48 |
|---|---|---|---|---|
| | ثائر ياسر حسن عمرو | 400,000 | سالم راشد البيادي | .49 |
| | ثائر ياسر حسن عمرو | 400,000 | سالم سعيد العامري | .50 |
| | ثائر ياسر حسن عمرو | 400,000 | سعيد بخيت الكتبي | .51 |
| | ثائر ياسر حسن عمرو | 400,000 | سعيد خلفان مطر الرميثي | .52 |
| | ثائر ياسر حسن عمرو | 400,000 | سعيد عيد النقبي | .53 |
| | ثائر ياسر حسن عمرو | 400,000 | سعيد محمد بن بطي بن محمد خلفان القبيسي | .54 |
| | ثائر ياسر حسن عمرو | 400,000 | سلطان الشامسي | .55 |
| | ثائر ياسر حسن عمرو | 400,000 | سلطان خلفان حضرم الكتبي | .56 |
| | ثائر ياسر حسن عمرو | 400,000 | سلطان خسن بخيت السلمي | .57 |
| | ثائر ياسر حسن عمرو | 400,000 | سهيل بن فارس الزروعي | .58 |
| | ثائر ياسر حسن عمرو | 400,000 | ظافر محمي الأحبابي | .59 |

5

| | ثائر ياسر حسن عمرو | 400,000 | عبد الرحمن يافور الرميثي | .60 |
|---|---|---|---|---|
| | ثائر ياسر حسن عمرو | 400,000 | عبد العزيز حسين أحمد | .61 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالحميد سعيد | .62 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله المري | .63 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله أحمد الرميثي | .64 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله بخيت سيف مرشد المرر | .65 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله راشد عبدالله العيبي | .66 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله عتيق الرميثي | .67 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله علي الصايغ | .68 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله محمد خالد المطر بني مالك | .69 |
| | ثائر ياسر حسن عمرو | 400,000 | عبدالله عمود الذيبة | .70 |
| | ثائر ياسر حسن عمرو | 400,000 | عبيد الجابر | .71 |

6

CONFIDENTIAL

Aabar 0091

| | | | | |
|---|---|---|---|---|
|  | ثائر ياسر حسن عمرو | 400,000 | عبد الجبري الكتبي | 72. |
|  | ثائر ياسر حسن عمرو | 400,000 | عبد صالح النعيمي | 73. |
|  | ثائر ياسر حسن عمرو | 400,000 | عتيق جمعة درويش | 74. |
|  | ثائر ياسر حسن عمرو | 400,000 | علي الشامسي | 75. |
|  | ثائر ياسر حسن عمرو | 400,000 | علي بن سالم عبد الكتبي | 76. |
|  | ثائر ياسر حسن عمرو | 400,000 | علي سعيد حرمل الظاهري | 77. |
|  | ثائر ياسر حسن عمرو | 400,000 | عوض طريف | 78. |
|  | ثائر ياسر حسن عمرو | 400,000 | عيسى بوشهاب | 79. |
|  | ثائر ياسر حسن عمرو | 400,000 | عيسى سعيد الجلي | 80. |
|  | ثائر ياسر حسن عمرو | 400,000 | فارس سهيل اليبهوني | 81. |
|  | ثائر ياسر حسن عمرو | 400,000 | مبارك أحمد بن حمودة الظاهري | 82. |
|  | ثائر ياسر حسن عمرو | 400,000 | مبارك حمد المزروعي | 83. |

7

Aabar 0092

| | | | | |
|---|---|---|---|---|
|  | ثائر ياسر حسن عمرو | 400,000 | مبارك سهيل راشد عبيد الخيوري | 84. |
|  | ثائر ياسر حسن عمرو | 400,000 | مبارك طاهر الخيوري | 85. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد الكعبي | 86. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد أحمد الواردي | 87. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد أحمد سلطان غنوم الماضي | 88. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد بطي القبيسي | 89. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد بن دحتال السويدي | 90. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد درويش داغر المزروعي | 91. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد راشد بن غدير | 92. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد راشد مبارك سالم الكعبي | 93. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد سالم الخيوري | 94. |
|  | ثائر ياسر حسن عمرو | 400,000 | محمد سالم عويضة الحبلي | 95. |

8

| | | | | |
|---|---|---|---|---|
|  | | | | 106. |
|  | ثائر ياسر حسن عمرو | 400,000 | هاشم القبيسي | |

9

CONFIDENTIAL

Aabar 0093

| | | | | |
|---|---|---|---|---|
|  | ثائر ياسر حسن عمرو | 400,000 | يوسف مانع سعيد العدية | 108. |
|  | ثائر ياسر حسن عمرو | 400,000 | يوسف يعقوب السركال | 109. |
|  | ثائر ياسر حسن عمرو | 400,000 | سلطان خلفان مطر الرميثي | 110. |
|  | ثائر ياسر حسن عمرو | 200,000 | سهيل العامري | 111. |
|  | ثائر ياسر حسن عمرو | 200,000 | محمد علي الشامسي | 112. |
| | | 405,000,000 | المجموع | |

CONFIDENTIAL                                    Aabar 0094

تلفون: ٥٥٥ ٦٣٣٦ (٢ ٩٧١) فاكس: ١١١ ٦٣٣٠ / ١١١ ٦٣١٩ (٢ ٩٧١)
ص.ب ٧٥٢٨، أبوظبي، إ.ع.م.
تلكس: ٠٨٩٣٢٢٥١٠ دولية إي إم.

Tel. (971 2) 6336 555, Fax. (971 2) 6330 111 / 6319 111
P.O. Box 7528, Abu Dhabi, UAE
Tlx. 089322510 IPIC EM, Website: www.ipic.ae



شـركـة الإسـتـثـمـارات البـتـروليـة الـدوليـة
INTERNATIONAL PETROLEUM INVESTMENT COMPANY

**IPIC**

Date : February 10th, 2009

Ref . : FIN /125/09

The Manager,
National Bank of Abu Dhabi,
Corniche Branch,
Abu Dhabi,U.A.E.

Dear Sir,

### SUBJECT: Dirhams Current A/C No. 0155413746

Value 12.02.2009 please arrange to transfer full amount of AED 1,500,000,000.00 (Dirhams One Billion Five Hundred Million Only) by debiting the above mentioned account to the following party:-

Beneficiary  : Aabar Investments Company, PJSC
Bank Name  : First Gulf Bank
                    P.O. Box 6316
                    Abu Dhabi, UAE.
Account No. : 101-100-1022011-01-5
Swift Code  : FGBMAEAA
Remitted by IPIC

Please send us your advice confirmation for the above transaction.

Yours faithfully,

Khadem Al Qubaisi
Managing Director



MAF/LR

CONFIDENTIAL                                    Aabar0095

**Articles of Association and Bylaws**

**Aabar Petroleum Investments Company**

**Public Joint Stock Company (PJSC)**

**(Under Formation)**

[Stamp (Arabic): United Arab Emirates; Ministry of Justice; [illegible]]

CONFIDENTIAL

Aabar 0062

Articles of Association
Aabar Petroleum Investments)
<u>(PJSC)</u>

On              corresponding to    /   /2005, the parties whose names are stated in the enclosed table concluded an agreement as follows:

Article 1

The signatories agreed, under these Articles of Association to establish a public joint stock company (PJSC) in accordance with the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, and approved the Bylaws appended to the said Articles.

Article 2

The name of this Company shall be "Aabar Petroleum Investments" (PJSC), hereinafter "Company."

Article 3

The Company's head office and legal domicile is in the City of Abu Dhabi, United Arab Emirates, and the Board of Directors may establish branches, offices, or agencies thereof in the United Arab Emirates or elsewhere.

Article 4

The duration of this Company shall be one hundred (100) calendar years, which shall commence on the date the resolution of the Minister of Economy and Planning is passed, announcing its formation.  Said duration will be renewed automatically for similar successive terms unless the Extraordinary Meeting of Shareholders passes a resolution closing down the Company.

Article 5

The Company's objectives are the following:

1. Invest in, establish, and run business and industrial projects, including the acquisition of companies operating in the oil and gas sector.

2. Establish, take a stake in, or partner with companies and participate in projects that operate or invest in the aforesaid activities and companies, whether in the United Arab Emirates or elsewhere.

3. Manage the aforesaid activities and projects, whether in the United Arab Emirates or elsewhere.

Aabar 0063

4. Carry out any work or business, and undertake any type of activity, in accordance with the opinion of the Company's Board of Directors in connection with, or pursuant to, any of the Company's objectives, or which would, whether directly or indirectly, enhance the value or increase the profitability of all or part of the Company's undertakings, properties, and assets, and bolster the Company's interests or stakeholders.

5. Carry out all works which, pursuant to the opinion of the Company's Board of Directors, would lead to the realization of all or any of the abovementioned objectives or that pertain to these.

The Company may have an interest in or participate in any way it chooses with other organizations or companies that carry out similar works or that will assist it in realizing its objectives in the United Arab Emirates or elsewhere.  The Company may also acquire said organizations or companies, or make them affiliates.

The objectives and powers of the Company, which are set forth in the clauses hereinabove shall be interpreted non-exhaustively and in the broader sense of the terms. Further, the Company may realize its objectives and exercise its aforesaid powers in the United Arab Emirates and anywhere else in the world.  It may also from time to time expand, modify and amend these in any manner whatsoever pursuant to a resolution of the Extraordinary Meeting of Shareholders in accordance with the provisions of the Commercial Companies Law.

## Article 6

The Company's capital is nine hundred million (900,000,000) dirhams distributed over nine hundred million (900,000,000) shares with a nominal value equal to one (1) dirham per share.  All of the shares are cash shares and two (2) fils will be added to each share for issuance expenses.

## Article 7

The founders who signed these Articles have subscribed to the Company's capital for four hundred five million (405,000,000) shares with a nominal value of one (1) dirham for each share, to which is added two (2) fils for issuance expenses.  The said founders have paid the full amounts they owe, and the resulting amount was deposited with First Gulf Bank.  The remaining shares will be offered for public subscription.  In accordance with the provisions of Article 93, Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, this amount may not be withdrawn except by decision of the Board of Directors after the enactment of the resolution of the Minister of Economy and Planning announcing the establishment of the Company and its registration in the Commercial Register.

Aabar 0064

Article 8

The founders who are signatories to these Articles undertake to carry out all necessary procedures to complete the establishment of the Company, and to this end they have appointed a Committee comprising the following:

| | |
|---|---|
| 1. Mr. Suhail Bin Fares al-Mazrou'i | Committee Chairman and its Representative |
| 2. Mr. Rashed Sayf Bin Jabr al-Swaydi | Vice Chairman |
| 3. Mr. Ahmed Ali al-Sayegh | Member |
| 4. Mr. Naser Ahmed Khalifa al-Swaydi | Member |
| 5. Mr. Zafer Sahmi al-Ahbabi | Member |

The Committee members shall, jointly and severally, be agents of the Company and as such shall submit the permit for the establishment of the Company, for taking all legal measures, for obtaining the necessary documents, and for introducing the amendments that the competent authorities believe are necessary, whether to these Articles or to the enclosed Company's Bylaws.

Article 9

The other expenses, charges, fees and outlays that the Company has committed to pay as a result of its formation as a public joint stock company, are estimated at about eighteen million (18,000,000) dirhams, which shall be posted in the Company's general expense account.

Article 10

The Bylaws appended to these Articles of Association shall be deemed to be a supplementary and integral part thereof.

Article 11

Pursuant to the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, the Company shall have a legal personality that is fully independent from its shareholders, and the shareholders shall not be bound by any Company liabilities except within the limit of the remaining unpaid amount (if any) with regard to the shares they own, and their obligations may not be increased unless they all agree to that.

Article 12

These Articles of Associations were drawn up in several copies, with each of the contracting parties receiving one copy.  The remaining copies shall be kept in order to be submitted to the competent authorities when requesting the necessary permits for establishing the Company.

Aabar 0065

Bylaws
Aabar Petroleum Investments
<u>Public Joint Stock Company</u>

First Section
Establishing the Company

Article 1

Pursuant to the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, and in accordance with the provisions of these Bylaws, a public joint stock company was established by its shareholders under the following resolved terms and conditions.

Article 2

The name the Company shall be "Aabar Petroleum Investments" (PJSC), hereinafter "Company."

Article 3

The Company's head office and legal domicile is in the City of Abu Dhabi, United Arab Emirates, and the Board of Directors may establish branches, offices, or agencies thereof in the United Arab Emirates or elsewhere.

Article 4

The duration of the Company shall be one hundred (100) calendar years, which shall commence on the date the resolution of the Minister of Economy and Planning is issued, announcing its formation.  Said duration will be renewed automatically for similar successive terms unless the Extraordinary Meeting of Shareholders passes a resolution closing down the Company.

Article 5

The objectives for which the Company was established are set forth in Article 5 of the Company's Articles of Association.

Second Section
Company's Capital

Article 6

The Company's capital is established at nine hundred million (900,000,000) dirhams distributed over nine hundred million (900,000,000) shares with a nominal value equal to one (1) dirham per share.  All of the shares are cash shares.

Aabar 0070

Article 7

All Company shares are nominal, and the stake of the United Arab Emirates citizens must not, at any time during the existence of the Company, be less than 51% of the capital.

Article 8

The full nominal price of these shares, in addition to two (2) fils per share for issuance costs, must be paid during the subscription,

Article 9

The founders who signed the Articles of Association have subscribed for cash shares totaling four hundred five million (405,000,000) shares with a nominal value of one (1) dirham for each share, to which is added two (2) fils for issuance expenses.  The said founders have paid the full sum of the subscribed nominal shares in addition to their issuance expenses.  The overall sum was deposited with First Gulf Bank.  The remaining cash shares, which number four hundred ninety-five million (495,000,000) will be offered for public subscription.

Article 10

The full price of each subscribed share, in addition to the issuance cost thereof, which is equal to two (2) fils for each share, must be settled when applying for the subscription.  This must take place within the deadlines and in accordance with the procedures stated in the subscription notice. The amounts paid will be entered in the shares' records.

Article 11

The share documents or the interim share certificates are extracted from a ledger containing coupons with serial numbers which are signed by two members of the Board of Directors, and they are stamped with the Company's seal.

The share must include the date of the passed resolution sanctioning the creation of the Company, the date of the passed resolution announcing its creation, the publication of both in the Official Gazette, the amount of the Company's capital, the number of distributed shares, the Company's head office and duration.

Article 12

The Board of Directors shall deliver to every shareholder within three months from the date of the passed resolution announcing the creation of the Company, interim share certificates which will be in lieu of the shares owned by the shareholder.  Further, the Company's Board of Directors shall deliver within six months from the entry of the Company in the Commercial Register the share documents.

Aabar 0071

If the Company decides to issue new shares, the Board of Directors or anyone the Board mandates therefor, shall deliver, within three months from the date the decision to issue said shares takes effect, to every shareholder who submits in this regard an application to the Company and who pays the administrative fee that the Company establishes, a share certificate representing the new shares that the said shareholder owns.  Moreover, interim share certificates will not be issued unless the Board of Directors decides otherwise.

Article 13

The shareholders shall not be liable for any debts or losses pertaining to the Company except within the limits of the remaining unpaid amount concerning the shares they own (if any), and their liabilities may not be increased except following their unanimous approval.

Article 14

Share ownership entails the approval by the shareholder of the Company's Bylaws and of the decisions made by the Company's General Meeting of Shareholders.  Shareholders may not request to be refunded what they paid to the Company as a stake in the capital.

Article 15

The share may not be divided.

Article 16

Each share entitles its owner to a stake that is equivalent to that of others, without any discrimination in the ownership of the assets of the Company when it is wound up, and entitles said owner to the profits as set forth hereinafter and to attend the General Meeting of Shareholders as well as to vote on its decisions.

Article 17

a. The Company shall, as soon as possible, list its name in one or more stock exchanges licensed to operate in the country.  Further, the Board of Directors may list it in other stock exchanges abroad.  If the Company is listed in the stock exchanges in the country or abroad, it must comply with the laws, rules and regulations in effect at these stock exchanges, including those laws, rules and regulations governing the issuance and registration, trade, ownership transfer, and the organization of rights with regard to the Company's shares.  This shall take place without the need to amend the provisions contained in these Bylaws in case they conflict with those laws, rules or regulations.

b. The Company, upon completing the listing of its shares in any of the stock exchanges that are licensed to operate in the country, shall replace the interim share certificates and the share record system, and shall use an electronic system for registering the shares and for recording their ownership transfer in accordance with the system for recording and registering the shares that is used in these stock exchanges.  The information that is contained in this electronic system shall be deemed final and binding.  It may not be challenged, nor is it allowed to request changing it except in accordance with the rules and procedures that are in effect at the stock exchange in question.

Aabar 0072

c. The Company's shares may be sold, and their ownership may be transferred, used as collateral, assigned, or traded in accordance with the provisions of these Bylaws.  These assignments must be recorded in a special register entitled "Shares Register" once the Company or the register secretary receives a written notification signed by the assignor and the assignee.  The Company may request to legalize or certify these signatures, although when the Company's shares are listed in a stock exchange in the United Arab Emirates, these assignments and transactions will be carried out and recorded in conformity with the rules and regulations that are in effect at the said exchange.

d. When a shareholder is deceased, the heir of said shareholder will be the only person that the Company will agree will have ownership rights or a stake in the deceased's shares, and said heir will be entitled to the profits and other benefits that the deceased was entitled to.  Furthermore, the heir will be entitled, after being registered in the Company in line with the provisions of these Bylaws, to the same rights as a Company shareholder that the deceased had in regard to the said shares.  In addition, the deceased shareholder's estate will not be exempt from any obligation concerning any share said shareholder owned upon the occurrence of death.

e. Any person who becomes entitled to any Company shares as a result of the death or bankruptcy of any shareholder or following a confiscation order issued by any competent court must do the following within thirty days:

1. Submit the statement concerning this right to the Board of Directors;
2.  Choose either to be registered as a shareholder or nominate a person to be registered as a shareholder in regard to the said shares.

f. The Company may request certifying the signatures of both parties on any document concerning any transaction in the Company's shares.  It also may request evidence of their legal competence.  The assignor shall be deemed a shareholder until the assignee is duly registered in the Shares Register that is kept in accordance with these Bylaws, provided that this shall not contravene the provisions governing the share ownership transfer registration in effect at the stock exchanges where the Company is listed when completing the listing of the Company shares in the said exchanges.

g. Any shareholder is entitled to a substitute certificate in lieu of the certificate for the shares owned by the said shareholder in case the original copy is lost or damaged, provided that the substitute certificate shall mention that it is a certificate replacing the lost or damaged one.  This substitute certificate will give the shareholder concerned all rights and will result in the same obligations that pertained to the lost or damaged certificate.

Article 18

The shareholder's heirs or creditors may not, for any reason whatsoever, request to attach the Company's ledgers or properties, or request to divide them or sell them as a whole in case it is not possible to divide them.   Further, they may not interfere in any manner whatsoever in the management of the Company.  When exercising their rights, they must rely on the Company's inventory lists, final account statements, and the decisions of the General Meetings of Shareholders.

Aabar 0073

Article 19

The Company shall pay portions of the profits due for each share to the last owner of said share whose name is recorded in the Company's Share Register on the date the General Meeting of Shareholders resolved to distribute the profits, and said owner shall solely be entitled to the amounts due for the said share, whether they are dividends or a portion of the Company's assets.

Article 20

a. In compliance with Article 200 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, the Company's capital may be increased by issuing new shares having the same nominal value as the original shares, and the capital may also be reduced after receiving the approval of the Minister of Economy and Planning.

b. The new shares may not be issued for less than their nominal value, and if they are issued at more than that the difference shall be added to the legal reserve, even if that exceeds half of the Company's capital.

c. The increase or decrease of capital shall be subject to a decision by the Extraordinary General Meeting of Shareholders following a recommendation by the Board of Directors in both cases, and after listening to the report of the auditor in the event of any decrease.  Further, in the case of an increase, the scope of said increase as well as the shares' issuance price and the right of the senior shareholders to have priority in the subscription to this increase, must be stated, and if there is a decrease, the scope of that decrease as well as the method of implementing it must be indicated.

Third Section

Debt Instruments

Article 21

Subject to the provisions of Articles 179, 181 and 183 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, the Company's Extraordinary General Meeting of Shareholders may resolve to issue debt instruments of any kind, and the resolution shall state the value of these instruments, the terms of issuing them, and to what extent they can be converted to shares.  It may also pass a resolution authorizing the Board of Directors to determine in general the amount, the terms and the circumstances of this issuance, according to what the Board of Directors deems appropriate in this regard, provided that the debt instrument is stated in the Commercial Register and provided that the Ministry of Economy and Planning as well as the competent authority are notified.

Aabar 0074

Fourth Section

Company's Board of Directors

Article 22

a. The management of the Company will be carried out by a Board of Directors consisting of five (5) members that the Ordinary General Meeting of Shareholders elects through a secret ballot.  At any rate, the majority of the Board members, including the Chairman of the Board, must be citizens of the United Arab Emirates.

b. As an exception to the above appointment method, the founders have nominated in the Company's first Board of Directors the following persons (who are among the founders and those who represent them) for a term of three (3) years starting from the date the resolution of the Minister of Economy and Planning announcing the creation of the Company is passed:

1. Mr. Suhail Bin Fares al-Mazrou'i
2. Mr. Rashed Sayf Bin Jabr al-Swaydi
3. Mr. Ahmed Ali al-Sayegh
4. Mr. Naser Ahmed Khalifa al-Swaydi
5. Mr. Zafer Sahmi al-Ahbabi

Article 23

a. Every Board member will serve for a term of three years, and at the end of the said term the Board will be reorganized.  The Board members whose term has ended may be reappointed.

b. The Board of Directors may appoint members at positions that become vacant during the year, provided that this appointment is submitted to the Ordinary General Meeting of Shareholders at its first meeting in order to approve their appointment or the appointment of others.  If the vacant positions during the year reach one-fourth or more of the Board members' number, the Board of Directors must convene an Ordinary General Meeting of Shareholder in order to meet within three months at most from the date the last position became vacant to elect the person who will fill the vacant position.  At any rate, the new member will complete the term of his predecessor and said member may be reelected.

Article 24

The Board of Directors shall elect a Chairman and Vice Chairman from among its members, and the Chairman must be a citizen of the country.  Moreover, the Board Chairman shall represent the Company before the courts, and must implement the decisions passed by the Board.  The Vice Chairman shall substitute for the Chairman when the latter is absent or is unable to attend.

Aabar 0075

Article 25

The Board of Directors may appoint from among its members one or several managing directors.  The Board will establish the managing director's powers and compensation.  The Board may also set up one or several committees, which committees will include the Board's members, and it shall establish its powers or will entrust said committees with overseeing the Company's operations and the implementation of the Board's resolutions.

Article 26

The Board of Directors shall have full authority to run the Company and carry out all works and assignments on behalf of the Company based on the activities the Company is authorized to carry out, and to exercise all the necessary powers to realize the Company's objectives.  The Board's powers and authority will only be limited by what was set forth in Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, and by the Articles of Association, the Bylaws, or by a decision issued by the General Meeting of Shareholders.  Moreover, the Board of Directors, for the purposes of Article 103 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, has been mandated to conclude loan agreements for a term that is not greater than three (3) years, to pledge Company assets as collateral whenever necessary, to discharge the liabilities of the Company's debtors, and to conclude conciliation agreements or approve arbitration proceedings.

The Board of Directors shall have full powers and authority to use any of the Company's assets and funds to enable the Company to purchase, control and invest in the oil field. The Board of Directors may, without limitation, on behalf of and in the name of the Company conclude agreements and contracts for the purchase of companies by the Company and invest in, as well as manage, said companies.

The Board of Directors may not change the nature of the Company's activity if said activity change is substantial or could fundamentally alter the Company's ability to exercise its activity in the same way and to the same degree as before initiating this change, unless this change was approved pursuant to a Shareholders General Meeting's majority decision as set forth in Article 141 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof.

The Board of Directors shall issue the rules concerning administrative and financial affairs as well as those concerning the employees and their financial dues.  The Board will also pass the rules for organizing its activities and meetings, as well as for the distribution of powers and duties.

Every member of the Company's Board of Directors must within fifteen (15) days from being elected as a member of the Board of Directors, and within fifteen (15) days from the end of each of the Company's fiscal years, send a written notice to the Company stating the number of Company shares the said member owns, and the Board member must immediately notify the Company in writing about any assignments he is carrying out at any time with regard to his Company shares.

Article 27

The Chairman of the Board, the Vice Chairman, the mandated Board member, or any other person authorized therefor by the Board, may sign separately on behalf of the Company, provided that this should in all cases be carried out in line with the Board of Directors' decisions.

Aabar 0076

Article 28

The Board of Directors shall convene its meetings at the Company's head office or at any other place in the United Arab Emirates that the Board members agree to, whenever it is necessary for it to convene.  This is done following an invitation by the Chairman or the Vice Chairman in case the Chairman is absent, or following the request of two Board members.  Additionally, the Board of Directors must convene at least four (4) times per year.

Article 29

The Board of Directors' meeting shall not be valid unless the majority of its members are attending.  A Board member may authorize another Board member to vote on his behalf, and in that case said member will have two votes.  Further, a Board member may not represent more than one other Board member, and a Board member shall be deemed present if he attends personally, by phone, or through any visual method, such as videoconference.

The Board of Directors' decisions are issued by a majority vote of its attending or represented members.  In the event of a tie, the Chairman or the person acting on his behalf will cast the deciding vote.  Moreover, voting may not take place by correspondence.  Notwithstanding what was set forth in these Bylaws, the Board of Directors' written decision, which is signed by all Board members, shall be deemed enforceable and valid, and akin to a decision made at the meeting of the Board of Directors that was duly convened.

A special register shall be established in which the minutes of the Board will be recorded, and said minutes will be signed by the Board members who attended the meeting and by the Board's rapporteur.  The dissenting Board member may record his opinion in the minutes.

Any Board member who has a personal interest in any transaction or matter submitted to the Board for discussion and approval, must notify the Board about the said interest, and this should be recorded in the minutes of the meeting.  Said member may not vote on the resolution concerning the said transaction or matter.

Article 30

If Board member fails to attend more than three successive meetings without any reason, the Board shall consider him to have resigned.

Moreover, a member's seat will become vacant if the said member:

1. Dies, becomes incapacitated, or is unable otherwise to carry out his duties as a Board member;
2. Is charged with any offense that is a breach of honor or indicates dishonesty;
3. Files for bankruptcy or stops paying his business debts, even if this is not accompanied by a declaration of bankruptcy;
4. Resigns from his position following a written notice in this regard addressed to the Company;
5. Is not reelected or if the term of his membership ends;
6. Is dismissed following a decision by the General Meeting of Shareholders; or
7. Was, in regard to his membership, in violation of the provisions of Article 98 of the Commercial Companies Law.

Aabar 0077

Article 31

The Board of Directors may appoint a manager or several managers for the Company, or may appoint authorized agents and determine their powers, the terms of their functions, their salaries and bonuses.

Article 32

In compliance with the provisions of Article 33 of these Bylaws, the Board members shall not be personally liable for the Company's obligations resulting from their carrying out their duties as Board members, insofar as they do not overstep the scope of their powers.

Article 33

The Chairman of the Board and the Board members shall be liable to the Company, the shareholders and third parties with respect to all fraudulent activities, any misuse of the powers vested in them, any violation of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, or the breach of any other law or of these Bylaws, and they shall also be liable for any management error.

Article 34

Without prejudice to the provisions of Article 118 of the Commercial Companies Law, the compensation of the Board of Directors members shall be established as a lump sum for each member pursuant to the recommendation of the Board of Directors and the approval thereof by the Ordinary General Meeting of Shareholders.  The Company may also pay additional expenses or fees, or a monthly stipend equal to the amount resolved by the Board of Directors for any of its members if said members work in any committee, carry out special duties, or do additional work for the sake of the Company in addition to their usual functions as members of the Company's Board of Directors.


Fifth Section

General Meeting of Shareholders

Article 35

The General Meeting of Shareholders that is validly established represents all shareholders, and it may only convene in the City of Abu Dhabi.

Article 36

Every shareholder is entitled to attend the General Meeting of Shareholders, and said shareholder shall have the number of votes that is equivalent to the number of his shares.  Every shareholder may be represented by someone other than a Board member in order to attend the General Meeting of Shareholders.  To be valid, the proxy must be through a special written authorization

Aabar 0078

in accordance with the terms and conditions set forth by the Board of Directors. This proxy authorization must be recorded with the Company or with its register secretary at least two days prior to the to the date of the Meeting in accordance with the instructions contained in the invitation addressed to the shareholders for attending the Meeting.

Article 37

The invitation to attend the meetings of the General Meeting of Shareholders shall be addressed to the shareholders by means of an announcement in two daily newspapers published in Arabic in the United Arab Emirates, and by registered letters, at least twenty-one days prior to the scheduled date for the Meeting. The invitation must include the Meeting's agenda and a copy of the invitation notices shall be sent to the competent ministry and authority.

Article 38

The founders shall establish the agenda of the Constituent General Meeting and the Board of Directors shall establish the agenda of the Ordinary and Extraordinary General Meeting of Shareholders. In the cases where a General Meeting of Shareholders may be convened upon the request of the shareholders, the auditors, or the Ministry of Economy and Planning, the Meeting's agenda shall be established by the party that requested convening the Meeting.

Article 39

The shareholders who wish to attend the Ordinary and Extraordinary General Meetings of Shareholders shall enter their names in the computer register that the Company's management will set up at the location of the Meeting at a sufficient time prior to convening the Meeting. The register must include the name of the shareholder or his proxy, the number of shares that he owns and the number of shares that he represents as well as the names of their owners. Furthermore, the proxy certificate must be submitted. The shareholder or the proxy shall be given an attendance card for the Meeting wherein the number of votes said shareholder has originally or by proxy. The said register will have a printed summary indicating the number of shares represented in the Meeting as well as the percentage of those in attendance, and this information will be included in the minutes of the General Meeting of Shareholders after it is signed by the Meeting's rapporteur and chairman, as well as by the Company's auditor.

b. The registration for attending the Ordinary and Extraordinary General Meetings of Shareholders will be closed after forty-five (45) minutes from the time established in the Meeting's invitation notice. Then the Meeting's chairman will declare whether that Meeting's quorum is met or not. The registration of any shareholder of proxy thereof may not be afterward accepted for attending that Meeting, and their vote or opinion may not be taken into account in regard to the matters that are discussed during the said Meeting.

Article 40

The Company's Shares Register may be closed according to the assessment of the Board of Directors starting on the date the invitation for convening the General Meeting of Shareholders is announced and until the adjournment of the said Meeting (or for a lesser period), provided that in the cases where the Company's shares are listed in a stock exchange in the United Arab Emirates, the closure must take place in accordance with the rules and regulations of the said exchange.

Aabar 0079

Article 41

The quorum that must be met in order to duly convene the General Meeting of Shareholders in its different capacities, and the necessary majority for making decisions, are governed by the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof.

Article 42

The General Meeting of Shareholders shall be chaired by the Board Chairman, and in case the said Chairman is absent the Board's Vice Chairman or a Board member that the Board of Directors will appoint therefor will chair the Meeting.  The Chairman shall appoint a Meeting's rapporteur and controllers for counting the votes, although the General Meeting of Shareholders must approve their appointment.

The Company shall record the minutes of the General Meeting of Shareholders and establish the attendance in ledgers that are kept for that purpose, and these shall be signed by the Meeting's chairman, the Meeting's rapporteur, and by the vote counters and auditors.   The signatories to the Meetings' minutes shall be liable for the accuracy of the statements contained therein.

Article 43

Voting at the General Meeting of Shareholders shall take place according to the method established by the Meeting's chairman, unless the General Meeting of Shareholders has resolved another voting method.  In addition, the vote must be by secret ballot if it pertains to selecting, dismissing or calling to account Board members.

Article 44

The founders shall convene, within thirty days from the date the subscription to the Company's shares is closed, the shareholders to a Constituent General Meeting at the place and time established in the invitation notice in order to discuss all setup procedures, to establish their validity and their compliance with the law, to appoint auditors and establish their fees, and to state definitely the creation of the Company.

Article 45

The Board of Directors may convene the Ordinary General Meeting of Shareholders anytime it believes there is a reason therefor, and at the time and place it establishes.  And the Meeting will convene at least once a year following the invitation of the Board of Directors within four months following the end of the fiscal year, at the place and time established in the Meeting's invitation notice.

The annual General Meeting of Shareholder shall convene in order to discuss and examine the Board of Directors' report on the Company's activity and financial position during the year, receive and review the auditor's report, certify the fiscal year's budget and income statement, approve the dividend distribution rules, elect the Board of Directors' members whenever necessary, appoint the auditors and determine their fees, release the Board members and auditors from any liability or hold them liable as the case may be.

Aabar 0080

Article 46

The Board of Directors shall convene the Ordinary General Meeting of Shareholders whenever the auditor or at least ten shareholders who own at least 30% of the capital, request it, and in both cases the invitation must be addressed within fifteen days from the submission of the request.

Article 47

The Extraordinary General Meeting of Shareholders shall convene following an invitation by the Board of Directors at the time and space it establishes.  Likewise, the Board of Directors must convene the Meeting if shareholders owning at least 40% of the Company's capital ask it to do so.  In that case, the Board must address the invitation to the Meeting within fifteen days from the submission of the request.

Article 48

In compliance with the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, and except in cases where the shareholders' obligations become greater and require the approval of all shareholders, or the amendment of the basic objective of the Company, or the transfer of the Company's head office to a foreign country, the Extraordinary General Meeting of Shareholders may amend the Company's Bylaws if the provisions thereof, including the increase or decrease of the capital, lengthening or shortening the duration of the Company, merging the Company with another one or winding it up, or selling the project that the Company has carried out or assigning it in any other manner, provided that the amendment is detailed in the invitation notice.

Article 49

In compliance with the provisions of Article 129 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, the General Meeting of Shareholders may not discuss matters that are not included in the agenda enclosed with the invitation notice.  Nevertheless, the General Meeting of Shareholders may discuss critical issues that come up during the said Meeting.

Article 50

The resolutions of the General Meeting of Shareholders that are passed in accordance with the provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, as well as these Bylaws, shall be binding on all shareholders, including those who did not attend and those with dissenting opinions.

Aabar 0081

Sixth Section

Auditor

Article 51

The Company shall have one or more auditors appointed by the General Meeting of Shareholders for one year term which is renewable, and said General Meeting of Shareholders shall determine the auditor's fees.  Said auditor shall examine the account statements of the fiscal year for which he was appointed.

Article 52

The auditor shall have the powers and duties set forth in Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof.  Most notably, the auditor is entitled to examine at any time all of the Company's ledgers, registers, documents and other records, and he may request clarifications that he deems necessary in order to carry out his duties.  He shall also verify the Company's assets and liabilities, and if he is unable to exercise said powers, he shall mention that in a written report submitted to the Board of Directors.  If the Board does not make it possible for the auditor to carry out his duties, the auditor must then send a copy of the report to the Ministry of Economy and Planning and to the competent authority, and must submit it to the General Meeting of Shareholders.

Article 53

The auditor shall submit to the Ordinary General Meeting of Shareholders a report which shall contain the information set forth in Article 150 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, and he shall attend the General Meeting of Shareholders and state his opinion during the said Meeting in respect of his work, and in particular the Company's balance sheet. Further, the auditor shall be liable for the accuracy of the information contained in his report in his capacity as the representative of all shareholders, and every shareholder, during the General Meeting of Shareholders, may discuss the auditor's report and ask the auditor to explain the contents thereof.

The auditor may receive all other notifications and communications pertaining to any General Meeting of Shareholders that every shareholder is entitled to receive.

Seventh Section

Company's Finances

Article 54

The Board of Directors shall duly maintain the financial statements in order to provide a valid and fair picture of the Company's financial position and to explain its transactions.  These statements shall be kept in accordance with the generally accepted accounting principles that are used worldwide.  A Company shareholder many not examine the said financial statements except by authorization therefor given by the Board of Directors.

Aabar 0082

The Company's fiscal year shall commence on January 1 and end on December 31 of each year, except the Company's first fiscal year, which shall commence on the date of its entry in the Commercial Register and end on December 31, 2005.

Article 55

The Board of Directors must draw up for each fiscal year at least one month prior to the Ordinary General Meeting of Shareholders the Company's balance sheet and income statement.  Likewise, the Board must draw up a report on the activity of the Company during the fiscal year and on its financial position at the end of the same fiscal year, as well as on the method it recommends for the distribution of net income.  A copy of the balance sheet, of the income statement, and of the Board of Directors' report shall be sent to the shareholders in accordance with the agenda of the annual Ordinary General Meeting of Shareholders.

Article 56

The Board of Directors shall withhold from the annual gross income a percentage that it will determine for the depreciation of the Company's assets or to compensate for their decreased value.  These funds will be used in accordance with a resolution by the Board of Directors, and they may not be distributed to the shareholders.

Article 57

The Company's annual net income shall be distributed after deducting all general expenses and other costs as follows:

1. A 10% is withheld and earmarked for the legal reserve account.  The withholding will stop when the overall reserve reaches 50% of the Company's paid-in capital.  If there is a shortage in the reserve, then the withholding will resume.

2. The remaining net income or a portion thereof will afterward be distributed to the shareholders as an additional share of profits, will be carried forward to the next year, or will be earmarked for setting up an extraordinary reserve fund, according to what is resolved by the Board of Directors.

Article 58

 The reserve funds shall be used in line with a decision by the Board of Directors and in ways that realize the interests of the Company.  The legal reserve may not be distributed to the shareholders, but the amount thereof that is greater than half of the paid-in capital may be used in order to ensure the distribution of profits to the shareholders during the years that do not allow the distribution of profits, in accordance with what is resolved by the Board of Directors and in ways that do not conflict with the provisions of these Bylaws.  Likewise, the reserve may not be used for purposes other than those for which it is earmarked except by decision of the Ordinary General Meeting of Shareholders.

Article 59

Without prejudice to the provisions of Article 194 of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof, the shares of profits shall be paid to the shareholders at the time and place resolved by the Board of Directors pursuant to the decisions of the General Meeting of Shareholders.

Aabar 0083

Eighth Section

Disputes

Article 60

Any decision passed by the General Meeting of Shareholders shall not result in a civil liability nonsuit concerning the members of the Board of Directors due to the errors they made during the exercise of their powers.  If the action that entails liability is submitted to the General Meeting of Shareholders by means of a report from the Board of Directors or the auditor, and if the said Meeting endorsed it, the liability lawsuit will be dismissed after a year is passed from the date the said Meeting convened.  Nevertheless, if the action attributed to the Board members is a criminal offense, the liability lawsuit will not be dismissed unless the public lawsuit is dismissed.

Article 61

The Company, within the scope of its assets, shall be liable for indemnifying any Board of Directors' member and any Company manager for any liability they incur (except for criminal liability) as a result of, or in connection with, carrying out their duties, provided that these persons did that in good faith and by reasonably believing that what they did was for the interest of, or at least did not conflict with, the Company's interests.  It should be noted that said persons do not merit any compensation for any claim or matter in which their liability to the Company was established pursuant to a ruling delivered by a competent court.

The Company shall pay and shall be liable for compensating for all expenses, fees, and costs incurred by the said persons and that pertain to any claim, lawsuit, judicial proceedings and the like, in which it was established they are involved.  And they will be entitled to a compensation therefor in accordance to what was stated above (including, without limitation, those that derive from criminal lawsuits in which they are acquitted or which where the charges are dismissed).

Ninth Section

Dissolving and Winding up the Company

Article 62

The Company shall be wound up for the following reasons:

1. The end of the Company's established duration if it is not renewed in accordance with the rules set forth in these Bylaws;
2. The end of the objective for which the Company was founded;
3. A decision is passed by the Extraordinary General Meeting of Shareholders ending the Company's duration;
4. The merger of the Company with another one.

Aabar 0084

Article 63

If the Company's losses reach at least half of the capital, the Board of Directors must convene an Extraordinary General Meeting of Shareholders in order to examine whether the Company should continue or be wound up.  A decision to wind up the Company prior to the period set forth in Article 4 of these Bylaws shall not be valid unless it is passed by the necessary majority shareholders set out in Article 141 of the Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof.

Article 64

At the end of the Company's duration or when it is wound up prior to the established term, the General Meeting of Shareholders shall establish, following the request of the Board of Directors, the winding-up method, and shall appoint a receiver or more whose powers it shall determine. The Board of Directors' mandate shall end with the appointment of the receivers, although the authority of the General Meeting of Shareholders shall remain throughout the term of the winding-up until the receivers are released from their obligations.

Tenth Section

Final Provisions

Article 65

The provisions of Federal Law No. 8/1984 on Commercial Companies and the amending laws thereof shall apply unless specific provisions of the Articles of Association or of these Bylaws state otherwise.

Article 66

The expenses and fees disbursed for the establishment of the Company shall be deducted from the general expenses account.

Article 67

These Bylaws shall be filed and published in accordance with the law.

Article 68

Unless the context otherwise requires, the validity of any article of these Bylaws shall not be deemed determined or limited by reference to, or inference from, any other article.  In case any article or part thereof is deemed unlawful or invalid, this shall not invalidate the other articles.

Aabar 0085